## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC and AVADEL PHARMACEUTICALS PLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. |
| v. | ) ) | |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| Defendants. | ) | |

### MOTION FOR LEAVE TO FILE COMPLAINT AND EXHIBITS UNDER SEAL

Plaintiffs Avadel CNS Pharmaceuticals, LLC and Avadel Pharmaceuticals plc (collectively, "Avadel") move for an order pursuant to Federal Rule of Civil Procedure 5.2 and D. Del. LR 5.1(a), granting leave to file Avadel's Complaint and accompanying exhibits under seal. Avadel respectfully seeks to file its Complaint and exhibits under seal to protect its confidential business information, including its trade secrets and information relating to certain confidential business discussions between the parties. The grounds for this motion are as follows:

1.  Avadel asserts claims against Defendants Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited (collectively, "Jazz") for misappropriation of trade secrets, breach of contract, and correction of inventorship of certain patents for which Jazz claims ownership. This action relates to already-pending cases in this District,[1] and the claims arise out of Jazz's continuing efforts to keep Avadel's revolutionary *once*-nightly formulation of sodium oxybate ("FT218") for the treatment of excessive daytime sleepiness ("EDS") and cataplexy in adults with narcolepsy off the market. In support of Avadel's claims, the Complaint discloses details of confidential discussions between Avadel and Jazz, which were conducted under the

---

[1] *See* Civil Action Nos. 21-691-MN, 21-1138-MN, and 21-1594-MN (the "Related Litigation").

1

provisions of confidentiality agreements, which are also referred to in the Complaint as confidential disclosure agreements or "CDAs."

2. In addition, the Complaint and exhibits contain confidential information belonging to Jazz, including references to Jazz's confidential business documents concerning research and development of Jazz's sodium oxybate products, and such documents were produced pursuant to a Protective Order entered in the Related Litigation. *See* 21-691-MN, D.I. Nos. 42, 74, 96.

3. Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007). Moreover, it is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Id.*

4. With these principles in mind, Avadel requests that the Court grant its motion for leave to file its Complaint and accompanying exhibits under seal. The information and

provisions of confidentiality agreements, which are also referred to in the Complaint as confidential disclosure agreements or "CDAs."

2. In addition, the Complaint and exhibits contain confidential information belonging to Jazz, including references to Jazz's confidential business documents concerning research and development of Jazz's sodium oxybate products, and such documents were produced pursuant to a Protective Order entered in the Related Litigation. *See* 21-691-MN, D.I. Nos. 42, 74, 96.

3. Although the public has a "common law right of access to judicial proceedings and records," this right "is not absolute." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988). Courts may use their "inherent supervisory power . . . [to] deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Id.* at 678; *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."). The "presumption of access must be balanced against the factors militating against access," with the party seeking to redact bearing the burden of "show[ing] that the interest in secrecy outweighs the presumption." *In re Cendent Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Courts generally protect materials the disclosure of which may, as here, "harm . . . a litigant's standing in the marketplace." *Mars, Inc. v. JCM Am. Corp.*, 2007 WL 496816, at *2 (D.N.J. Feb. 13, 2007). Moreover, it is well-established that parties have a "legitimate private interest in keeping confidential the terms of a confidential business agreement not otherwise available to the public." *Id.*

4. With these principles in mind, Avadel requests that the Court grant its motion for leave to file its Complaint and accompanying exhibits under seal. The information and

documents in question refer to discussions between the parties pursuant to the CDAs. The CDAs contain confidentiality provisions that provide that such discussions are confidential and should be treated as such. Likewise, the Complaint and exhibits contain highly-sensitive business information, and refer to documents produced under a protective order, which if disclosed, would harm the parties' competitive standing in the market. Avadel therefore believes that good cause exists to file the Complaint and exhibits under seal.

5. In accordance with D. Del. LR 5.1.3, Avadel will file a public version of the Complaint, with the confidential information redacted, within seven days.

For these reasons, Avadel respectfully requests that the Court enter an order in the form attached to this Motion.

| | |
|---|---|
| Dated: April 14, 2022 | McCARTER & ENGLISH, LLP |
| *Of Counsel*: | /s/ *Daniel M. Silver* |
| | Daniel M. Silver (#4758) |
| Kenneth G. Schuler | Alexandra M. Joyce (#6423) |
| Marc N. Zubick | Renaissance Centre |
| Alex Grabowski | 405 N. King Street, 8th Floor |
| Sarah W. Wang | Wilmington, Delaware 19801 |
| LATHAM & WATKINS LLP | (302) 984-6300 |
| 330 North Wabash Avenue, Suite 2800 | dsilver@mccarter.com |
| Chicago, IL 60611 | ajoyce@mccarter.com |
| (312) 876-7700 | |
| kenneth.schuler@lw.com | *Counsel for Plaintiffs Avadel CNS* |
| marc.zubick@lw.com | *Pharmaceuticals, LLC and Avadel* |
| alex.grabowski@lw.com | *Pharmaceuticals PLC* |
| sarah.wang@lw.com | |

Herman Yue
Bornali Rashmi Borah
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com
Rashmi.Borah@lw.com

Yi Ning
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 470-2153
Sunnie.ning@lw.com

Daralyn J. Durie
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
(415) 365-6666
ddurie@durietangri.com

Kira A. Davis
Katherine E. McNutt
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
(213) 992-4499
kdavis@durietangri.com
kmcnutt@durietangri.com