IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS LLC and AVADEL PHARMACEUTICALS PLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 22-487 (GBW) ) |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) ) ) |
| Defendants. | ) |

**OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF POST-TRIAL MOTIONS AND APPEAL (IF ANY) OF THE JURY'S VERDICT IN C.A. NO. 21-691-GBW**

OF COUNSEL:

F. Dominic Cerrito
Gabriel P. Brier
Frank C. Calvosa
Geoffrey A. Kirsner
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Joseph M. Paunovich
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

March 19, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendants*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

**TABLE OF CONTENTS**

I. Introduction ........................................................................................................................... 1

II. Background ........................................................................................................................... 2

III. Argument .............................................................................................................................. 3

    1. Granting A Stay Will Greatly Simplify The Issues For Trial ................................. 3

    2. Discovery Has Not Progressed Beyond What Has Occurred In The Patent Case And Trial In This Action Would Not Be Held For At Least Another Twenty-One Months ..................................................................................................................... 7

    3. A Stay Would Not Unduly Prejudice Avadel .......................................................... 8

IV. Conclusion ............................................................................................................................ 9

## TABLE OF AUTHORITIES

**Page**

### Cases

*Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*,
  No. 15-1168-LPS, 2021 WL 616992 (D. Del. Feb. 17, 2021) ................................................. 3

*Amsted Rail Co. v. Hum Indus. Tech.*,
  No. 22-445, 2023 WL 2864553 (E.D. Mo. Apr. 10, 2023) ..................................................... 3

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
  No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015) ............................................. 7

*Clearly Clean Products, LLC v. Tekni-Plex, Inc. d/b/a Dolco Packaging Corp.*,
  No. 20-4723, D.I. 44 (E.D.P.A. Feb. 16, 2022) ...................................................................... 3

*Cost Bros., Inc. v. Travelers Indem. Co.*,
  760 F.2d 58 (3d Cir. 1985) ..................................................................................................... 3

*Eagle Pharms., Inc. v. Eli Lilly & Co.*,
  No. 18-1121-MSG, 2018 WL 6201704 (D. Del. Nov. 27, 2018) ........................................ 6, 7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) .......................................... 3, 7

*PopSockets LLC v. Quest USA Corp.*,
  No. 17-3653, 2018 WL 4660374 (E.D.N.Y. Sept. 28, 2018) .................................................. 4

*In re Twitter, Inc. S'holder Derivative Litig.*,
  No. 18-62-VAC-MPT, 2018 WL 3536085 (D. Del. July 23, 2018) ....................................... 6

Defendants Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited ("Jazz") respectfully request that the Court stay this action pending resolution of the post-trial motions and appeal, if any, in C.A. No. 21-691-GBW.  A stay is warranted in view of the jury's findings that Plaintiffs Avadel CNS Pharmaceuticals LLC and Avadel Pharmaceuticals PLC ("Avadel"): (1) failed to prove that U.S. Patent Nos. 10,758,488 ("the '488 patent") and 11,147,782 ("the '782 patent") lack written description or enablement; (2) failed to prove that the '488 patent is invalid for improper inventorship or derivation; and (3) failed to prove that the '782 patent is invalid for improper inventorship.

## I.  INTRODUCTION

The stay should be granted.[1]  ***First***, the jury's verdict, if not overturned, greatly simplifies, if not completely eliminates, Avadel's claims here.  Avadel's Complaint is replete with allegations that were resolved by the jury's verdict.  In fact, Avadel has itself conceded that the jury considered evidence that overlaps with the allegations in Avadel's Complaint.

***Second***, Avadel cannot point to any progress of discovery as a reason for denying a stay.  Instead, no discovery (independent of the patent case) has been completed in this action.

***Third***, Avadel cannot credibly claim prejudice.  In fact, Avadel initially ***agreed*** to the stay.  It was only after Jazz informed Avadel that it would seek to stay separate antitrust proceedings that Avadel changed its tune, stating that it would only agree to stay this action if Jazz agrees to forgo its independent, lawful right to request that the antitrust case be stayed— what Avadel's counsel called on the meet and confer, "a horse-trade."  Avadel's motivation for opposing Jazz's request—attempting to gain leverage in a separate case—is improper.

---

[1]  For the avoidance of doubt, the only relief Jazz seeks in the present motion is to stay the case pending final resolution of the jury's verdict regarding the patents' validity.

## II.    BACKGROUND

On March 4, 2024, the jury in the patent case, C.A. No. 21-691-GBW, reached a unanimous verdict that Avadel: (1) failed to prove that the '488 and '782 patents lack written description or enablement, (2) failed to prove that the '488 patent is invalid for improper inventorship or derivation; and (3) failed to prove that the '782 patent is invalid for improper inventorship. Ex. 1. Jazz's applications for these patents, as well as for four related patents, form the basis for Avadel's Complaint in this action. *See generally* D.I. 2.

