# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, AND AVADEL PHARMACEUTICALS PLC, | ) ) ) | **REDACTED PUBLIC VERSION FILED APRIL 19, 2024** |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-487-GBW |
| JAZZ PHARMACEUTICALS, INC., AND JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | ██████████████████████ |
| Defendants. | ) ) ) ) ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY
## PENDING RESOLUTION OF THE JURY'S VERDICT IN C.A. NO. 21-691-GBW

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................1

II.  BACKGROUND ................................................................................................2

III.  ARGUMENT ....................................................................................................5

    A.  A Stay May Not Substantially Simplify Issues for Trial .......................................6

    B.  Discovery Is Ongoing and a Trial Date Has Been Set................................8

    C.  A Stay Would Prejudice Avadel, and Avadel's Appropriate Compromise
        Offer Does Not Show a Lack of Prejudice .............................................9

IV.  CONCLUSION..................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Blonder-Tongue Lab'ys., Inc. v. Univ. of Ill. Found.*,
  402 U.S. 313 (1971) ....................................................................................................... 7

*Bos. Sci. Corp. v. Cordis Corp.*,
  777 F. Supp. 2d 783 (D. Del. 2011) .......................................................................... 10

*CAO Lighting, Inc. v. Gen. Elec. Co.*,
  No. 20-681-GBW, 2022 WL 17752270 (D. Del. Dec. 19, 2022) ............................ 11

*Cellectis S.A. v. Precision Biosciences*,
  883 F. Supp. 2d 526 (D. Del. 2012) ........................................................................... 5

*Endo Pharms. Inc. v. Mylan Pharms. Inc.*,
  No. 11-717 (RMB/KW), 2014 WL 334178 (D. Del. Jan. 28, 2014)......................... 7

*Endo Pharms. Inc. v. Mylan Pharms. Inc.*,
  No. 11-717, 2014 WL 2532179 (D. Del. June 2, 2014) ............................................. 7

*FMC Corp. v. Summit Agro USA, LLC*,
  No. 14-51-LPS, 2014 WL 3703629 (D. Del. July 21, 2014) ............................... 6, 10

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
  No. 12-054-GMS-MPT, 2013 WL 663535 (D. Del. Feb. 25, 2013)......................... 9

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054, 2013 WL 1743854 (D. Del.
  Apr. 22, 2013)............................................................................................................. 9

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
  No. 17-14-JFB-SRF, 2018 WL 11189633 (D. Del. Dec. 12, 2018)......................... 6

*Malascalza v. Nat'l R.R. Passenger Corp.*,
  No. 93-474-MMS, 1996 WL 159650 (D. Del. Mar. 12, 1996) ................................. 7

*Malascalza v. Nat'l R.R. Passenger Corp.*, 118 F.3d 1576 (3d Cir. 1997) ................................... 7

*Minerva Surgical, Inc. v. Hologic, Inc.*,
  No. 18-217, 2021 WL 1840645 (D. Del. May 7, 2021) ............................................ 6

*Minerva Surgical, Inc. v. Hologic, Inc.*,
  No. 18-217-JFB-SRF, 2021 WL 2856596 (D. Del. July 8, 2021)............................ 6

ii

*Modoral Brands Inc. v. Swedish Match N.A. LLC*,
  No. 22-8729-SB-MRW, 2022 WL 2188539 (C.D. Cal. Mar. 1, 2022) ....................................... 8

*Regeneron Pharms., Inc. v. Amgen Inc.*,
  No. 22-697-RGA-JLH, 2023 WL 1927544 (D. Del. Feb. 10, 2023) ........................................ 10

*Regeneron Pharms., Inc. v. Amgen Inc.*,
  No. 22-697-RGA, 2023 WL 2587809 (D. Del. Mar. 21, 2023) ............................................... 10

*SenoRx, Inc. v. Hologic, Inc.*,
  No. 12-173-LPS, 2013 WL 144255 (D. Del. Jan. 11, 2013) ................................................... 10

*Softview LLC v. Apple Inc.*,
  No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ................................................. 8

**OTHER AUTHORITIES**

Robert H. Lande & Joshua P. Davis, *Comparative Deterrence from Private Enforcement and
  Criminal Enforcement of the U.S. Antitrust Laws*, 2011 BYU L. REV. 315 (2011) .................. 12

# I.   INTRODUCTION

Following the jury verdict in the patent case, Jazz moved to stay this trade secrets case and filed a second motion to stay Avadel's antitrust case.[1]  D.I. 85, 86; C.A. No. 22-941-GBW, D.I. 80.  In support of both motions, Jazz argued that the jury's verdict in the patent case "greatly simplifies, if not completely eliminates" Avadel's claims.  D.I. 86 at 1; *see also* C.A. No. 22-941-GBW, D.I. 80 at 3.  But nine months ago, Jazz successfully opposed Avadel's motion to consolidate this case with the patent case by insisting that numerous issues of fact and law *unique* to each case made consolidation inappropriate.  Jazz is now taking the opposite position in seeking a stay.  Having prevailed in its consolidation opposition by arguing the two cases did not significantly overlap, Jazz is not free to abandon that prior position to try to seek a strategic advantage now.

However, in the spirit of compromise, and recognizing that the parties have already expended great resources on the various patent litigations brought by Jazz, Avadel attempted to meet Jazz halfway.  ***Twice***, Avadel proposed staying this trade secrets case, while allowing Avadel's antitrust case to proceed on the schedule to which the parties already had agreed.  Jazz refused to compromise, however.

Lest there be any doubt, Avadel disagrees that a stay of this case is warranted.  But Avadel remains willing to stay this case if Jazz will agree that Avadel's antitrust case should proceed, so that the parties can focus their efforts there.  As set forth herein, while the ultimate issues in the patent case and the trade secrets case are different, there is at least some factual overlap.  There is no such overlap with the antitrust case, which concerns Jazz's anti-competitive conduct in

---

[1] For purposes of this brief, "Jazz" means Defendants Jazz Pharmaceuticals, Inc., and Jazz Pharmaceuticals Ireland Limited; and "Avadel" means Plaintiffs Avadel CNS Pharmaceuticals, LLC, and Avadel Pharmaceuticals PLC.

1

connection with its Orange Book-listing of an entirely different patent.  In seeking to stay the antitrust case, Jazz is simply asking the Court to rule prematurely on the merits of an eventual summary judgment motion.  That is not a procedurally or substantively proper basis for requesting a stay.

## II.    BACKGROUND

On July 20, 2023, following the Court's decision denying Jazz's motion to dismiss this trade secrets case, Avadel proposed consolidating this case with Jazz's patent infringement case to promote efficiency and avoid duplication of effort.  Ex. C at 2.  On July 26, 2023, Jazz informed Avadel that it disagreed that the cases should be consolidated.  *Id*. at 1.  However, in early August 2023, Jazz indicated it was re-considering the consolidation of the trade secrets and patent actions.  *See* Ex. D.  On August 14, 2023, Avadel reached out to Jazz again regarding the issue of consolidation.  *Id*. at 1.  The following day, Jazz notified Avadel that it opposed consolidation of the patent and trade secrets cases.  *Id.*  That same day, the parties submitted letters laying out their respective positions.  D.I. 52, 53.  Avadel requested consolidation to allow for a single jury trial resolving all disputes regarding "patent infringement, inventorship, and trade secret misappropriation," and attached a proposed order with a modified case schedule.  D.I. 52 at 1, 2.

Jazz argued that "[c]onsolidation of the trade secrets case and the patent cases at this time will *not* facilitate the administration of justice, but rather, will assist Avadel in its strategic goal of delaying resolution of the disputes[.]"  D.I. 53 at 1 (emphasis in original).  Jazz further asserted that "there are insufficient commonalities of law and fact in these actions to justify consolidation. The law regarding misappropriation of trade secrets and breach of three different contracts is completely divergent from the law concerning patent infringement – ***one has nothing to do with the other***."  *Id*. at 2 (emphasis added).  Regarding inventorship, Jazz argued that "any purported

2

related issue is only on the surface level and given the differences in the allegations, consolidation would only lead to jury confusion." *Id.* at 3.  On November 3, 2023, the Court agreed with Jazz, and denied consolidation because the patent case and trade secrets case "do not share enough common issues of law to justify consolidation[.]"  D.I. 68.

Following the Court's ruling, on November 17, 2023, the parties entered a Proposed Scheduling Order in the instant action, with a request for jury trial to be scheduled in September 2025.  D.I. 70.  On January 23, 2024, Avadel requested a temporary eight-week stay and extended discovery deadlines given that the Court had not yet entered the parties' Proposed Scheduling Order, and in light of the impending February 2024 patent jury trial.  Ex. E at 3-4.  The next day, Jazz agreed to the temporary stay.  *Id.* at 3.  On January 30, 2024, the parties filed an updated Proposed Stipulation and Order to Extend Time, requesting to adjourn the jury trial from September 2025 to December 2025 in light of the eight-week stay and the November 3, 2025 trial date in the antitrust case, C.A. No. 22-941-GBW.  D.I. 83; *see also* Ex. E at 2.

On February 6, 2024, the Court asked the parties to re-file a Proposed Scheduling Order with the dates from the proposed Stipulation and Order to Extend Time, and add a trial date of December 15, 2025.  Three days later, the parties filed an updated Proposed Scheduling Order.  D.I. 84.  Notably—and consistent with its successful effort to avoid consolidation—at no time during the parties' discussions regarding the case schedule did Jazz indicate that the progress of this trade secrets case depended on the outcome of the patent case.  *See* Ex. E.

On March 8, 2024, four days after the jury verdict in the patent case, Jazz informed Avadel that it intended to move to stay the instant action because it claimed that "the jury's verdict, if not overturned, renders Avadel's claims in this matter unviable."  Ex. F at 5.

On March 14, 2024, Avadel explained that while it disagreed on the merits regarding a stay, in an effort to conserve judicial and party resources, and in light of the ongoing antitrust litigation between the parties in C.A. No. 22-941, Avadel was "willing to agree to a stay . . . *if* Jazz agree[d] to withdraw its request for a stay in the antitrust litigation, Civ. No. 22-941."[2]   *Id.* at 4 (emphasis added).   Jazz promptly rejected the counter-proposal and following the March 18 meet-and-confer, filed the instant motion.   *Id.* at 1; D.I. 85, 86.

On April 1, 2024, the parties stipulated to an extension to enable Avadel additional time to respond to Jazz's motion to stay.   D.I. 87.   On April 3, 2024, Avadel reached out to Jazz, offering a draft stipulation and proposed order regarding a stay of the instant action on the condition that Jazz "agree[s] not to rely on (1) the fact that Plaintiffs entered into this stipulated stay, or (2) the length of time of the stipulated stay, to support or oppose an argument on any contested issue between the parties, including in C.A. No. 22-941-GBW [the antitrust Action]."   Ex. A at 2; Ex. G at 3.   Avadel explained that it would agree to a stay of the instant action "only to the extent it allows the parties to devote resources to advancing the Antitrust Action, and to promote judicial economy, and not on the merits of Jazz's motion to stay," and hoped that the proposed stipulation would "negate the need for further briefing on Jazz's motion to stay."   Ex. G at 3; Ex. A at 2.

Jazz, however, not only rejected that compromise, but has doubled down on its self-help efforts.   Although Jazz previously expressly agreed in the antitrust case that discovery would resume on March 5, 2024 and would conclude by June 20, 2024, *see* C.A. No. 22 -941-GBW, D.I. 78, Jazz is now refusing to proceed with depositions because it filed a stay motion.   Ex. H at 1.

---

[2] Jazz asserts that Avadel changed its position regarding a stay of this case.   That is incorrect. Avadel has consistently explained that it would be willing to stay its trade secrets case in order to allow the antitrust action to proceed expeditiously.   *See* Mot. at 2 ("contrary to its prior agreement that this action should be stayed"); *compare* Mot. Ex. 4 at 11, n.4 *with* Mot. Ex. 3 at 6, n.3.