On March 8, 2024, Jazz informed Avadel that it would request a stay of this action pending resolution of the parties' motions for judgment as a matter of law and appeal, if any, in C.A No. 21-691 in view of the jury's findings. *See* Ex. 2 at 2-3. Later that day, Jazz provided Avadel with a draft joint post-trial status report reflecting its requested stay. On March 11, 2024, Avadel stated that "Avadel disagrees with Jazz's interpretation of the implication of the jury verdict on C.A. No. 22-487-GBW, but ***is amenable to staying*** C.A. No. 22-487-GBW and will confer with Jazz regarding the conditions of such a stay." Ex. 3 at 6, n.3 (emphasis added).

The parties exchanged several rounds of additional edits to the report prior to filing, but their positions regarding staying this action remained unchanged. However, on March 12, 2024, the parties met and conferred regarding Jazz's request to stay proceedings in a separate action regarding Avadel's antitrust counterclaims, which Avadel indicated it would oppose. The next day, Avadel revised its position regarding staying this action, stating that it was now "***potentially*** amenable to staying No. 22-487-GBW under appropriate circumstances, and will confer with Jazz regarding such issues." Ex. 4 at 11, n.4 (emphasis added).

On March 14, contrary to its prior agreement that this action should be stayed, Avadel claimed it now "disagrees that the jury verdict in Civ. No. 21-691 compels or warrants a stay of either litigation, but . . . Avadel is willing to agree to a stay in [this action] Civ. No. 22-487

pending resolution of the above mentioned issues in Civ. No. 21-691 ***if Jazz agrees to withdraw its request for a stay in the antitrust litigation, Civ. No. 22-941***." Ex. 2 at 1-2 (emphasis added). Jazz explained that it was improper for Avadel to condition a stay on Jazz's agreement to forgo staying the separate antitrust action. *Id.* at 1. On March 18, 2024, the parties met and conferred but were unable to reach agreement.

### III. ARGUMENT

Staying an action "is a matter of the court's inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). "Courts typically rely on three factors in determining whether a stay is appropriate: (1) whether a stay will simplify the issues for trial, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, No. 15-1168-LPS, 2021 WL 616992, at *2 (D. Del. Feb. 17, 2021).

#### 1. Granting A Stay Will Greatly Simplify The Issues For Trial

"The most important factor bearing on whether to grant a stay is whether the stay is likely to simplify the issues at trial." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *8 (D. Del. Aug. 21, 2019). Courts routinely stay trade secret claims when resolution of patent claims with factually overlapping subject matter will simplify the issues for trial. Ex. 5 (*Clearly Clean Products, LLC v. Tekni-Plex, Inc. d/b/a Dolco Packaging Corp.*, No. 20-4723, D.I. 44 (E.D.P.A. Feb. 16, 2022)) at 2, n.1 (granting motion to stay patent, trade secret, and contractually-based claims because "th[e] patents play an integral role in the underlying transaction which forms the basis for the instant lawsuit"); *Amsted Rail Co. v. Hum Indus. Tech.*, No. 22-00445, 2023 WL 2864553, at *4 (E.D. Mo. Apr. 10, 2023) ("Faced with such factually overlapping patent and non-patent claims, federal courts have frequently

concluded that considerations of judicial efficiency and the orderly course of justice favor a complete stay."); *PopSockets LLC v. Quest USA Corp.*, No. 17-3653, 2018 WL 4660374, at *2 (E.D.N.Y. Sept. 28, 2018) (affirming magistrate judge stay of patent and trade secrets claims because "[t]hough the patent and non-patent claims are legally unrelated, the underlying factual disputes are intertwined").

The cases above involved patent claims that were not yet decided. Here, the reason for granting a stay is even more compelling; the patent claims have already been decided, in Jazz's favor, and granting a stay will greatly simplify, if not completely eliminate, issues in this case.

Avadel's Complaint—which includes claims for correction of inventorship, trade secrets misappropriation, and breach of contract—is replete with allegations that were already resolved by the jury's verdict in the patent case. For example, Avadel alleges that the claims of the '488 and '782 patents were not drafted "based . . . on any commensurate disclosure of [their] underlying application[s]." D.I. 2 at ¶¶ 109, 122. However, the jury in the patent case found that Avadel failed to prove the patents were "invalid for lack of sufficient written description . . . [or] for lack of enablement." Ex. 1 at 4, 5, 8, 9. And with respect to "Correction of Inventorship" (D.I. 2 at ¶¶ 181-188, 221-228), the jury found that neither the '488 patent nor the '782 patent were "invalid for failure to name the correct inventors." Ex. 1 at 6, 10.