That is, Jazz is acting as though its requested stay has already been granted.  And in response to Avadel's proposed stipulation in ***this*** case, Jazz made clear its self-help will continue.  On April 5, 2024, Jazz rejected Avadel's proposed stipulation, conditioning any agreed-upon stay on the following addition: "Avadel believes that a stay of this action, but not the Antitrust Action, will allow the parties to devote resources to advancing the Antitrust Action (***should Jazz's motion to stay be denied***), and to promote judicial economy[.]"  Ex. A at 2; Ex. B at 3 (emphasis added). Avadel informed Jazz that Jazz's proposed additions ran counter to the spirit of Avadel's original proposal, because Jazz was indicating that it would refuse to advance the antitrust case until the Court rules on the pending motion to stay.  Ex. A at 1.  Avadel further informed Jazz that it would not accept those additions as a result.  *Id.*  Avadel is thus filing the instant opposition.

## III.   ARGUMENT

Motions to stay invoke the broad discretionary powers of the court.  *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, 532 (D. Del. 2012) (citations omitted).  Courts consider three factors in determining whether a stay is appropriate: (1) whether the stay will simplify the issues for trial; (2) the status of the litigation, including whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage.  *Id.*

Jazz has not shown that these factors warrant a stay here.  Nor can it, given that Jazz successfully argued previously that this case and the patent case were significantly different.  But should the Court be inclined to nevertheless stay one of Avadel's pending cases against Jazz, Avadel respectfully requests that this trade secrets case be stayed while the antitrust case proceeds.

## A.      A Stay May Not Substantially Simplify Issues for Trial

Courts routinely deny stays where there are sufficiently distinct factual and legal issues between two cases, such that final resolution of the issues in one would not substantially simplify the issues in the second.[3] *See FMC Corp. v. Summit Agro USA, LLC*, No. 14-51-LPS, 2014 WL 3703629, at *3 (D. Del. July 21, 2014) (denying stay where "the legal issues at play" "are substantially different"); *Liqwd, Inc. v. L'Oreal USA, Inc.*, No. 17-14-JFB-SRF, 2018 WL 11189633, at *3 (D. Del. Dec. 12, 2018) (concluding "a stay of the present litigation is not likely to substantially simplify the issues for trial"); *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 18-217, 2021 WL 1840645, at *2 (D. Del. May 7, 2021), *aff'd*, No. 18-217-JFB-SRF, 2021 WL 2856596 (D. Del. July 8, 2021) ("A stay will not simplify the issues for trial in this case because the legal issues in the Third Action are substantially different from the legal issues in the Second Action.").

Here, Jazz is estopped from arguing that the factual and legal issues in these two cases are insufficiently distinct.  While Jazz contends that Avadel's trade secrets case has significant overlapping factual and legal issues with the patent case, Jazz previously took the exact *opposite* view.  In successfully opposing Avadel's motion to consolidate the two cases, Jazz argued that the

---

[3] Each of Jazz's cited cases are readily distinguishable, and involve situations where:  (1) the consolidated patent and trade secrets claims were co-mingled as part of a *single* case; or (2) there was a pending *inter partes* review of the patent-in-suit.  *See, e.g.*, *Clearly Clean Products, LLC v. Tekni-Plex, Inc. d/b/a Dolco Packaging Corp.*, No. 20-4723, D.I. 44 at 2, n. 1 (E.D. Pa. Feb. 16, 2022) (granting stay pending *inter partes* review where district court action involved *both* patent and trade secrets claims together); *Amsted Rail Co. v. Hum Indus. Tech.*, No. 22-445, 2023 WL 2864553, at *5 (E.D. Mo. Apr. 10, 2023) (same); *PopSockets LLC v. Quest USA Corp.*, No. 17-3653, 2018 WL 4660374, at *1 (E.D.N.Y. Sept. 28, 2018) (granting stay pending *inter partes* review where district court action involved patent, copyright, Lanham Act, and various state law unfair competition and tort claims ); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *12 (D. Del. Aug. 21, 2019) (granting stay pending *inter partes* review of the patent-in-suit).

"***law and facts surrounding the trade secrets and breach of contract claims in the trade secrets case are wholly different from the patent infringement and validity issues raised in the patent cases*** and will require substantial (and unrelated) discovery, briefing, and argument to litigate each of these claims." *Compare* D.I. 53 (Jazz's Opp. to Consolidation Ltr.) at 2 (emphasis added) *with* D.I. 86 at 4 ("granting a stay will greatly simplify, if not completely eliminate, issues in this case.").[4] The Court agreed with Jazz and denied consolidation of the trade secrets and patent actions, noting that "the patent cases and the trade secrets case ***do not share enough common issues of law*** to justify consolidation under the circumstances." D.I. 68 (emphasis added).

Jazz is now reversing course from its prior position, which, importantly, the Court *agreed with.* Jazz should be judicially estopped from engaging in such gamesmanship. *See Endo Pharms. Inc. v. Mylan Pharms. Inc.*, No. 11-717 (RMB/KW), 2014 WL 334178, at *9 (D. Del. Jan. 28, 2014), *motion for relief from judgment granted*, No. 11-717, 2014 WL 2532179 (D. Del. June 2, 2014) (applying judicial estoppel where party's "current position—that its infringement claims against [defendant] on the [patents] should have remained a part of this case—is directly contradicted by the arguments made before this Court") (internal citations omitted); *see also Malascalza v. Nat'l R.R. Passenger Corp.*, No. 93-474-MMS, 1996 WL 159650, at *5 (D. Del. Mar. 12, 1996), *aff'd*, 118 F.3d 1576 (3d Cir. 1997) ("[A] party who has gained an advantage by characterizing the law or facts involved in a case should not later be able to contradict that characterization to obtain a further advantage.").

---

[4] Jazz's motion does not explicitly argue that Avadel is collaterally estopped from asserting its trade secrets misappropriation, breach of contract, and correction of inventorship claims. For good reason. Any collateral estoppel argument is waived, as Jazz did not specifically plead collateral estoppel as an affirmative defense. *See Blonder-Tongue Lab'ys., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971); D.I. 18 at 84 (asserting the "doctrine of waiver, equitable estoppel, unclean hands, and/or other equitable defenses").

There is ample reason to estop Jazz from seeking a stay of this case.  Jazz obtained a benefit from advancing its prior position that the two cases had distinct issues.  Jazz also fails to explain how distinct legal issues present only in the trade secrets case, such as breach of confidentiality or misuse of Avadel's confidential and proprietary information, could have been decided in the patent trial verdict.  Indeed, Jazz successfully pursued a motion *in limine* precluding Avadel from offering some evidence that was relevant only to trade secret issues.  *See* C.A. No. 21-691-GBW, D.I. 540 at 6-7 (granting Jazz's motion *in limine* "to the extent that Jazz seeks to preclude Avadel from offering evidence or argument that is not relevant to this case on the grounds that it is solely relevant to . . . other litigation between the parties.").  At bottom, Jazz was required to do more than point to *some* overlap between the two cases.  Particularly given Jazz's prior success arguing that there was little overlap, Jazz should not get the benefit of the doubt.  *See Modoral Brands Inc. v. Swedish Match N.A. LLC*, No. 22-8729-SB-MRW, 2022 WL 2188539, at *3 (C.D. Cal. Mar. 1, 2022) (denying defendant's motion for stay of trade secrets claims pending appeal of the Markman order in a related patent case despite common underlying factual issues because the claims were not "so intertwined that proceeding with the trade secrets claims would be nearly impossible" and the court was "faced with multiple trials anyway").

**B.     Discovery Is Ongoing and a Trial Date Has Been Set**

Courts routinely deny motions to stay where the Court has expended time and resources resolving disputes, discovery is progressing, and a trial date has been set.  *See, e.g.*, *Softview LLC v. Apple Inc*., No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (finding that the status of the litigation did not favor a stay, even where the litigation remained at an "early stage," since the parties and the Court had devoted "[s]ubstantial time and resources . . . to scheduling and . . . resol[ving] discovery disputes" and other pending motions); *ImageVision.Net, Inc. v. Internet*

*Payment Exch., Inc.*, No. 12-054-GMS-MPT, 2013 WL 663535, at *3 (D. Del. Feb. 25, 2013), *report and recommendation adopted*, No. 12-054, 2013 WL 1743854 (D. Del. Apr. 22, 2013) (declining to find that status of litigation favors a stay even though "no trial date has been set" given that "discovery is ongoing, a scheduling order has been issued, with cut off dates for discovery, including expert discovery . . . loom[ing] in the near future").

That is precisely the situation here. The Court entertained substantial briefing on Jazz's motion for judgment on the pleadings, held oral argument, and denied the motion by way of a thorough opinion rejecting each of Jazz's various arguments. D.I. 48 at *passim*. Discovery is ongoing and deadlines previously agreed to by the parties are looming. *See ImageVision.Net, Inc*, 2013 WL 663535, at *3. Jazz, however, would have the Court believe the contrary—that the parties have yet to make *any* progress in discovery. *See* Mot. at 7-8. That is wrong. *First*, the parties have agreed to a proposed Scheduling Order with upcoming discovery deadlines, and the Court has set a December 15, 2025 trial date. *See supra* at 3. *Second*, discovery is actively progressing. The parties have exchanged discovery requests, issued third-party subpoenas, and participated in several meet and confers regarding discovery disputes throughout the discovery period. D.I. 55, 60, 63, 64, 66, 71-73, 77, 81, 82, 88; Ex. I; Ex. J. In fact, just days prior to filing this Opposition, Avadel responded to two separate sets of discovery requests from Jazz and the parties are going to be required to substantially complete their document productions on April 19, 2024. D.I. 88. Though the Scheduling Orders have been revised throughout the case at the agreement of both parties, that hardly merits a stay.

### C. A Stay Would Prejudice Avadel, and Avadel's Appropriate Compromise Offer Does Not Show a Lack of Prejudice

It is well established that courts are reluctant to stay proceedings where the parties are direct competitors and a stay would present a clear tactical disadvantage to the non-moving party.

*FMC Corp.*, 2014 WL 3703629, at *4; *Regeneron Pharms., Inc. v. Amgen Inc.*, C.A. No. 22-697-RGA-JLH, 2023 WL 1927544, at *8 (D. Del. Feb. 10, 2023), *report and recommendation adopted*, C.A. No. CV 22-697-RGA, 2023 WL 2587809 (D. Del. Mar. 21, 2023) (denying a stay and finding prejudice in "a competitor case involving pharmaceutical products" where plaintiff was "being driven out of the market as a result of [defendant's] product"); *Bos. Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 790 (D. Del. 2011) (finding that the parties' relationship weighed against a stay where the parties were the "only stent manufacturers permitted by law" to market drug-eluting stents).  In such situations, courts have recognized that "delaying adjudication of a dispute between the competing parties then can have outsized consequences to the party asserting [claims for relief]."  *FMC Corp.*, 2014 WL 3703629, at *5 (internal citations omitted); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS, 2013 WL 144255, at *9 (D. Del. Jan. 11, 2013) ("The prejudice to [competitors]—in terms of the threatened harm . . . and the clear delay that a stay would occasion—strikes the Court as more compelling, immediate and certain when compared to the potential for efficiency gains or simplification of the issues that might result from [resolution of the other action].").

A stay would result in the type of prejudice to Avadel that courts routinely rely upon as the basis for rejecting a stay.  There is no dispute that Avadel's and Jazz's oxybate products compete directly for narcolepsy patients.  Ex. K at 575:18-20 ("Q. In your opinion [Mr. Rainey], what's the commercial relationship between Jazz and Avadel?  A. They are direct competitors.").  It should not be overlooked that Jazz previously argued that consolidating the patent and trade secrets cases was inappropriate because it would "*not* facilitate the administration of justice, but rather, will assist Avadel in its strategic goal of delaying resolution of the disputes[.]"  D.I. 53 at 1 (emphasis in original).  That was not Avadel's goal then, and it is not Avadel's goal now.  To the contrary, it

10

is Jazz that, following a trial on *its* affirmative claims, wants indefinite delay of all of Avadel's affirmative claims.