Notably, much of the evidence Avadel cites for its allegations here overlaps with evidence that Avadel already presented to the jury in the patent case. For example, Avadel alleges that Jazz "embark[ed] on a strategy of copying Avadel's patent applications, and filing claims covering Avadel's once-nightly sodium oxybate product in hopes of illicitly and illegitimately preventing FT218 from ever reaching market." D.I. 2 at ¶ 94. In fact, Avadel has argued in this action that:

> [T]he evidence of record shows that the Avadel-related inventors truly invented the subject matter of the Asserted Claims, and Jazz brazenly copied that subject matter from Avadel's published patent applications such that the Asserted Claims are invalid. . . . Two inventors—Herve Guillard and Claire Mégret—will testify to such issues. With regard to the Resinate Patents (U.S. Patent Nos. 11,077,079, and 11,147,782), Avadel has alleged a variety of facts including "Jazz's prior failures to develop once-nightly dosing, its eagerness to meet with Avadel and explore a possible collaboration, allegations surrounding Jazz's internal use of Avadel's confidential information, the timing of Jazz's distancing itself from Avadel, and Jazz's filing of the '899 Applications which matured into the '782 patent" that collectively make "Avadel's correction-of-inventorship claim as to the '782 patent [] plausible."

D.I. 52 at 1-2. But Avadel tried—and failed—to show at the patent trial "that Jazz copied [Avadel's] claims," and that Jazz's patent claims were invalid as a result. Ex. 6 at 34:7-8. In its attempt, Avadel had Drs. Guillard and Mégret testify at the patent trial regarding their alleged inventorship of Jazz's claims, but the jury found their testimony unpersuasive. *See* Ex. 1 at 6, 10. Avadel also alleges that Jazz "misused the confidential information from the 2010 Micropump® Deck by including that information in" Jazz's patent applications and "forwarding the confidential slide deck to multiple people." D.I. 2 at ¶¶ 87, 162. But Avadel's counsel already questioned the inventor of the '488 and '782 patents on this issue, soliciting testimony for the jury that he "had [the 2010 Micropump® Deck] in [his] possession at least as of June 2010" and "forwarded [it] to one of [his] colleagues in 2015." Ex. 7 at 180:11-19.

During the patent trial, over Jazz's objection briefed the weekend before trial began, Avadel was permitted to advance evidence and arguments that "repeated paragraphs of [Avadel's] trade secret ('TS') Complaint word-for-word." Ex. 8 at 1 (comparing Ex. 9 *with* D.I. 2 at ¶¶ 7, 25-26, 30-31, 33, 38, 39, 42-46, 49-54, 58-63, 104). Avadel argued that it should be permitted to do so because the evidence supporting its trade secrets allegations constituted "overlapping proof" of Avadel's patent defenses. Ex. 10 at 1. The Court sided with Avadel, and

many of the exhibits to Avadel's Complaint in this action were moved into evidence at the patent trial: DTX-236 (exhibit 2 to Avadel's Complaint), DTX-1361 (exhibit 7 to Avadel's Complaint), DTX-250 (substantively identical to exhibits 28 and 30 to Avadel's Complaint), PTX-0087 (substantively identical to exhibit 35 to Avadel's Complaint), and DTX-1518 (portions attached as exhibits 37 and 38 to Avadel's Complaint).  Thus, the jury heard Avadel's "overlapping" evidence and still unanimously found in favor of Jazz with respect to issues raised in Avadel's Complaint.  Accordingly, the issues in this case will indisputably be reduced, if not eliminated completely, with an affirmance of the jury's verdict.

Moreover, "resolving the patent action before the [present] action makes sense" because it will also "avoid possible inconsistent results by different fact-finders."  *Eagle Pharms., Inc. v. Eli Lilly & Co.*, No. 18-1121-MSG, 2018 WL 6201704, at *3 (D. Del. Nov. 27, 2018); *see also In re Twitter, Inc. S'holder Derivative Litig.*, No. 18-62-VAC-MPT, 2018 WL 3536085, at *3 (D. Del. July 23, 2018), *report and recommendation adopted,* 2018 WL 4326986 (D. Del. Sept. 10, 2018) (granting stay where "[t]he core allegations of these two actions are substantially similar" and thus "the risk of inconsistent decisions . . . is significant").  Avadel cannot credibly dispute that there is material overlap between the issues decided by the patent jury and the issues in this case.  *Compare* D.I. 2 at ¶ 183 ("The '488 patent does not have written description support in its specification for any of its claims . . . .") *with* Ex. 1 at 4 (jury finding that Avadel failed to prove that the asserted claims of the '488 patent are "invalid for lack of sufficient written description"); *compare* D.I. 2 at ¶ 188 ("One or more of the Avadel Inventors are inventors of the '488 patent.") *with* Ex. 1 at 6 (jury finding that Avadel failed to prove that the '488 patent "is invalid for failure to name the correct inventors"); *compare* D.I. 2 at ¶ 228 ("One or more of the Avadel Inventors are inventors of the '782 patent.") *with* Ex. 1 at 10 (jury finding

that Avadel failed to prove that the '782 patent "is invalid for failure to name the correct inventors"). Thus, resolving the issues in the patent case will avoid the risk of inconsistent results if they were also to proceed in this action.