Rather than engage with the prejudice that will flow to Avadel if Jazz alone is allowed to proceed with its affirmative claims, Jazz focuses on Avadel's offer to stay the trade secrets action *if* the parties proceed with the antitrust action.  But Jazz provides no explanation or support for why it was improper for Avadel to try to convince Jazz to drop its latest, unmeritorious request for a stay in the antitrust case and to do so by offering a compromise.  Contrary to Jazz's suggestion, there is nothing improper about Avadel offering that compromise so as to reduce the burden of litigation.  *Cf. CAO Lighting, Inc. v. Gen. Elec. Co.*, No. 20-681-GBW, 2022 WL 17752270, at *2 (D. Del. Dec. 19, 2022) (considering, in connection with a request to stay litigation pending *inter partes* review, "whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court").  There are myriad reasons why the antitrust action should take precedence and proceed on its existing schedule.  Jazz's course of anticompetitive conduct—including its decision to maintain an improper patent listing in the Orange Book—inflicted severe harm on Avadel for which it wants to secure relief as expeditiously as possible.

Additionally, the significance of Avadel's antitrust action extends beyond its strict confines by deterring others who might seek to abuse the Orange Book-listing process.  As the Federal Trade Commission has recognized:

> improper patent listings may unlawfully delay generic competition for years and disincentivize generic manufacturers from trying to come to market with lower cost alternatives at all.  Such improper patent listings have likely been distorting pharmaceutical markets for decades.

Press Release, FTC Issues Policy Statement on Brand Pharmaceutical Manufacturers' Improper Listing of Patents in the Food and Drug Administration's 'Orange Book' (Sept. 14, 2023),

https://www.ftc.gov/news-events/news/press-releases/2023/09/ftc-issues-policy-statement-brand-pharmaceutical-manufacturers-improper-listing-patents-food-drug.   And, notably, scholars have emphasized that "a quantitative analysis of the facts demonstrates that private antitrust enforcement probably deters more anticompetitive conduct than the DOJ's anti-cartel program." Robert H. Lande & Joshua P. Davis, *Comparative Deterrence from Private Enforcement and Criminal Enforcement of the U.S. Antitrust Laws*, 2011 BYU L. REV. 315, 317 (2011).   Those potential public benefits likewise favor maintaining the schedule for the antitrust action.

Thus, Avadel is willing to stay this litigation if the Court considers such a stay to be appropriate, but the facts and posture of this case differ greatly from the antitrust action, which should proceed on the current schedule regardless of any decision on Jazz's request to stay this case for the reasons set forth above and in Avadel's answering brief.  *See* C.A. No. 22-941-GBW, D.I. 82.

## IV.   CONCLUSION

For the foregoing reasons, should the Court be inclined to stay one of Avadel's cases against Jazz in the interests of judicial efficiency, Avadel respectfully submits that it should be this one, and the Court should then allow Avadel's antitrust case to proceed on the agreed-upon schedule.

Dated: April 9, 2024

*Of Counsel*:

Kenneth G. Schuler
Matthew W. Walch
Marc N. Zubick
Russell Mangas
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
matthew.walch@.w.com
marc.zubick@lw.com
russell.mangas@lw.com
alex.grabowski@lw.com

Herman Yue
Ramya Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
herman.yue@lw.com
ramya.vallabhaneni@lw.com

Daralyn J. Durie
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA, 94105-2482
(415) 365-6666
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
P (213) 892-5200
kira.davis@mofo.com
kmcnutt@mofo.com

McCARTER & ENGLISH, LLP

/s/ *Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiffs*

13

# EXHIBIT A

## Joyce, Alexandra

| | |
|---|---|
| **From:** | Silver, Daniel |
| **Sent:** | Tuesday, April 9, 2024 3:34 PM |
| **To:** | 'Geoff Kirsner'; Miller, Amanda; Allison Silber; Andrew Chalson; Andrew Shifren; Eric Stops; Evangeline Shih; Frank Calvosa; Gabriel Brier; jatefiling@mnat.com ; Jazz v Avadel - Trade Secret; Joe Paunovich; JTigan@morrisnichols.com; Krista M. Rycroft; Nicholas LoCastro; Nick Cerrito; Shahreen Mehjabeen |
| **Cc:** | 'Alan.Devlin@lw.com'; Alex Grabowski (Alex.Grabowski@lw.com); Andrew Jones - Morrison & Foerster LLP (andrewjones@mofo.com); Audra Sawyer; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; Christine Greeley; Daralyn J. Durie (ddurie@mofo.com); 'Franco.Benyamin@lw.com'; 'Ian.Conner@lw.com'; Jaime Zucker; Joyce, Alexandra; Katherine E. McNutt (kmcnutt@mofo.com); keneth.schuler@lw.com; Kira A. Davis (kiradavis@mofo.com); Laryssa Bedley; Marc Zubick (Marc.Zubick@lw.com); MoFo Service Group; Ramya.Vallabhaneni@lw.com; Rebecca Weires (rweires@mofo.com); Rose Lee - Morrison & Foerster LLP (roselee@mofo.com); Russell Manga; Sarah Propst; Stefanie.Johnson@lw.com; TPasvantis@mofo.com |
| **Subject:** | RE: Avadel CNS Pharmaceuticals, LLC et al v. Jazz Pharmaceuticals, Inc. et al; C.A. No. 22-487 GBW |

Geoff,

Avadel does not agree to Jazz's revised stipulation. Jazz's proposed additions referencing how the antitrust action should be stayed pending resolution of that motion run counter to the spirit and intent of Avadel's proposal. We will proceed with filing the opposition to Jazz's motion to stay the trade secrets action.

Best regards,
Dan

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Friday, April 5, 2024 11:13 AM
**To:** Silver, Daniel <DSilver@McCarter.com>; Miller, Amanda <amiller@mccarter.com>; Allison Silber <allisonsilber@quinnemanuel.com>; Andrew Chalson <andrewchalson@quinnemanuel.com>; Andrew Shifren <andrewshifren@quinnemanuel.com>; Eric Stops <ericstops@quinnemanuel.com>; Evangeline Shih <evangelineshih@quinnemanuel.com>; Frank Calvosa <frankcalvosa@quinnemanuel.com>; Gabriel Brier <gabrielbrier@quinnemanuel.com>; jatefiling@mnat.com <jatefiling@mnat.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; Joe Paunovich <joepaunovich@quinnemanuel.com>; JTigan@morrisnichols.com; Krista M. Rycroft <kristarycroft@quinnemanuel.com>; Nicholas LoCastro <nicholaslocastro@quinnemanuel.com>; Nick Cerrito <nickcerrito@quinnemanuel.com>; Shahreen Mehjabeen <shahreenmehjabeen@quinnemanuel.com>
**Cc:** 'Alan.Devlin@lw.com' <Alan.Devlin@lw.com>; Alex Grabowski (Alex.Grabowski@lw.com) <Alex.Grabowski@lw.com>; Andrew Jones - Morrison & Foerster LLP (andrewjones@mofo.com) <andrewjones@mofo.com>; Audra Sawyer <audra.sawyer@lw.com>; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; Christine Greeley <Christine.Greeley@lw.com>; Daralyn J. Durie (ddurie@mofo.com) <ddurie@mofo.com>; 'Franco.Benyamin@lw.com' <Franco.Benyamin@lw.com>; 'Ian.Conner@lw.com' <Ian.Conner@lw.com>; Jaime Zucker <jaime.zucker@lw.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Katherine E. McNutt (kmcnutt@mofo.com) <kmcnutt@mofo.com>; keneth.schuler@lw.com <KENNETH.SCHULER@lw.com>; Kira A. Davis (kiradavis@mofo.com) <kiradavis@mofo.com>; Laryssa Bedley

<laryssa.bedley@lw.com>; Marc Zubick (Marc.Zubick@lw.com) <Marc.Zubick@lw.com>; MoFo Service Group <MoFo-Avadel-Jazz@mofo.com>; Ramya.Vallabhaneni@lw.com; Rebecca Weires (rweires@mofo.com) <rweires@mofo.com>; Rose Lee - Morrison & Foerster LLP (roselee@mofo.com) <roselee@mofo.com>; Russell Manga <russell.mangas@lw.com>; Sarah Propst <sarah.propst@lw.com>; Stefanie.Johnson@lw.com; TPasvantis@mofo.com
**Subject:** RE: Avadel CNS Pharmaceuticals, LLC et al v. Jazz Pharmaceuticals, Inc. et al; C.A. No. 22-487 GBW

**\*\*External Message\*\***

Dan,

Thank you for sending the proposed stipulation implementing a stay of this action. Jazz's proposed revisions are attached. You have our consent to file the attached version of the stipulation.

Regards,
Geoff

**From:** Silver, Daniel <DSilver@McCarter.com>
**Sent:** Wednesday, April 3, 2024 4:05 PM
**To:** Miller, Amanda <amiller@mccarter.com>; Allison Silber <allisonsilber@quinnemanuel.com>; Andrew Chalson <andrewchalson@quinnemanuel.com>; Andrew Shifren <andrewshifren@quinnemanuel.com>; Eric Stops <ericstops@quinnemanuel.com>; Evangeline Shih <evangelineshih@quinnemanuel.com>; Frank Calvosa <frankcalvosa@quinnemanuel.com>; Gabriel Brier <gabrielbrier@quinnemanuel.com>; jatefiling@mnat.com <jatefiling@mnat.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; Joe Paunovich <joepaunovich@quinnemanuel.com>; JTigan@morrisnichols.com; Krista M. Rycroft <kristarycroft@quinnemanuel.com>; Nicholas LoCastro <nicholaslocastro@quinnemanuel.com>; Nick Cerrito <nickcerrito@quinnemanuel.com>; Shahreen Mehjabeen <shahreenmehjabeen@quinnemanuel.com>
**Cc:** 'Alan.Devlin@lw.com' <Alan.Devlin@lw.com>; Alex Grabowski (Alex.Grabowski@lw.com) <Alex.Grabowski@lw.com>; Andrew Jones - Morrison & Foerster LLP (andrewjones@mofo.com) <andrewjones@mofo.com>; Audra Sawyer <audra.sawyer@lw.com>; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; Christine Greeley <Christine.Greeley@lw.com>; Daralyn J. Durie (ddurie@mofo.com) <ddurie@mofo.com>; 'Franco.Benyamin@lw.com' <Franco.Benyamin@lw.com>; 'Ian.Conner@lw.com' <Ian.Conner@lw.com>; Jaime Zucker <jaime.zucker@lw.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Katherine E. McNutt (kmcnutt@mofo.com) <kmcnutt@mofo.com>; kenenth.schuler@lw.com <KENNETH.SCHULER@lw.com>; Kira A. Davis (kiradavis@mofo.com) <kiradavis@mofo.com>; Laryssa Bedley <laryssa.bedley@lw.com>; Marc Zubick (Marc.Zubick@lw.com) <Marc.Zubick@lw.com>; MoFo Service Group <MoFo-Avadel-Jazz@mofo.com>; Ramya.Vallabhaneni@lw.com; Rebecca Weires (rweires@mofo.com) <rweires@mofo.com>; Rose Lee - Morrison & Foerster LLP (roselee@mofo.com) <roselee@mofo.com>; Russell Manga <russell.mangas@lw.com>; Sarah Propst <sarah.propst@lw.com>; Stefanie.Johnson@lw.com; TPasvantis@mofo.com
**Subject:** RE: Avadel CNS Pharmaceuticals, LLC et al v. Jazz Pharmaceuticals, Inc. et al; C.A. No. 22-487 GBW

**[EXTERNAL EMAIL from dsilver@mccarter.com]**

Dear All,

Please find attached a draft stipulation and proposed order implementing a stay of this action on the terms set forth in the stipulation. Our hope is that this will negate the need for further briefing on Jazz's motion to stay. Please review and let us know Jazz's position by Friday, April 5th.