In sum, staying this action "will avoid potential waste" of judicial and party resources because, as demonstrated above, Avadel's claims will be "narrowed or mooted by the resolution of the patent infringement action" if the jury verdict is affirmed. *Eagle Pharms.*, 2018 WL 6201704, at *3.

### 2. Discovery Has Not Progressed Beyond What Has Occurred In The Patent Case And Trial In This Action Would Not Be Held For At Least Another Twenty-One Months

Courts in this district often grant stays where the case is early in discovery, and the bulk of discovery remains to be done. *See IOENGINE*, 2019 WL 3943058, at *5 (granting stay where "the most burdensome stages of the cases—completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future"); *CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting stay where "few depositions have been taken and expert discovery has not yet begun").

The stage of this case favors a stay. In fact, this case has effectively been stayed since its inception. Avadel filed its Complaint on April 14, 2022. D.I. 2. Jazz then filed a Rule 12(c) motion, which was fully briefed by August 2022. D.I. 30. While pending, no discovery independent of the patent case advanced. Then, on January 5, 2023, the parties entered a proposed schedule. D.I. 43 at 12. Four months later, the parties proposed (and the Court ordered) that the proposed schedule "not be entered" and, instead, the parties would "submit a Proposed Scheduling Order within 14 days of the Court issuing its decision on Jazz's Rule 12(c) motion." D.I. 47. Following the Court's July 18, 2023 decision, Avadel sought (and the Court

denied) consolidation of this action with the patent case. D.I. 52, 68. On November 17, 2023, the parties entered a revised proposed schedule with a trial date of "September 2025." D.I. 70 at 14. On January 23, 2024, Avadel proposed yet another extension, stating:

> Given that the Court has not yet entered the parties' Proposed Scheduling Order (D.I. 70) and there are no court-ordered deadlines to adhere to, and in light of the upcoming patent trial, Avadel proposes extending the schedule by an additional 8 weeks. This additional time will enable the parties to facilitate timely resolution of document-production issues before fact witness depositions take place, and will result in a short pause in discovery correspondence, meet-and-confers, and any discovery-related filings as the parties focus on the upcoming patent trial.

Accordingly, the parties yet again entered a revised proposed schedule. D.I. 84 at 2. While the Court instructed the parties to insert a December 15, 2025 trial date, it has not entered the parties' latest proposal.

Neither side has yet to produce any documents unique to this case, and no depositions have been scheduled, let alone taken. Thus, to the extent Avadel argues that the issues are different in this case, compared to the patent case, it cannot credibly argue that discovery has progressed at all.

### 3. A Stay Would Not Unduly Prejudice Avadel

Avadel would suffer no prejudice should this action be stayed. In fact, Avadel could not articulate any specific prejudice from a stay on the meet and confer other than referring generally to the Complaint, which just vaguely states that Avadel has suffered harm. To date, Avadel has not substantively challenged that the jury's verdict simplifies the issues in this case. Instead, the only justification Avadel has provided for refusing to agree to the stay is because Jazz will not withdraw its request to stay the antitrust action. Avadel should not be rewarded for attempting to "horse-trade" and gain tactical leverage in a separate dispute by recanting on the parties' prior agreement to stay this case.

## IV.  CONCLUSION

For the foregoing reasons, Jazz respectfully requests that the Court stay this matter pending resolution of the post-trial motions and appeal, if any, of the jury's verdict in C.A. No. 21-691-GBW.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ Jeremy A. Tigan* |
| F. Dominic Cerrito<br>Gabriel P. Brier<br>Frank C. Calvosa<br>Geoffrey A. Kirsner<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000 | Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Defendants*<br>*Jazz Pharmaceuticals, Inc. and*<br>*Jazz Pharmaceuticals Ireland Limited* |
| Joseph M. Paunovich<br>QUINN EMANUEL URQUHART<br>  & SULLIVAN, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000 | |

March 19, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 19, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Sarah W. Wang, Esquire<br>Russell Mangas, Esquire<br>Jaime Zucker, Esquire<br>Laryssa M. Bedley, Esquire<br>Matthew W. Walch, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>Ramya Vallabhaneni, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

- 2 -

| | |
|---|---|
| Audra Sawyer, Esquire<br>Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Eric P. Berger, Esquire<br>Rebecca E. Weires, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Sreet<br>San Francisco, CA  94105<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Katherine E. McNutt, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd.<br>Los Angeles, CA  90017<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L. Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)