Thank you and best regards,
Dan

**From:** Miller, Amanda <amiller@mccarter.com>
**Sent:** Monday, April 1, 2024 1:32 PM
**To:** Allison Silber <allisonsilber@quinnemanuel.com>; Andrew Chalson <andrewchalson@quinnemanuel.com>; Andrew Shifren <andrewshifren@quinnemanuel.com>; ericstops@quinnemanuel.com; evangelineshih@quinnemanuel.com; frankcalvosa@quinnemanuel.com; gabrielbrier@quinnemanuel.com; jatefiling@mnat.com <jatefiling@mnat.com>; jazzvavadel-tradesecret@quinnemanuel.com; Joseph Paunovich (joepaunovich@quinnemanuel.com) <joepaunovich@quinnemanuel.com>; JTigan@morrisnichols.com; Krista Rycroft <kristarycroft@quinnemanuel.com>; Nicholas LoCastro <nicholaslocastro@quinnemanuel.com>; 'nickcerrito@quinnemanuel.com' <nickcerrito@quinnemanuel.com>; shahreenmehjabeen@quinnemanuel.com
**Cc:** 'Alan.Devlin@lw.com' <Alan.Devlin@lw.com>; Alex Grabowski (Alex.Grabowski@lw.com) <Alex.Grabowski@lw.com>; Andrew Jones - Morrison & Foerster LLP (andrewjones@mofo.com) <andrewjones@mofo.com>; Audra Sawyer <audra.sawyer@lw.com>; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; Christine Greeley <Christine.Greeley@lw.com>; Daralyn J. Durie (ddurie@mofo.com) <ddurie@mofo.com>; 'Franco.Benyamin@lw.com' <Franco.Benyamin@lw.com>; 'Ian.Conner@lw.com' <Ian.Conner@lw.com>; Jaime Zucker <jaime.zucker@lw.com>; Joyce, Alexandra <ajoyce@mccarter.com>; Katherine E. McNutt (kmcnutt@mofo.com) <kmcnutt@mofo.com>; kenenth.schuler@lw.com <KENNETH.SCHULER@lw.com>; Kira A. Davis (kiradavis@mofo.com) <kiradavis@mofo.com>; Laryssa Bedley <laryssa.bedley@lw.com>; Marc Zubick (Marc.Zubick@lw.com) <Marc.Zubick@lw.com>; MoFo Service Group <MoFo-Avadel-Jazz@mofo.com>; Ramya.Vallabhaneni@lw.com; Rebecca Weires (rweires@mofo.com) <rweires@mofo.com>; Rose Lee - Morrison & Foerster LLP (roselee@mofo.com) <roselee@mofo.com>; Russell Manga <russell.mangas@lw.com>; Sarah Propst <sarah.propst@lw.com>; Silver, Daniel <DSilver@McCarter.com>; Stefanie.Johnson@lw.com; TPasvantis@mofo.com
**Subject:** Avadel CNS Pharmaceuticals, LLC et al v. Jazz Pharmaceuticals, Inc. et al; C.A. No. 22-487 GBW

Counsel, attached please find the below filing:

**Notice of Electronic Filing**

The following transaction was entered by Joyce, Alexandra on 4/1/2024 at 1:28 PM EDT and filed on 4/1/2024
**Case Name:**      Avadel CNS Pharmaceuticals, LLC et al v. Jazz Pharmaceuticals, Inc. et al
**Case Number:**    1:22-cv-00487-GBW
**Filer:**          Avadel CNS Pharmaceuticals, LLC
                    Avadel Pharmaceuticals PLC

**Document Number:** 87

**Docket Text:**
**STIPULATION TO EXTEND TIME to file Answering Brief in response to Jazz's Motion to Stay (D.I. 85, 86) to April 9, 2024 - filed by Avadel CNS Pharmaceuticals, LLC, Avadel Pharmaceuticals PLC. (Joyce, Alexandra)**



**Amanda J. Miller | Paralegal**
McCarter & English, LLP
Renaissance Centre, 405 N. King Street, 8th Floor | Wilmington, DE 19801

amiller@mccarter.com | www.mccarter.com

T 302.984.6380   M 302.602.1428

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

AVADEL CNS PHARMACEUTICALS, LLC,    )
AND AVADEL PHARMACEUTICALS PLC,    )
                                    )
                Plaintiffs,         )
                                    )
v.                                  )
                                    )      C.A. No. 22-487-GBW
JAZZ PHARMACEUTICALS, INC., AND     )
JAZZ PHARMACEUTICALS IRELAND        )      **HIGHLY CONFIDENTIAL**
LIMITED,                            )
                                    )
                Defendants.         )

**STIPULATION AND [PROPOSED] ORDER FOR STAY**

WHEREAS, Avadel CNS Pharmaceuticals, LLC and Avadel Pharmaceuticals PLC (collectively, "Avadel") filed the above-captioned matter on April 14, 2022, against Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited's (collectively, "Jazz") for alleged misappropriation of Avadel's trade secrets, related breach of confidential disclosure agreements, and correction of inventorship;

WHEREAS, Jazz separately filed actions for patent infringement (C.A. No. 21-691 (GBW), C.A. No. 21-1138 (GBW), C.A. No. 21-1594 (GBW)), asserting infringement by Avadel of U.S. Patent Nos. 10,758,488 (the "'488 patent"); 10,813,885 (the "'885 patent"); 10,959,956 (the "'956 patent"); 10,966,931 (the "'931 patent"); 11,077,079 (the "'079 patent"); and 11,147,782 (the "'782 patent");

WHEREAS, on November 29, 2021, the Court Ordered that ~~consolidated~~ C.A. No. 21-691 (GBW), C.A. No. 21-1138 (GBW), and C.A. No. 21-1594 (GBW) (together, the "Patent Actions") would proceed on the same schedule for discovery and trial (*see* C.A. No. 21-691, D.I. 65);

1

WHEREAS, Jazz filed a second patent infringement action (the "Antitrust Action") (C.A. No. 22-941 (GBW)) asserting infringement by Avadel of U.S. Patent No. 8,731,963 (the "'963 ~~P~~patent");

WHEREAS, Avadel asserted antitrust counterclaims in the Antitrust Action;

WHEREAS, on March 6, 2023, after the '963 patent expired, Jazz stipulated to the dismissal of its infringement claims of the '963 patent in the Antitrust Action (C.A. No. 22-941, D.I. 32);

WHEREAS, a five day jury trial in~~of~~ the ~~consolidated~~ Patent Actions was held from February 26, 2024 through March 1, 2024;

WHEREAS, Jazz asserted infringement of claims 7 and 11 of the '488 patent and claim 24 of the '782 patent (the "Patents-in-Suit") at the Patent Actions trial;

WHEREAS, prior to commencement of the jury trial in the Patent Actions, Avadel stipulated to infringement of claim 24 of the '782 patent (C.A. No. 21-691, D.I. 550);

WHEREAS, Avadel asserted the defenses of non-infringement, invalidity for lack of written description, lack of enablement, improper inventorship, and derivation of the '488 patent and invalidity for lack of written description, lack of enablement, and improper inventorship of the '782 patent at the Patent Actions' trial;

WHEREAS, the jury rendered a verdict on March 4, 2024 in the Patent Actions, upholding the validity of the Patents-in-Suit, and finding non-infringement of the '488 patent;

WHEREAS, on March 13, 2024, Jazz moved to stay the Antitrust Action;

WHEREAS, on March 19, 2024, Jazz moved to stay the instant action;

2

WHEREAS, the parties have conferred and agreed to a stay of the instant action in its entirety, pending resolution of the parties' motions for judgment as a matter of law and appeal, if any;

WHEREAS, Avadel believes that a ~~agrees to a~~ stay of this action, but not the Antitrust Action, ~~only to the extent to~~ will allow the parties to devote resources to advancing the Antitrust Action (should Jazz's motion to stay be denied), and to promote judicial economy, and Avadel does not agree on the merits of Jazz's motion to stay in the instant action (D.I. 86);

WHEREAS, Jazz believes that a stay should be entered in the instant action independent of the Antitrust Action for the reasons previously stated (D.I. 86), and that a stay should be entered in the Antitrust Action for the reasons stated in Jazz's briefing in that action (*see* C.A. No. 22-941, D.I. 80, 84).

NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

1.      The above-captioned matter is stayed until such time as pending resolution of the parties' motions for judgment as a matter of law and appeal, if any, in the Patent Actions.

2.      Upon resolution of the parties' motions for judgment as a matter of law, as described in Paragraph #1 above, the parties shall meet and confer about whether the stay should be continued through any appeals.  Within 30 days after the last motion for judgement as a matter of law has been resolved or otherwise terminated, the parties shall submit a joint status report, with their respective proposals as to whether the stay should be continued through any appeals, and/or as to any other next steps in this Court.

3.      All existing case deadlines are hereby vacated.

3

4.      The parties agree that Jazz's motion to stay in the Antitrust Action remains pending and requires resolution.  The parties further ~~Defendants~~ agree not to rely on (1) the fact that the parties ~~Plaintiffs~~ entered into this stipulated stay, or (2) the length of time of the stipulated stay, to support or oppose an argument on any contested issue between the parties, including in C.A. No. 22-941 (GBW).

\*        \*        \*

4

Dated: April 4, 2024~~April 3, 2024~~

*Of Counsel*:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Daralyn J. Durie
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA, 94105-2482
(415) 365-6666
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
P (213) 892-5200
kira.davis@mofo.com
kmcnutt@mofo.com

MᶜCARTER & ENGLISH, LLP

/s/
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiffs*

5

# EXHIBIT C

| | |
|---|---|
| **From:** | Geoff Kirsner <geoffkirsner@quinnemanuel.com> |
| **Sent:** | Wednesday, July 26, 2023 8:59 AM |
| **To:** | Sawyer, Audra (DC); JazzAvadel |
| **Cc:** | #C-M JAZZ PATENT LITIGATION  - LW TEAM; MoFo-Avadel-Jazz@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; JBlumenfeld@morrisnichols.com; JTigan@morrisnichols.com |
| **Subject:** | RE: Jazz v. Avadel - Trade Secret Case |

Counsel,

Jazz disagrees that the patent infringement and trade secret cases should be consolidated.  Below is a proposed schedule for the latter.  We are available to meet and confer today before 1 PM ET.

| Event | Date |
|---|---|
| 26(a)(1) Initial Disclosures | Five (5) days from entry of the scheduling order |
| Protective Order Submission Deadline | Within 10 days from entry of the scheduling order |
| ESI Paragraph Three (3) disclosures | Within 30  days from entry of the scheduling order |
| All motions to join other parties, and to amend or supplement the pleadings | November 10, 2023 |
| Substantial Completion of Document Discovery | December 22, 2023 |
| Fact Discovery Cutoff | March 29, 2024 |
| Opening Expert Reports | May 3, 2024 |
| Rebuttal Expert Reports | May 31, 2024 |
| Reply Expert Reports | June 28, 2024 |
| Expert Discovery Cutoff | August 30, 2024 |
| Daubert Motions | November 1, 2024 |
| Case Dispositive Motions served and filed on or before | November 1, 2024 |
| Proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms due | February 28, 2025 |
| Pretrial Conference | March 10, 2025 |
| Jury Trial Begins (5 days) | March 17, 2025 |

Regards,
Geoff

**From:** Audra.Sawyer@lw.com <Audra.Sawyer@lw.com>
**Sent:** Tuesday, July 25, 2023 10:51 PM
**To:** JazzAvadel <jazzavadel@quinnemanuel.com>
**Cc:** jazzpatentlitigation.lwteam@lw.com; MoFo-Avadel-Jazz@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; JBlumenfeld@morrisnichols.com; JTigan@morrisnichols.com
**Subject:** RE: Jazz v. Avadel - Trade Secret Case

**[EXTERNAL EMAIL from audra.sawyer@lw.com]**

Counsel,

Please provide your position by close of business tomorrow (Wednesday), and if you disagree please provide your availability to meet and confer on Thursday 7/27.

Thanks,

Audra

**From:** Sawyer, Audra (DC)
**Sent:** Thursday, July 20, 2023 7:47 PM
**To:** JazzAvadel <jazzavadel@quinnemanuel.com>
**Cc:** #C-M JAZZ PATENT LITIGATION - LW TEAM <jazzpatentlitigation.lwteam@lw.com>; MoFo-Avadel-Jazz@mofo.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>; JBlumenfeld@morrisnichols.com; Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Subject:** Jazz v. Avadel - Trade Secret Case

Counsel,

In light of the Court's decision denying Jazz's motion to dismiss the trade secret case and the existence of overlapping issues, documents, and witnesses between the patent and trade secret cases, Avadel believes that the two cases should be consolidated to, *inter alia*, promote efficiency and to avoid duplication of effort. Please let us know by tomorrow if Jazz agrees, and if not, if you are available to meet and confer on Monday, July 24.

Thanks,

**Audra Sawyer**

**LATHAM & WATKINS LLP**

555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304

D: +1.202.637.3393

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT D

| **From:** | Gabriel Brier <gabrielbrier@quinnemanuel.com> |
| **Sent:** | Tuesday, August 15, 2023 6:37 AM |
| **To:** | Silver, Daniel |
| **Cc:** | JazzAvadel; Tigan, Jeremy A.; #C-M JAZZ PATENT LITIGATION  - LW TEAM; MoFo-Avadel-Jazz@mofo.com |
| **Subject:** | Re: Jazz/Avadel -- Patent + Trade Secret Case Consolidation |

Dan,

Jazz had been diligently considering Avadel's request.  But as we explained to you at the beginning of this, Jazz did not see a basis for consolidation and Avadel has yet to provide one.  Also, Jazz has already provided Avadel with a proposed schedule.  Avadel, on the other hand, is seeking to unilaterally approach the Court without ever providing a proposed schedule to Jazz.  Please provide Avadel's portion of the joint letter as soon as possible this morning.

With respect to the depositions, Jazz had to reschedule Mr. Mindus' deposition due to scheduling conflicts, much like Avadel did for Ms. Pound.  We also remind you that Avadel offered Mr. Divis outside the schedule the parties agreed upon.  Trying to create disputes where there is no basis for doing so is not productive.

Regards,

Gabe

> On Aug 14, 2023, at 9:41 PM, Silver, Daniel <DSilver@mccarter.com> wrote:

> **[EXTERNAL EMAIL from dsilver@mccarter.com]**

Counsel,

In reliance on the representation that we would receive an answer last week, we agreed to extend the deadline for the submission of a proposed schedule in the trade secret case to facilitate the parties' discussions regarding scheduling and consolidation with the patent case.  We also put off two depositions at Jazz's request, in reliance on the representation that Jazz was giving the consolidation issue due consideration.  Thereafter, Jazz unilaterally postponed the deposition of one its remaining damages witnesses, and failed to follow through on its commitment to provide its position by the end of last week.  Accordingly, we understand that the parties are at an impasse on the issue of consolidation and will be submitting our proposed consolidated schedule tomorrow, without further delay.

Thank you and best regards,
Dan

<image001.png>
      **Daniel M. Silver | Wilmington Office Managing Partner**
      McCarter & English, LLP

Renaissance Centre, 405 N. King Street, 8th Floor | Wilmington, DE 19801

dsilver@mccarter.com | www.mccarter.com | V-Card
T 302.984.6331   M 814.571.1414

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT E

| | |
|---|---|
| **From:** | Geoff Kirsner <geoffkirsner@quinnemanuel.com> |
| **Sent:** | Thursday, February 1, 2024 10:43 AM |
| **To:** | Vallabhaneni, Ramya (NY); Jazz v Avadel - Trade Secret; JTigan@morrisnichols.com; Jack Blumenfeld |
| **Cc:** | #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM; DSilver@McCarter.com; ajoyce@mccarter.com |
| **Subject:** | RE: Avadel v. Jazz (C.A. No. 22-487) |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Thanks, Ramya. To avoid any confusion, and so that the parties may hit the ground running once the stay lifts, we wanted to clarify our understanding of the status of the outstanding discovery issues and any impact of the stay.

First, Avadel agreed to supplement its responses to Jazz's Interrogatory Nos. 1, 4, 6-7, and 9 by last Friday, January 26. *See* Jan. 15, 2024 Letter from R. Mangas to J. Paunovich at 3-4. We understand that Avadel did not provide supplemental interrogatory responses on that date because the parties had already conceptually agreed that the stay would begin on that day (see below). Accordingly, it is our understanding that Avadel will instead supplement its interrogatory responses on the day the stay lifts—i.e., March 8, 2024.

Second, Jazz awaits Avadel's response to Jazz's January 19, 2024 letter regarding Dr. Thomas Roth's responses to Jazz's subpoena. We will follow up once the stay lifts. Of course, given that Dr. Roth is a third party, any progress Dr. Roth and Jazz can make towards an agreement concerning the scope of his production is particularly welcome. Accordingly, should Dr. Roth be willing to provide a response to Jazz's letter prior to the end of the stay, we are happy to consider it.

Third, Jazz awaits Avadel's response to Jazz's January 23, 2024 letter regarding ongoing discovery disputes between the parties, as well as Avadel's consent to file the joint letter concerning the discovery disputes for which the parties are at an impasse. We will follow up once the stay lifts. However, given the need for Court intervention, we would greatly appreciate Avadel's cooperation moving the disputes along in a timely manner.

Fourth and finally, Jazz understands that the deadlines for Avadel's responses to the following discovery requests are now:

| Discovery Request | Original Deadline | Revised Deadline |
|---|---|---|
| Jazz's 2nd Set of Interrogatories | February 23, 2024 | April 5, 2024 |
| Jazz's 3rd Set of Request for Production | February 26, 2024 | April 8, 2024 |

Best,
Geoff

From: Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
Sent: Tuesday, January 30, 2024 1:21 PM
To: Geoff Kirsner <geoffkirsner@quinnemanuel.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
Cc: AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com
Subject: RE: Avadel v. Jazz (C.A. No. 22-487)

**[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]**

Geoff:

Given that the Court set a trial date of November 3, 2025 for the antitrust case on January 24, one day after our initial January 23 proposal for a temporary stay in the trade secrets case, we proposed extending the proposed voir dire/jury instructions/verdict forms, pretrial conference and jury trial dates by a few months to avoid unnecessary burden and costs on both parties given the November 2025 antitrust trial.

Avadel agrees that the trade secrets case (22-487) and the antitrust case (22-941) should not be consolidated.

We will get this on file later today.

Regards,
Ramya

**Ramya Sri Vallabhaneni**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Saturday, January 27, 2024 12:54 PM
**To:** Vallabhaneni, Ramya (NY) <Ramya.Vallabhaneni@lw.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM
<AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Counsel,

Your previous email proposed extending several deadlines but "leaving the proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms deadline of August 8, 2025" (as well as, presumably, the subsequent deadlines, including trial).  Accordingly, we were surprised to see that the draft stipulation proposes extending all deadlines.

That being said, Jazz is fine with Avadel's revisions to the parties' agreement so long as Avadel agrees that the above-captioned trade secrets case and recently stayed antitrust case (22-941) should not be consolidated.  Can you please confirm?  Then you have Jazz's consent to file.

Thanks,
Geoff

---

**From:** Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
**Sent:** Friday, January 26, 2024 11:47 AM
**To:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

**[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]**

Counsel:

Please see attached for your review the draft stipulation and proposed order to extend time. Please let us know if you have any edits or if we may file.

Regards,
Ramya

**Ramya Sri Vallabhaneni**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Wednesday, January 24, 2024 6:07 PM
**To:** Vallabhaneni, Ramya (NY) <Ramya.Vallabhaneni@lw.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Counsel,

Jazz agrees to Avadel's proposed pause and extension.  Please provide a draft stipulation for our review.

Thanks,
Geoff

---

**From:** Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
**Sent:** Tuesday, January 23, 2024 4:39 PM
**To:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** Avadel v. Jazz (C.A. No. 22-487)

**[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]**

---

Counsel:

Given that the Court has not yet entered the parties' Proposed Scheduling Order (D.I. 70) and there are no court-ordered deadlines to adhere to, and in light of the upcoming patent trial, Avadel proposes extending the schedule by an additional 8 weeks.  This additional time will enable the parties to facilitate timely resolution of

document-production issues before fact witness depositions take place, and will result in a short pause in discovery correspondence, meet-and-confers, and any discovery-related filings as the parties focus on the upcoming patent trial.

We propose that a 6-week pause take effect on January 26, 2024, and be lifted on March 8, 2024.  Based on the proposed 8-week extension, the substantial completion of document discovery cutoff would be extended to **April 19**.  The fact discovery cutoff would be due on **August 9**; opening expert reports on **October 18**; rebuttal expert reports on **November 22**; and reply expert reports on **December 20**, to accommodate for the holidays.  The expert discovery cutoff would be **March 7, 2025**.  We propose that any Daubert Motions and case dispositive motions are served and filed on or before **May 30, 2025**.  We also propose leaving the proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms deadline of **August 8, 2025**.

Please let us know at your earliest convenience this week if your client agrees to this proposal. If so we are happy to draft a new proposed scheduling order.

Regards,

**Ramya Sri Vallabhaneni**

*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas

New York, NY 10020

Direct Dial: +1.212.906.2931

Email: ramya.vallabhaneni@lw.com

https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express

permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT F

| | |
|---|---|
| **From:** | Frank Calvosa <frankcalvosa@quinnemanuel.com> |
| **Sent:** | Friday, March 15, 2024 4:20 PM |
| **To:** | Vallabhaneni, Ramya (NY) |
| **Cc:** | Geoff Kirsner; #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM; dsilver@mccarter.com; ajoyce@mccarter.com; amiller@mccarter.com; Jazz v Avadel - Trade Secret; JTigan@morrisnichols.com; Jack Blumenfeld; #C-M AVADEL ANTITRUST - LW TEAM |
| **Subject:** | Re: Avadel v. Jazz (C.A. No. 22-487) |

Hi Ramya,

It's unclear if you didn't actually read the Ferring case before citing it or if you just don't know what transpired at the patent trial and what Avadel has alleged in the trade secrets case.  Either way, we look forward to discussing Monday at 1.  Please also be prepared to explain how Jazz has supposedly "repeatedly and seriously injured Avadel" at that time.

Best,

## Frank Calvosa
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7569 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
frankcalvosa@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

On Mar 15, 2024, at 4:59 PM, Ramya.Vallabhaneni@lw.com wrote:

[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]

Geoff:

At the outset, we emphasize that Jazz has repeatedly and seriously injured Avadel, and Avadel intends to hold Jazz fully accountable for such misconduct. The notion that each of the lawsuits concerning that misconduct should be entirely stayed so that Jazz can pursue post-trial motions (and then a potential appeal) in its patent case is both unwarranted and untenable.

We disagree that there is "no basis for Avadel to condition the stay in the trade secrets case on Jazz agreeing not to stay the antitrust case." Avadel made a good faith offer, and Jazz has provided no basis or support for why such an offer is not acceptable. Jazz needs to cooperate in good faith to complete both lawsuits in an expeditious manner, *see* FED. R. CIV. P. 1, and its recent posturing is not productive. We believe our proposal is an appropriate compromise by both sides given the circumstances.

Your email asserts that Jazz believes that the "claims in the trade secrets case are no longer viable," but provides no rationale for that assertion. We note Avadel's written description and enablement defenses have no bearing on a trade secrets misappropriation case, and Jazz provides no case law suggesting otherwise. And to the extent that Jazz's statement is directed to correction of inventorship, Jazz is simply incorrect. Avadel's affirmative defense of improper inventorship in Civ. No. 21-691 does not present the same issues as the correction of inventorship claim in Civ. No. 22-487. *See, e.g., Ferring B.V. v. Serenity Pharms., LLC*, C.A. No. 17 CIV. 9922 (CM), 2020 WL 6165354, at *7 (S.D.N.Y. Mar. 11, 2020) (finding that a correction of inventorship claim and an affirmative inventorship *defense* present "materially different issues" under a collateral estoppel framework). Indeed, at Jazz's urging, the Court acknowledged the "disparate legal theories" between the two cases, and held that "the patent cases and the trade secrets case do not share enough common issues of law to justify consolidation under the circumstances." Civ. No. 21-691, D.I. 381.

In short, Jazz has suggested a stay in Civ. No. 22-487, but has provided no support for its position. Please immediately provide any such support so Avadel can consider it in connection with its evaluation of your stay request. We again reiterate Avadel's offer to stay the trade secret case in exchange for Jazz withdrawing its request to stay the antitrust case.

We are available to meet and confer on Monday, 3/18 between 1-3 pm ET, or Tuesday, 3/19 between 12-1 pm ET.

Avadel reserves all rights.

Regards,

**Ramya Sri Vallabhaneni**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Friday, March 15, 2024 4:13 PM
**To:** Vallabhaneni, Ramya (NY) <Ramya.Vallabhaneni@lw.com>; #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; #C-M AVADEL

ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Ramya,

Having not received a response about meeting and conferring today, can Avadel please either immediately confirm it agrees with Jazz's proposed stay or provide your availability to meet and confer Monday morning?

Thanks,
Geoff

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Thursday, March 14, 2024 6:37 PM
**To:** Ramya.Vallabhaneni@lw.com; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; avadelantitrust.lwteam@lw.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Ramya,

We are surprised that Avadel will not agree to stay the trade secrets case unless "Jazz agrees to withdraw its request for a stay in the antitrust litigation." In a prior iteration of the joint status report in the patent case, Avadel agreed to stay the trade secret case without condition. That makes sense. There is no basis for Avadel to condition the stay in the trade secrets case on Jazz agreeing not to stay the antitrust case. Both cases should be stayed pending resolution of the jury's verdict in the patent case. Given the jury's findings that Avadel failed to prove that the '488 patent or '782 patent lacked written description or enablement, failed to prove that the '488 patent was invalid for improper inventorship or derivation, and failed to prove that '782 patent was invalid for improper inventorship, Avadel's claims in the trade secrets case are no longer viable. And that leaves aside the information that came to light in the Clough Declaration.

Please confirm immediately that Avadel agrees to stay the trade secrets case pending resolution of the jury's verdict through appeal without conditioning it on the status of the antitrust case.

If you do not agree, please provide your availability to meet and confer tomorrow so that we may raise this issue with the Court. Jazz reserves all rights, including with respect to Rule 11 sanctions.

Regards,
Geoff

---

**From:** Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
**Sent:** Thursday, March 14, 2024 11:09 AM
**To:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; avadelantitrust.lwteam@lw.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]

Counsel,

We understand that Jazz has proposed staying both the antitrust litigation, Civ. No. 22-941, and the trade secret litigation, Civ. No. 22-487, pending resolution of Avadel's inequitable conduct claim, any motions for judgment as a matter of law, and any appeal(s) in Civ. No. 21-691. Avadel disagrees that the jury verdict in Civ. No. 21-691 compels or warrants a stay of either litigation, but given that Avadel sought consolidation of the trade secrets and patent actions, and in the interests of compromise and efficiency, Avadel is willing to agree to a stay in Civ. No. 22-487 pending resolution of the above-mentioned issues in Civ. No. 21-691 if Jazz agrees to withdraw its request for a stay in the antitrust litigation, Civ. No. 22-941. Please let us know if you agree to Avadel's counter-proposal.

Avadel reserves all rights.

Regards,

**Ramya Sri Vallabhaneni**

*Pronouns: she/her/hers*

**LATHAM & WATKINS** LLP

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.2931

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Friday, March 8, 2024 11:38 AM
**To:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>;

JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** Avadel v. Jazz (C.A. No. 22-487)

Counsel,

We write to inform you that Jazz intends to move to stay proceedings in the above-captioned
action pending resolution of Avadel's inequitable conduct claim and the parties' motions for
judgment as a matter of law and appeal, if any, in Civ. No. 21-691 in view of the jury's findings
that Avadel: (1) failed to prove that the '488 or '782 patents lacked written description or
enablement; (2) failed to prove that the '488 patent was invalid for improper inventorship or
derivation; and (3) failed to prove that the '782 patent was invalid for improper inventorship. A
stay is warranted because the jury's verdict, if not overturned, renders Avadel's claims in this
matter unviable.  Please let us know if you agree to Jazz's proposal for a stay.  If you do not
agree, please let us know your availability to meet-and-confer early next week.

Regards,

**Geoff Kirsner**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7597 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
geoffkirsner@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named
above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader
of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you
have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you
have received this communication in error, please notify us immediately by e-mail, and delete the original message.

_____

This email may contain material that is confidential, privileged and/or attorney work product for
the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others
or forwarding without express permission is strictly prohibited.  If you are not the intended
recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or
received by our networks in order to protect our business and verify compliance with our policies
and relevant legal requirements. Any personal information contained or referred to within this
electronic communication will be processed in accordance with the firm's privacy notices and
Global Privacy Standards available at www.lw.com.

# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, ) | |
| AND AVADEL PHARMACEUTICALS PLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 22-487-GBW |
| JAZZ PHARMACEUTICALS, INC., AND ) | |
| JAZZ PHARMACEUTICALS IRELAND ) | **HIGHLY CONFIDENTIAL** |
| LIMITED, ) | |
| ) | |
| Defendants. ) | |

**STIPULATION AND [PROPOSED] ORDER FOR STAY**

WHEREAS, Avadel CNS Pharmaceuticals, LLC and Avadel Pharmaceuticals PLC (collectively, "Avadel") filed the above-captioned matter on April 14, 2022, against Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited's (collectively, "Jazz") for misappropriation of Avadel's trade secrets, related breach of confidential disclosure agreements, and correction of inventorship;

WHEREAS, Jazz separately filed actions for patent infringement (C.A. No. 21-691 (GBW), C.A. No. 21-1138 (GBW), C.A. No. 21-1594 (GBW)), asserting infringement by Avadel of U.S. Patent Nos. 10,758,488 (the "'488 patent"); 10,813,885 (the "'885 patent"); 10,959,956 (the "'956 patent"); 10,966,931 (the "'931 patent"); 11,077,079 (the "'079 patent"); and 11,147,782 (the "'782 patent");

WHEREAS, on November 29, 2021, the Court consolidated C.A. No. 21-691 (GBW), C.A. No. 21-1138 (GBW), and C.A. No. 21-1594 (GBW) (together, the "Patent Action") (D.I. 65);

1

WHEREAS, Jazz filed a second patent infringement action (the "Antitrust Action") (C.A. No. 22-941 (GBW)) asserting infringement by Avadel of U.S. Patent No. 8,731,963 (the "'963 Patent");

WHEREAS, Avadel asserted antitrust counterclaims in the Antitrust Action;

WHEREAS, on March 6, 2023, Jazz stipulated to the dismissal of its infringement claims of the '963 patent in the Antitrust Action (D.I. 32);

WHEREAS, a five day jury trial of the consolidated Patent Action was held from February 26, 2024 through March 1, 2024;

WHEREAS, Jazz asserted infringement of claims 7 and 11 of the '488 patent and claim 24 of the '782 patent (the "Patents-in-Suit") at the Patent Action trial;

WHEREAS, Avadel asserted the defenses of non-infringement, invalidity for lack of written description, lack of enablement, improper inventorship, and derivation of the '488 patent and invalidity for lack of written description, lack of enablement, and improper inventorship of the '782 patent at the Patent Action trial;

WHEREAS, the jury rendered a verdict on March 4, 2024 in the Patent Action, upholding the validity of the Patents-in-Suit, and finding non-infringement of the '488 patent;

WHEREAS, on March 13, 2024, Jazz moved to stay the Antitrust Action;

WHEREAS, on March 19, 2024, Jazz moved to stay the instant action;

WHEREAS, the parties have conferred and agreed to a stay of the instant action in its entirety, pending resolution of the parties' motions for judgment as a matter of law and appeal, if any;

2

WHEREAS, Avadel agrees to a stay only to the extent to allow the parties to devote resources to advancing the Antitrust Action, and to promote judicial economy, and not on the merits of Jazz's motion to stay (D.I. 86);

NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

1.     The above-captioned matter is stayed until such time as pending resolution of the parties' motions for judgment as a matter of law and appeal, if any, in the Patent Action.

2.     Upon resolution of the parties' motions for judgment as a matter of law, as described in Paragraph #1 above, the parties shall meet and confer about whether the stay should be continued through any appeals.  Within 30 days after the last motion for judgement as a matter of law has been resolved or otherwise terminated, the parties shall submit a joint status report, with their respective proposals as to whether the stay should be continued through any appeals, and/or as to any other next steps in this Court.

3.     All existing case deadlines are hereby vacated.

4.     Defendants agree not to rely on (1) the fact that Plaintiffs entered into this stipulated stay, or (2) the length of time of the stipulated stay, to support or oppose an argument on any contested issue between the parties, including in C.A. No. 22-941 (GBW).

*     *     *

3

Dated: April 3, 2024

*Of Counsel*:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
alex.grabowski@lw.com
sarah.wang@lw.com

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Daralyn J. Durie
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA, 94105-2482
(415) 365-6666
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
P (213) 892-5200
kira.davis@mofo.com
kmcnutt@mofo.com

MCCARTER & ENGLISH, LLP

/s/
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Counsel for Plaintiffs*

4

# EXHIBIT H

| | |
|---|---|
| **From:** | Avi Grunfeld <avigrunfeld@quinnemanuel.com> |
| **Sent:** | Thursday, April 4, 2024 9:20 AM |
| **To:** | Huttinger, Henry; Will Sears; Nicolas Siebert; Lynette Lim; Steig Olson; Jazz Avadel Antitrust; JazzAvadel; Jack Blumenfeld; JTigan@morrisnichols.com |
| **Cc:** | #C-M AVADEL ANTITRUST - LW TEAM; MoFo-Avadel-Jazz; #C-M JAZZ PATENT LITIGATION  - LW TEAM |
| **Subject:** | RE: Jazz v. Avadel - No. 22-00941-GBW - Written Discovery and Jazz's Privilege Log |

Henry,

We are working on a thorough response to your March 22 letter.  We think it makes the most sense to meet and confer on the issues raised in your letter after we send you our written response.

In the meantime, we are available to meet and confer about depositions, the schedule, and our stay motion, which is now fully briefed.  In the spirit of compromise, we would like to propose moving forward with all non-deposition fact discovery, including privilege log disputes, document productions, and data negotiations and productions, but staying depositions until the Court rules on our pending stay motion.

We're not available Friday at 1:00 pm PT/4:00 pm ET.  We are available Monday at 4:00 pm PT/7:00 pm ET or 5:00 pm PT/8:00 pm ET.  If that doesn't work for Avadel, please propose some times on Tuesday.

Thank you,

**Avi Grunfeld**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7124 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
avigrunfeld@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Wednesday, April 3, 2024 8:10 PM
**To:** Will Sears <willsears@quinnemanuel.com>; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Lynette Lim <lynettelim@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; JTigan@morrisnichols.com
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; jazzpatentlitigation.lwteam@lw.com
**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW - Written Discovery and Jazz's Privilege Log

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

Will,

We are available to meet and confer on Friday at 1:00 pm PT / 4:00 pm ET regarding (1) deposition scheduling and (2) the issues raised in my March 22 letter. Please confirm whether that works for you or provide your availability next Monday and Tuesday.

Thanks,

Henry

**From:** Will Sears <willsears@quinnemanuel.com>
**Sent:** Wednesday, March 27, 2024 7:27 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Lynette Lim <lynettelim@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; JTigan@morrisnichols.com
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; jazzpatentlitigation.lwteam@lw.com
**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW - Written Discovery and Jazz's Privilege Log

**External Email**

Henry –

We're reviewing your letter. We think it makes the most sense to discuss after we've filed our reply in support of the stay motion, and will revert after that.

Best,

Will

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Wednesday, March 27, 2024 3:54 PM
**To:** Will Sears <willsears@quinnemanuel.com>; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Lynette Lim <lynettelim@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; JTigan@morrisnichols.com
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; jazzpatentlitigation.lwteam@lw.com
**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW - Written Discovery and Jazz's Privilege Log

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

Will,

Following up on my letter below, can you please provide your availability to meet and confer tomorrow and Friday and confirm that Jazz is prepared to exchange financial data fields and sample datasets on Friday?

Thanks,

Henry

---

**From:** Huttinger, Henry
**Sent:** Friday, March 22, 2024 4:00 PM
**To:** Will Sears <willsears@quinnemanuel.com>; 'Nicolas Siebert' <nicolassiebert@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Lynette Lim <lynettelim@quinnemanuel.com>; Steig Olson <steigolson@quinnemanuel.com>; Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; JTigan@morrisnichols.com
**Cc:** avadelantitrust.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; jazzpatentlitigation.lwteam@lw.com
**Subject:** Jazz v. Avadel - No. 22-00941-GBW - Written Discovery and Jazz's Privilege Log

Will,

Please see the attached correspondence.

Best,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**IIIORRISON**
**FOERSTER**
.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

===============================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

# EXHIBIT I

**Russell Mangas**
Direct Dial: 1.312.876.7697
russell.mangas@lw.com

# LATHAM&WATKINS LLP

330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

January 15, 2024

**VIA EMAIL**

Joseph M. Paunovich
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA

Re:  *Avadel CNS Pharmaceuticals, LLC v. Jazz Pharmaceuticals, Inc.*, C.A. No. 22-487 (GBW) (D. Del)

Counsel:

We write in response to your January 5, 2024 letter regarding the discovery issues discussed during the parties' January 3, 2024 meet and confer, and to memorialize the parties' January 10, 2024 meet and confer regarding Dr. Thomas Roth's objections and responses to Defendants Jazz Pharmaceuticals, Inc.'s and Jazz Pharmaceuticals Ireland Limited's ("Jazz's") December 22, 2023 subpoena to produce documents, information, or objects.

## I.  **Jazz's Requests for Production**

### a.  RFP No. 41

Jazz's RFP No. 41 seeks "[a]ll Documents and Communications transmitting the 2010 Trigger Lock™ Deck and the 2010 Micropump® Deck, including any drafts or alternate versions thereof, to any Person then-employed by Avadel." As stated in Avadel's December 15 letter and during the January 3 meet and confer, such a request as written could be read to require production of every internal transmission of the 2010 Trigger Lock™ Deck and 2010 Micropump® Deck. This request is overly broad and unduly burdensome because any internal Avadel communications regarding these decks are not relevant to whether Avadel took reasonable measures to protect its trade secrets. Furthermore, any possible relevance would be attenuated and not proportional to the burden of reviewing internal communications, many of which are likely to be privileged.

Regarding external communications responsive to RFP No. 41, Avadel agrees that it will produce such communications to the extent they exist and, where necessary, it will redact third-party confidential information pursuant to Paragraph 11 of the Protective Order. D.I. 65 at ¶ 11. To the extent Avadel has obligations to notify third parties of proposed redactions before producing their information, it will do so, and will identify those third parties to Jazz.

**LATHAM&WATKINSLLP**

b. RFP No. 44

Jazz's RFP No. 44 seeks "[a]ll Documents and Communications concerning the similarity of Avadel's FT218 product to Coreg-CR as discussed in paragraph 69 of the Answer." Avadel disagrees with Jazz's contention that "discovery concerning the similarity of Avadel's FT218 product to Coreg-CR is relevant to at least the existence of Avadel's alleged trade secrets[.]" Jan. 5 Ltr. at 3. Jazz has not articulated any basis for any assertion that the Coreg-CR technology or formulation is pertinent to any claim or defense. Indeed, the reference to Coreg-CR came from Jazz's internal documents, and as Jazz itself conceded in its Answer, the alleged similarity between Coreg-CR and Avadel's FT218 product was merely "speculation" by a Jazz employee. *See* Answer at ¶ 69 ("Jazz further states . . . Allphin responded: 'I don't know what Flamel is using,' but speculated (based on publicly available information) that, 'if it's similar to what's used in their Coreg-CR, then it's an enteric polymer and oil (consistent with the '209 patent).'"). Jazz has failed to articulate any reason as to why speculation from a scientist at a different company regarding a different product would be relevant to the issues in this case and compel the production of documents related to Coreg-CR. *See Boston Scientific Corp. v. Nevro Corp.,* C.A. No. 16-1163-CFC-CJB, 2020 WL 5095447, at *2 (D. Del. Aug. 21, 2020) ("Requested information is not relevant, however, if the inquiry is based on mere suspicion or speculation") (citing *Tessera, Inc. v. Broadcom Corp.*, C.A. No. 16-380-LPS-CJB, 2017 WL 4876215, at *2 (D. Del. Oct. 24, 2017)).

c. RFP No. 22

Jazz's RFP No. 22 seeks "[a]ll Documents and Communications authored by, transmitted to, or received from Jeffrey Vick concerning Jazz Pharmaceuticals between January 1, 2009 and the present date, including any Documents and Communications transmitted from Jeffrey Vick to Jazz Pharmaceuticals." During the January 3 meet and confer, Avadel explained that it narrowed the timeframe of documents it agreed to produce to January 1, 2010 to December 31, 2010 because the relevant documents concerning the 2010 CDA would be created in that timeframe. Avadel also explained that Mr. Vick's employment at Flamel ended in 2011. As a compromise to Jazz's demand for an expanded date range for the production in response to this request, Avadel is willing to produce responsive, non-privileged documents and communications created or made between January 1, 2009 and December 31, 2011.

d. RFP No. 24

Jazz's RFP No. 24 seeks "[a]ll Documents and Communications concerning the 'Flamel Technologies Corporation Presentation – March 2010' that was available on Flamel's website on at least May 4, 2010 . . . and all Documents and Communications concerning any information contained therein." Pursuant to Jazz's proposal outlined in its January 5 letter, Avadel agrees to produce relevant, non-privileged documents including, "(1) the copy of the 'Flamel Technologies Corporate Presentation – March 2010" that was available on Flamel's website on at least May 4, 2010 . . . (2) documents and communications regarding the May 4, 2010 publication of the March 2010 presentation on Flamel's website, and (3) documents sufficient to identify those involved in the decision to publish the March 2010 presentation on Flamel's website." Jan. 5 Ltr. at 4.

e. RFP No. 32

**LATHAM&WATKINS**LLP

Jazz's RFP No. 32 seeks "[a]ll Documents and Communications concerning the 'summary report of [Avadel's] pilot clinical study in humans' that Your Complaint alleges You transmitted to Jazz Pharmaceuticals on or about April 1, 2015, and all Documents and Communications concerning any information contained therein."  During the January 3 meet and confer, Avadel explained that while it agrees in principle to Jazz's proposed narrowing of RFP No. 32 to documents and communications regarding the confidentiality and transmittal of the summary report, the proposed language regarding the "preparation" of the summary report was overbroad. Avadel appreciates Jazz's proposed narrowing of this topic in its January 5 letter and agrees to search for and produce "(1) documents and communications regarding the transmittal and confidentiality status of the summary report, (2) documents sufficient to identify those involved in the preparation of and decision to transmit the summary report, and (3) any other public or allegedly confidential disclosure of any of Avadel's alleged trade secrets contained in the summary report." *Id.*

     f.   RFP No. 40

Jazz's RFP No. 40 seeks "[a]ll Documents and Communications transmitting the 2010 Trigger Lock™ Deck and 2010 Micropump® Deck, including any drafts or alternate versions thereof, to any Person not then-employed by Avadel."  Consistent with our representations during the January 3 meet and confer, Avadel agrees to produce non-privileged, relevant documents responsive to RFP No. 40.

     g.   RFP No. 61

Jazz's RFP No. 61 seeks "[a]ll Documents and Communications between or amongst Avadel and/or any third parties regarding Dr. Leslie Z. Benet, including but not limited to Documents and Communications concerning any contemplated, planned, or attempted engagement of Dr. Benet, any Documents transmitted to Dr. Benet pursuant to the CDA, and Communications relating thereto."  In your letter you explain Jazz's belief that such communications are probative of "(1) whether Avadel transmitted any of that information to anyone other than Dr. Benet . . . and (2) Dr. Benet's credibility."  We do not agree that communications regarding Dr. Benet are probative of whether Avadel transmitted its trade secret information to others beside Dr. Benet.  Avadel nonetheless will agree to produce any non-privileged communications from January 1, 2015 to the filing of the Complaint regarding Dr. Benet compliance or lack thereof with his obligations under the 2015 CDA.

     h.   Document Production Timing

Finally, consistent with Avadel's representations during the January 3 Meet and Confer, Avadel confirms that it intends to produce the agreed-upon materials by the February 23, 2024 deadline for substantial completion of document discovery for the custodians in the December 22, 2023 Amended ESI Disclosures.

## II.   Jazz's Interrogatories Nos. 1, 4-6, 7 and 9

During the January 3 meet and confer, Avadel stated it would supplement its responses to Jazz's Interrogatories Nos. 1, 4, 6-7, and 9 and provide a date certain by which it would supplement

**LATHAM&WATKINS**LLP

its responses.  Avadel confirms that it will supplemental its Interrogatory responses by January 26, 2024.

### III.     Jazz's Request for Admission No. 6

Jazz's RFA No. 6 requests that Avadel "[a]dmit that any information you contend Avadel provided to Jazz Pharmaceuticals pursuant to the 2018 CDA was provided no earlier than on July 13, 2018."  On October 11, 2023, Avadel admitted that it provided Jazz with several confidential and proprietary documents on July 13, 2018.  Avadel further maintained that its response reflected "all responsive, nonprivileged information presently known to Avadel."  Dec. 15 Ltr. at 7.

We disagree with Jazz's contention that Avadel's response in its December 15 letter, and its explanation during the January 3 meet and confer, were "impermissibly non-specific, evasive, and ambiguous because it does not directly respond to the requested admission."  Jan. 5 Ltr. at 6. Jazz's RFA No. 6 did not ask Avadel to admit whether it was aware of relevant transmissions before that date, it asked Avadel to admit a fact, one which would require proving a negative. Avadel's concern with that request is not just theoretical, it is practical.  If Avadel sent information to Jazz in June 2018, for example, the sent mail copy of that transmission may have auto-deleted years before this lawsuit.  Jazz, on the other hand, may still retain a copy of that transmission in its email accounts or electronic files.  Given that discovery is in its early stages and Jazz has not yet produced documents, Avadel is not in a position to admit or deny RFA No. 6 as construed by Jazz.

In any event, Avadel supplemented its response to RFA No. 6 on January 9, 2024, following the January 3 meet and confer.  That response reflects Avadel's present knowledge.  We trust that this resolves any issues regarding Avadel's response to RFA No. 6.

### IV.     Avadel's ESI Disclosures

On December 22, 2023, Avadel amended its Initial Disclosures Pursuant to Delaware Default Standard for Discovery, adding several additional custodians.  On the January 3 meet and confer, Jazz contended that two additional custodians, Mike Anderson and Gregg Davis, should be added to Avadel's ESI Disclosures based on Jazz's review of certain documents.  Avadel asked Jazz to identify those documents so that it could evaluate them and consider Jazz's request.



**LATHAM&WATKINS**LLP

likely" to have discoverable information.

### V.   Dr. Roth's Responses and Objections to Jazz's Subpoena



Second, Dr. Roth confirms that he did not intend his response to Request No. 1 to exclude "documents" and he will produce such responsive documents subject to his other objections.

**LATHAM&WATKINS**LLP

subject of the February 2015 communications.

## VI.     Jazz's Response to Avadel's Interrogatory No. 2

During the January 3 meet and confer, Avadel raised its outstanding request for Jazz to provide a response to its November 17, 2023 letter regarding Jazz's failure to provide a complete response to Interrogatory No. 2.  Jazz indicated that it would further consider its position and provide a prompt response.

It has now been two months since our initial November 17 letter, and we have yet to receive a fulsome response beyond a statement confirming that Jazz will supplement its response to Interrogatory No. 2 pursuant to Fed. R. Civ. P. 33(d).  Nov. 27 Ltr.  During the meet and confer, Avadel explained why that supplemental response was insufficient.  You asked that Avadel follow up in writing with that explanation, which it provided on January 11, 2023.  Please confirm that Jazz will supplement its response to Interrogatory No. 2 by January 22, 2024.  Otherwise, please provide your availability for a meet and confer next week.

Sincerely,

*/s/ Russell Mangas*
Russell Mangas
Of LATHAM & WATKINS LLP

# EXHIBIT J

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC and AVADEL PHARMACEUTICALS PLC, | |
| Plaintiffs, | C.A. No. 22-487-GBW |
| v. | |
| JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED, | |
| Defendants. | |

## NOTICE OF THIRD-PARTY SUBPOENAS TO THOMAS ROTH

PLEASE TAKE NOTICE that, pursuant to Rules 30, 34 and 45 of the Federal Rules of Civil Procedure, Defendants Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited ("Jazz") will promptly serve a Subpoena to Testify at a Deposition in a Civil Action, and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on non-party Dr. Thomas Roth.

Jazz will take the deposition upon oral examination of Dr. Roth before a Notary Public or other officer authorized to administer oaths. The deposition will take place on January 2, 2023, or other such date as may be agreed upon by Jazz and Dr. Roth, beginning at 9:00 a.m. Eastern Standard Time. The deposition will take place at the law offices of Kitch Attorneys & Counselors, PC, 1 Woodward Ave # 2400, Detroit, MI 48226, or at a location to be mutually agreed upon in writing by counsel for Jazz and the witness. The deposition will be recorded stenographically and may be videotaped. The deposition will proceed in accordance with the Federal Rules of Civil Procedure and will continue from day to day (Sundays and holidays excluded) until completed,

unless otherwise agreed.  You are invited to attend and participate.  A true and correct copy of the subpoena is attached as Exhibit 1.

The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises includes requests for production of documents listed on the subpoena.  The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises includes requests for production of documents listed on the subpoena.  Such production will be made on December 11, 2023, within fourteen (14) days after the service of this subpoena, at the law offices of Kitch Attorneys & Counselors, PC, 1 Woodward Ave # 2400, Detroit, MI 48226, and electronically via file transfer to jazzvavadel-tradesecret@quinnemanuel.com, in accordance with the Federal Rules of Civil Procedure and in compliance with the Instructions and Definitions set forth in this subpoena, or other such time or place agreed upon by Jazz and Dr. Roth.  A true and correct copy of this subpoena is attached as Exhibit 2.

Dated: November 27, 2023

Respectfully submitted,

OF COUNSEL:

/s/ *Joseph M. Paunovich*

———————————————————

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

Joseph M. Paunovich
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

F. Dominic Cerrito
Gabriel P. Brier
Frank C. Calvosa
Adam DiClemente
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Abigail E. Clark
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
2601 South Bayshore Drive, Suite 1550
Miami, FL 33133
(305) 402-4880

*Attorneys for Defendants*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

# EXHIBIT 1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Avadel CNS Pharmaceuticals, LLC et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   22-487-GBW |
| Jazz Pharmaceuticals, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Dr. Thomas Roth

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kitch Attorneys & Counselors, PC, 1 Woodward Ave # 2400 Detroit, MI 48226 | Date and Time: 01/02/2024 9:00 am |
|---|---|

The deposition will be recorded by this method:     stenographically and videotaped

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/27/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Gabriel Brier |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Jazz Pharmaceuticals, Inc. et al.                                    , who issues or requests this subpoena, are:

Gabriel Brier, Quinn Emanuel Urquhart & Sullivan, LLP 51 Madison Ave, 22nd Fl, New York, NY 10010; gabrielbrier@quinnemanuel.com; 212-849-7486

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 22-487-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 2

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Avadel CNS Pharmaceuticals, LLC et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  22-487-GBW |
| Jazz Pharmaceuticals, Inc. et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                        Dr. Thomas Roth

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Kitch Attorneys & Counselors, PC, 1 Woodward Ave # 2400 Detroit, MI 48226 | Date and Time: 12/11/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/27/2023

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| | /s/ Gabriel Brier |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Jazz Pharmaceuticals, Inc. et al.                                                       , who issues or requests this subpoena, are:

Gabriel Brier, Quinn Emanuel Urquhart & Sullivan, LLP 51 Madison Ave, 22nd Fl, New York, NY 10010; gabrielbrier@quinnemanuel.com; 212-849-7486

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-487-GBW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $       0       .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                 *Server's signature*

                                         _____
                                                 *Printed name and title*

                                         _____
                                                 *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The words and phrases used in these Requests shall have the meanings ascribed to them under the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules of the United States District Court for the District of Delaware.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.  As used herein, the terms "You" or "Your" means Dr. Thomas Roth and any of your employees, consultants, contractors, associates, agents, or representatives that worked at the direction, behest, or on behalf of Dr. Thomas Roth.

2.  As used herein, the term "Avadel" means jointly and severally Avadel Pharmaceuticals PLC, Avadel US Holdings, Inc., Avadel Specialty Pharmaceuticals, LLC, Avadel Legacy Pharmaceuticals, LLC, Avadel Management Corporation and/or Avadel CNS Pharmaceuticals LLC, their officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.  For the avoidance of doubt, the term "Avadel" includes Avadel's predecessor company, "Flamel," which means jointly and severally Flamel Technologies S.A., and/or Flamel Ireland Limited, their officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

3.  As used herein, the term "Jazz" means jointly and severally Jazz Pharmaceuticals, Inc.
    and/or Jazz Pharmaceuticals Ireland Limited, their officers, directors, managers,
    employees, divisions, parent companies, subsidiaries, affiliates, predecessors or
    successors-in-interest, any joint venture to which one or more of them may be a party,
    consultants, agents, and accountants, including any person who served in any such
    capacity at any time.

4.  As used herein, the term "document" shall be construed in its broadest sense in light of
    FEDERAL RULE OF CIVIL PROCEDURE 34 and includes any written, printed, typed,
    recorded, electronic, or graphic matter of every type and description, however and by
    whomever prepared, produced, reproduced, disseminated, or made, in any form,
    including, without limitation, letters, calendars, correspondence, email, telegrams,
    PowerPoint (or other like program) files and/or presentations, memoranda, electronic
    files, spreadsheets, databases, records, minutes, contracts, agreements, leases,
    communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices,
    diaries, summaries, books, messages, instructions, work assignments, notes, notebooks,
    drafts, data sheets, data compilations, worksheets, statistics, speeches, tapes, tape
    recordings, magnetic, photographic, and any other writings or sound recordings.  The
    term "document" includes each copy, version, or reproduction that is not identical to the
    original or any other produced copy, and all associated metadata.

5.  As used herein, the term "communication" shall include any conveyance of information,
    including orally, electronically, or in writing.

6.  As used herein, "concerning" means relating to, referring to, bearing on, regarding,
    describing, evidencing, reflecting, comprising, or constituting.

7. As used herein, the terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; and the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the request that which might otherwise be construed to be outside its scope.

8. As used herein, the term "including" means "including but not limited to."

9. "Any" means "any and all," as necessary to bring within the scope of these requests documents and things that might otherwise be construed to be outside their scope.

## INSTRUCTIONS

The following instructions are applicable herein:

1. These Requests are continuing and require supplemental responses under FED. R. CIV. P. 26(e).

2. If you object to any Request or part of any Request, produce all responsive documents to which your objection does not apply.

3. All associated documents (e.g., an email and all documents attached to that email) are to be produced together.

4. You shall produce the original and each non-identical copy of each document, electronically-stored information, or other tangible thing requested herein which is in Your possession, custody, or control, or that of any of Your employees, consultants, contractors, associates, agents, or representatives. If the original or original carbon copy is not in Your possession, custody, or control, or that of Your employees, consultants,

contractors, associates, agents, or representatives, You shall produce a full, legible copy thereof.

5. The documents or things requested are to be produced as they are kept in the usual course of business, or they are to be organized and labeled to correspond with the Requests to which they are responsive.  If there are no documents or things responsive to any particular Request, so state in writing rather than leave the Request unanswered.

6. If You come into possession, custody, or control of responsive documents or things between the time of initial production and the time of trial herein, promptly produce the responsive documents and things.  If You object to any portion of any Request, identify the portion to which You object, state the basis for the objection, and respond to the remainder.

7. If You have no documents or things responsive to a particular request, You shall state that You have no documents or things responsive to that request.

8. If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

9. If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language you consider ambiguous and state the interpretation you are using in responding.

10. In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state

specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for your conclusion.

11. If an English translation of any requested document exists, additionally produce the English translation.

12. Nothing in these Requests or the Definitions set forth above is construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

13. If You object to producing and withhold from production any information, documents, or things requested herein on grounds of attorney-client privilege, work product immunity or otherwise, provide a privilege log detailed enough to enable other parties to assess the applicability of the privilege asserted, and identify each withheld item including the following information:

    a. the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers);

    b. the date of the document and any attachments;

    c. the type of document;

    d. the Bates numbers of the documents;

    e. the nature of the privilege asserted;

    f. a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product.

14. You are to produce all non-privileged portions of any documents or things that purportedly contain privileged subject matter.

## <u>DOCUMENTS REQUESTED</u>



# EXHIBIT K

1

2                    IN THE UNITED STATES DISTRICT COURT

3                    IN AND FOR THE DISTRICT OF DELAWARE

4

JAZZ PHARMACEUTICALS, INC.,              )
5              Plaintiffs,               )    C.A. No.
v.                                       )    21-691-GBW
6                                        )
AVADEL CNS PHARMACEUTICALS, LLC,         )
7              Defendant                 )
-------------------------------          )
8                                        )    C.A. No.
JAZZ PHARMACEUTICALS, INC., et al.,      )    21-1138-GBW
9              Plaintiffs,               )
v.                                       )
10                                       )
AVADEL CNS PHARMACEUTICALS, LLC,         )
11  Defendant.                           )
-------------------------------          )
12                                       )
JAZZ PHARMACEUTICALS, INC., et al.,      )
13              Plaintiffs,              )    C.A. No.
v.                                       )    21-1594-GBW
14                                       )
AVADEL CNS PHARMACEUTICALS, LLC,         )
15              Defendant.               )

16

17                         - - - -

18                    Wilmington, Delaware
                     Tuesday, February 27, 2024
19                   Trial Day 2

20                         - - - -

21

   BEFORE:   HONORABLE GREGORY B. WILLIAMS
22             UNITED STATES DISTRICT COURT JUDGE

23

                            - - - -
24

25
                         Michele L. Rolfe, RPR, CRR

1
   **APPEARANCES:**

2

3
         **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
         **BY: JEREMY A. TIGAN, ESQ.**

4
                **-and-**

5
         **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

6
         **BY:  ADAM J. DICLEMENTE, ESQ.**
             **NICHOLAS CERRITO, ESQ.**

7
             **FRANK C. CALVOSA, ESQ.**
             **JOSEPH PAUNOVICH, ESQ.**

8
                **The Plaintiff**

9

10
         **MCCARTER & ENGLISH, LLP**
         **BY: ALEXANDRA M. JOYCE, ESQ.**

11

12
                **-and-**

         **LATHAM & WATKINS LLP**

13
         **BY: KENNETH G. SCHULER, ESQ.**
             **MARC N. ZUBICK, ESQ.**

14
             **ALEX GRABOWSKI, ESQ.**

15
                **For Defendant**

16

17

18

19

20

21

22

23

24

25

DIRECT EXAMINATION - MARK RAINEY

1    Q.    And what did you determine about the relevance of the

2    Project Zeta in negotiations to the reasonable royalty rate?

3    A.    Yeah, it didn't establish a royalty rate for the

4    patents-in-suit, you know, not comparable.

5    Q.    And if you heard or know, when did those Project Zeta

6    negotiations occur?

7    A.    Those occurred in 2018, so about 5 years prior to the

8    date of the hypothetical negotiation.

9    Q.    And in that negotiation, what was the proposed

10   relationship between Jazz and Avadel as opposed to their

11   relation in a hypothetical negotiation?

12   A.    Yeah, as we just heard Mr. Divis testify, it was more

13   of a partnership that they were considered in Project Zeta,

14   whereas, a hypothetical negotiation, the two companies would

15   be viewing each other as competitors; they'd be selling

16   competing products if a license were granted.

17   Q.    Okay.  Let me ask you about competing products.

18           In your opinion, what's the commercial

19   relationship between Jazz and Avadel?

20   A.    They are direct competitors.

21   Q.    And what are the facts that led you to conclude that?

22   A.    You know, information from Avadel, third parties, you

23   know, information we've heard testimony about the past

24   couple of days as well is all the type of information we've

25   considered.

## <u>CERTIFICATE OF SERVICE</u>

PLEASE TAKE NOTICE that on April 9, 2024 true and correct copies of the foregoing

document were served on the following counsel in the manner indicated:

### <u>BY EMAIL:</u>

Jack B. Blumenfeld
Jeremy Tigan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

Joseph M. Paunovich
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Streetr, 10th Floor
Los Angeles, CA 90017
Josephpaunovich@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Krista Rycroft
Allison Silber
Andrew Shifren
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evanangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
kristarycroft@quinnemanuel.com
allisonsilber@quinnemanuel.com
andrewshifren@quinnemanuel.com

*Attorneys for Defendants*

Dated: April 9, 2024                    */s/ Daniel M. Silver*
                                        Daniel M. Silver (#4758)