## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, AND AVADEL PHARMACEUTICALS PLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-487-GBW |
| v. | ) ) ) | ████████████████ |
| JAZZ PHARMACEUTICALS, INC., AND JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) ) | REDACTED PUBLIC VERSION FILED AUGUST 6, 2025 |
| Defendants. | ) ) | |

## PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION
## TO DEFENDANTS' RENEWED MOTION TO STAY

## TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ................................................................................................1

II.   BACKGROUND ..................................................................................................2

III.  ARGUMENT .......................................................................................................5

    A.    A Stay Will Neither Substantially Simplify the Issues for Trial nor Serve Judicial Economy .....................................................................................5

    B.    Discovery is Ongoing and a Trial Date Has Been Set ...........................9

    C.    A Stay Would Prejudice Avadel ..........................................................11

IV.   CONCLUSION ..................................................................................................13

TABLE OF AUTHORITIES

Page(s)

## CASES

*American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*,
No. 15-1168-LPS, 2021 WL 616992 (D. Del. Feb. 17, 2021) ................................... 11

*Amsted Rail Co. v. Hum Indus. Tech.*,
No. 22-445-AGF, 2023 WL 2864553 (E.D. Mo. Apr. 10, 2023)......................... 6, 15

*Bos. Sci. Corp. v. Cordis Corp.*,
777 F. Supp. 2d 783 (D. Del. 2011) ......................................................... 14

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015)............................. 12

*Cellectis S.A. v. Precision Biosciences*,
883 F. Supp. 2d 526 (D. Del. 2012) ......................................................... 5

*Clearly Clean Prods., LLC v. Tekni-Plex, Inc.*,
No. 20-4723, 2022 WL 22893877 (E.D. Pa. Feb. 16, 2022)................................... 6

*Endo Pharms. Inc. v. Mylan Pharms. Inc.*,
No. 11-717-RMB-KW, 2014 WL 2532179 (D. Del. June 2, 2014)........................... 8

*Endo Pharms. Inc. v. Mylan Pharms. Inc.*,
No. 11-717-RMB-KW, 2014 WL 334178 (D. Del. Jan. 28, 2014)........................... 8

*FMC Corp. v. Summit Agro USA, LLC*,
No. 14-51-LPS, 2014 WL 3703629 (D. Del. July 21, 2014) ......................... 6, 13, 14

*Gratuity Sols., LLC v. Toast, Inc.*,
No. 22-11539-JEK, 2024 WL 1770816 (D. Mass. Apr. 24, 2024) ........................... 6

*ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*,
No. 12-054-GMS-MPT, 2013 WL 663535 (D. Del. Feb. 25, 2013)......................... 12

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)......................... 6, 12

*Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC*,
136 F.4th 1075 (Fed. Cir. 2025) ............................................................. 4

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
No. 17-14-JFB-SRF, 2018 WL 11189633 (D. Del. Dec. 12, 2018)........................... 6

*Malascalza v. Nat'l R.R. Passenger Corp.*,
    118 F.3d 1576 (3d Cir. 1997) ................................................................... 8

*Malascalza v. Nat'l R.R. Passenger Corp.*,
    No. 93-474 MMS, 1996 WL 159650 (D. Del. Mar. 12, 1996) ................................... 8

*Minerva Surgical, Inc. v. Hologic, Inc.*,
    No. 18-217-JFB-SRF, 2021 WL 1840645 (D. Del. May 7, 2021) ............................... 7

*Minerva Surgical, Inc. v. Hologic, Inc.*,
    No. 18-217-JFB-SRF, 2021 WL 2856596 (D. Del. July 8, 2021) ............................... 7

*Modoral Brands Inc. v. Swedish Match N.A. LLC*,
    No. 21-5013-SB-MRWx, 2022 WL 2188539 (C.D. Cal. Mar. 1, 2022) ................................. 10

*PopSockets LLC v. Quest USA Corp.*,
    No. 17-3653-FB-CLP, 2018 WL 4660374 (E.D.N.Y. Sept. 28, 2018) ............................... 6, 11

*Regeneron Pharms., Inc. v. Amgen Inc.*,
    No. 22-697-RGA, 2023 WL 2587809 (D. Del. Mar. 21, 2023) ................................... 13

*Regeneron Pharms., Inc. v. Amgen Inc.*,
    No. 22-697-RGA-JLH, 2023 WL 1927544 (D. Del. Feb. 10, 2023) ........................... 13

*SenoRx, Inc. v. Hologic, Inc.*,
    No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) ............................... 14

*Softview LLC v. Apple Inc.*,
    No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ................................... 11

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
    No. 17-1390-LPS-CJB, 2020 WL 3060458 (D. Del. June 9, 2020) ........................... 16

*Sunshine Enclosures LLC v. Final Bell Corp.*,
    No. 23-8466-CAS-AGRx, 2024 WL 4557889 (C.D. Cal. Oct. 18, 2024) ................................. 6

*Textron Innovations Inc. v. Toro Co.*,
    No. 05-486-GMS, 2007 WL 7772169 (D. Del. Apr. 25, 2007) ............................... 15

## I.    INTRODUCTION

In its renewed motion to stay this case, Jazz repeats its argument that the jury's verdict in Jazz's affirmative patent infringement case "greatly simplifies, if not completely eliminates" Avadel's trade secret claims.[1]  D.I. 147 at 1; D.I. 86 at 1.  That argument remains incorrect.  In fact, over a year ago, in successfully opposing Avadel's motion to consolidate this case with Jazz's patent infringement case,[2] Jazz insisted that numerous unique issues of fact and law *made consolidation inappropriate*.  D.I. 53 at 1-3.  The Court accepted Jazz's arguments and kept the cases separate.  D.I. 68.  Having prevailed on the argument that the two cases *do not* significantly overlap, Jazz cannot now argue the exact opposite.

Nor is Jazz correct to imply that *no discovery* has taken place.  While the parties have not yet taken depositions, Jazz has served deposition notices as well as several subpoenas (Avadel was on the verge of doing the same), and the parties have produced over 650,000 documents.  *See, e.g.*, D.I. 123, 132.  The parties are moving forward; in fact, two days after Jazz filed the instant motion, the Court entered the Amended Scheduling Order setting the timetable through trial in February 2028.  D.I. 149.

Finally, granting Jazz's renewed motion to stay would prejudice Avadel.  Avadel filed this case in 2022 and it is set for trial in February 2028.  D.I. 149.  The stay that Jazz seeks would likely push the trial of this case into 2029 or beyond.  There is no justification for such a substantial delay.  Jazz's request for a stay should be denied.

---

[1] For purposes of this brief, "Jazz" means Defendants Jazz Pharmaceuticals, Inc., and Jazz Pharmaceuticals Ireland Limited; and "Avadel" means Plaintiffs Avadel CNS Pharmaceuticals, LLC, and Avadel Pharmaceuticals PLC.

[2] "Patent Case" refers to C.A. Nos. 21-691, 21-1138, and 21-1594. Citations to the Patent Case docket are to C.A. No. 21-691.

1

## II.    BACKGROUND

On July 20, 2023, after the Court denied Jazz's motion to dismiss this case, Avadel proposed consolidating it with Jazz's patent infringement case to promote efficiency and avoid duplication of effort.  Ex. A (2023.07.20 Email from A. Sawyer) at 2.  On July 26, 2023, Jazz informed Avadel that it disagreed that the cases should be consolidated.  *Id*. (2023.07.26 Email from G. Kirsner) at 1.  However, in early August 2023, Jazz indicated it was re-considering the consolidation of the trade secrets and patent actions.  *See* Ex. B (2023.08.15 Email from G. Brier) at 1.  On August 14, 2023, Avadel reached out to Jazz again regarding the issue of consolidation. *Id.*.  The following day, Jazz notified Avadel that it once again opposed consolidation.  *Id.*  That same day, the parties submitted letters to the Court laying out their respective positions.  D.I. 52, 53.  Avadel requested consolidation to allow for a single jury trial resolving all disputes regarding "patent infringement, inventorship, and trade secret misappropriation," and attached a proposed order with a modified case schedule.  D.I. 52 at 1-2.

Jazz opposed consolidation, arguing that "[c]onsolidation of the trade secrets case and the patent cases at this time will *not* facilitate the administration of justice, but rather, will assist Avadel in its strategic goal of delaying resolution of the disputes[.]"  D.I. 53 at 1 (emphasis in original). Jazz further asserted that "there are insufficient commonalities of law and fact in these actions to justify consolidation. The law regarding misappropriation of trade secrets and breach of three different contracts is completely divergent from the law concerning patent infringement – ***one has nothing to do with the other***."  *Id.* at 2 (emphasis added); *see also id.* ("The law and facts surrounding the trade secrets and breach of contract claims in the trade secrets case are ***wholly different*** from the patent infringement and validity issues raised in the patent cases." (emphasis added)).  Regarding inventorship, Jazz argued that "the inventorship issues presented in the patent cases and in the trade secrets cases are based on different allegations by Avadel," and "any

purported related issue is only on the surface level and given the differences in the allegations, consolidation would only lead to jury confusion." *Id.* at 3. On November 3, 2023, the Court agreed with Jazz, and denied consolidation because the Patent Case and trade secrets case "do not share enough common issues of law to justify consolidation[.]" D.I. 68.

Following the Court's ruling, on November 17, 2023, the parties entered a Proposed Scheduling Order in the instant action, with a request for jury trial to be scheduled in September 2025. D.I. 70. The parties were proceeding through discovery, when in late January 2024, just prior to the start of trial in the Patent Case, the parties agreed to a temporary stay and extended discovery deadlines in both this trade secrets case and the antitrust case in an effort to conserve judicial and party resources. D.I. 83; D.I. 84; C.A. No. 22-941, D.I. 79; Ex. C (2024.01.16 Email from K. Wu).

Notably—and consistent with its successful effort to avoid consolidation—at no time during the parties' discussions regarding the case schedule did Jazz indicate that the progress of this case depended on the outcome of the Patent Case. *See* Ex. D (2024.02.01 Email from G. Kirsner) at 1.

On March 8, 2024, four days after the jury verdict in the Patent Case, Jazz informed Avadel that it intended to move to stay the instant action because it claimed that "the jury's verdict, if not overturned, renders Avadel's claims in this matter unviable." Ex. E (2024.03.08 Email from G. Kirsner) at 5. Jazz formally moved to stay on March 19, 2024. D.I. 85. At the same time, Jazz renewed its motion to stay the antitrust action pending "resolution of post-trial briefing and the appeal, if any, of the jury's verdict" in the Patent Case. C.A. No. 22-941, D.I. 80, 80-1. Avadel opposed Jazz's multifront motions to stay and discovery proceeded. D.I. 89; C.A. No. 22-941, D.I. 82. Just as the parties were gearing up for depositions in this case, on August 27, 2024, this Court issued its limited injunction order in the Patent Case. C.A. 21-691, D.I. 666. Avadel

3

immediately appealed and sought Jazz's consent to an expedited appeal briefing schedule. Ex. F (2024.08.29 Ltr. from K. Schuler) at 1. Jazz, who previously faulted Avadel for allegedly trying to "horse trade" a stay in the trade secret action in exchange for the antitrust case proceeding, did the exact same thing, conditioning its assent to an expedited appeal briefing schedule on the Court's injunction order on a stay of the trade secret case during the pendency of the appeal. D.I. 86 at 1; Ex. G (2024.09.04 Ltr. from G. Bell) at 1-2.

Given the importance of expediting the injunction appeal to its ongoing idiopathic hypersomnia (IH) clinical trial, Avadel agreed to Jazz's proposal. On September 6, 2024, the parties filed a stipulation and proposed order to stay this case until the Federal Circuit resolved the appeal of the injunction order in the Patent Case. D.I. 138. Given the stipulation, the Court denied Jazz's motion to stay as moot and entered the parties' stipulation. D.I. 139.

On May 6, 2025, the Federal Circuit resolved the appeal of the Court's permanent injunction in the Patent Case in a three-part decision. *Jazz Pharms., Inc. v. Avadel CNS Pharms., LLC*, 136 F.4th 1075 (Fed. Cir. 2025). First, the Federal Circuit reversed the part of the injunction pertaining to new clinical trials for LUMRYZ and open label extension periods for existing clinical trial participants. Second, the Federal Circuit vacated the portion of the injunction directed to efforts to seek FDA approval of LUMRYZ for any new indication not already part of the LUMRYZ label as of March 4, 2024. Finally, the Federal Circuit remanded the issue of Avadel's ability to seek regulatory approval for new indications to this Court.

On July 14, 2025, the parties filed a Joint Status Report in this case setting forth a proposed schedule along with Jazz's renewed request for a stay. D.I. 148; D.I. 146. Two days later, on July 16, 2025, this Court entered an Amended Scheduling Order adopting Avadel's proposed schedule. D.I. 149. The parties are now proceeding expeditiously with discovery, including having multiple meet and confers over the past two weeks regarding various discovery issues and agreeing to

4

jointly supplement interrogatory responses on July 29, 2025. Ex. H (2025.07.17 Email from K. Welsh) at 1.

## III.    ARGUMENT

Motions to stay invoke the broad discretionary powers of the court. *Cellectis S.A. v. Precision Biosciences*, 883 F. Supp. 2d 526, 532 (D. Del. 2012) (citations omitted).  Courts consider three factors in determining whether a stay is appropriate: (1) whether the stay will simplify the issues for trial; (2) the status of the litigation, including whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage.  *Id.*

Jazz has not shown that any of these factors warrant its requested stay.  To the contrary, all three factors support moving forward on the recently-entered schedule.

### A.    A Stay Will Neither Substantially Simplify the Issues for Trial nor Serve Judicial Economy

Courts routinely deny motions for stays premised on multiple proceedings where there are sufficiently distinct factual and legal issues between two cases such that final resolution of the issues in one would not substantially simplify the issues in the second.[3]  *See FMC Corp. v. Summit*

---

[3] Each of Jazz's cited cases are readily distinguishable and involve situations where: (1) the consolidated patent and trade secrets claims were co-mingled as part of a *single* case; or (2) there was a pending *inter partes* review or reexamination of the patent-in-suit.  *See, e.g.*, *Clearly Clean Prods., LLC v. Tekni-Plex, Inc.*, No. 20-4723, 2022 WL 22893877, at *1 n.1 (E.D. Pa. Feb. 16, 2022) (granting stay pending *inter partes* review where district court action involved *both* patent and trade secrets claims together); *Amsted Rail Co. v. Hum Indus. Tech.*, No. 22-445-AGF, 2023 WL 2864553, at *5 (E.D. Mo. Apr. 10, 2023) (same); *PopSockets LLC v. Quest USA Corp.*, No. 17-3653-FB-CLP, 2018 WL 4660374, at *1 (E.D.N.Y. Sept. 28, 2018) (granting stay pending *inter partes* review where district court action involved patent, copyright, Lanham Act, and various state law unfair competition and tort claims); *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *12 (D. Del. Aug. 21, 2019) (granting stay pending *inter partes* review of the patent-in-suit); *Gratuity Sols., LLC v. Toast, Inc.*, No. 22-11539-JEK, 2024 WL 1770816, at *1 (D. Mass. Apr. 24, 2024) (same); *Sunshine Enclosures LLC v. Final Bell Corp.*, No. 23-8466-CAS-AGRx, 2024 WL 4557889, at *9 (C.D. Cal. Oct. 18, 2024) (granting stay pending reexamination of the patent-in-suit).

*Agro USA, LLC*, No. 14-51-LPS, 2014 WL 3703629, at *3 (D. Del. July 21, 2014) (denying stay where "the legal issues at play" "are substantially different"); *Liqwd, Inc. v. L'Oréal USA, Inc.*, No. 17-14-JFB-SRF, 2018 WL 11189633, at *3 (D. Del. Dec. 12, 2018) (concluding "a stay of the present litigation is not likely to substantially simplify the issues for trial"); *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 18-217- JFB-SRF, 2021 WL 1840645, at *2 (D. Del. May 7, 2021), *aff'd*, No. 18-217-JFB-SRF, 2021 WL 2856596 (D. Del. July 8, 2021) ("A stay will not simplify the issues for trial in this case because the legal issues in the Third Action are substantially different from the legal issues in the Second Action.").

Here, Jazz is estopped from arguing that the factual and legal issues in these two cases are insufficiently distinct.  While Jazz contends that Avadel's trade secrets case has significant overlapping factual and legal issues with the Patent Case, Jazz previously took precisely the opposite position in successfully opposing consolidation.  There, Jazz argued that the "***law and facts surrounding the trade secrets and breach of contract claims in the trade secrets case are wholly different from the patent infringement and validity issues raised in the patent cases*** and will require substantial (and unrelated) discovery, briefing, and argument to litigate each of these claims." *Compare* D.I. 53 (Jazz's Opp. to Consolidation Ltr.) at 2 (emphasis added) *with* D.I. 147 (Jazz's Renewed Motion to Stay) at 6 ("Granting a stay until final resolution of the jury verdict will greatly simplify, if not completely eliminate, issues in this case.").  The Court agreed with Jazz and denied consolidation of the trade secrets and patent actions, noting that "the patent cases and the trade secrets case ***do not share enough common issues of law*** to justify consolidation under the circumstances."  D.I. 68 (emphasis added).  Jazz is now reversing course from its prior position, which, importantly, the Court *agreed with.*  Jazz is judicially estopped from engaging in such gamesmanship.  *See Endo Pharms. Inc. v. Mylan Pharms. Inc*., No. 11-717-RMB-KW, 2014 WL 334178, at *9 (D. Del. Jan. 28, 2014), *motion for relief from judgment granted*, No. 11-717-

RMB-KW, 2014 WL 2532179 (D. Del. June 2, 2014) (applying judicial estoppel where party's "current position—that its infringement claims against [defendant] on the [patents] should have remained a part of this case—is directly contradicted by the arguments made before this Court") (internal citations omitted); *see also Malascalza v. Nat'l R.R. Passenger Corp.*, No. 93-474 MMS, 1996 WL 159650, at *5 (D. Del. Mar. 12, 1996), *aff'd*, 118 F.3d 1576 (3d Cir. 1997) ("[A] party who has gained an advantage by characterizing the *law or facts* involved in a case should not later be able to contradict that characterization to obtain a further advantage.") (emphasis in original).

There is ample reason to estop Jazz from seeking a stay of this case. Jazz obtained a benefit from advancing its prior position that the two cases involve distinct issues. Indeed, Jazz successfully pursued a motion *in limine* precluding Avadel from offering evidence during the patent trial that it contended was relevant only to trade secret issues. *See* C.A. No. 21-691, D.I. 540 at 6-7 (granting Jazz's motion *in limine* "to the extent that Jazz seeks to preclude Avadel from offering evidence or argument that is not relevant to this case on the grounds that it is solely relevant to . . . other litigation between the parties.").

Tellingly, Jazz's motion never explains *how* resolution of the patent action would affect the trade secrets action such that it would "resolve" or even streamline issues in this case. That is because it cannot. Rather than pointing to what exactly would be resolved if the Patent Action were to proceed at the expense of the Trade Secret case, Jazz instead spends nearly three pages pointing to *some* overlapping evidence between the prior Patent Action and instant action, while entirely ignoring the distinct legal and factual issues present only in the trade secret case, such as breach of confidentiality or misuse of Avadel's confidential and proprietary information. D.I. 147 at 8-10. Importantly, these issues could not have been resolved in the Patent Action, in part because Avadel was **precluded** from presenting evidence relevant to those issues. C.A. 21-691, D.I. 540 at 7. Thus, Jazz's claim that "Avadel had full opportunity to present, and the jury heard,

Avadel's 'overlapping' evidence" is a gross overstatement.  D.I. 147 at 9.  Indeed, even if this Court were to grant Jazz's Renewed Motion to Stay and the Patent Action was resolved first, there would still be a multitude of independent and live issues to be resolved in this case, including the breach of contract claims and the trade secret misappropriation claims.  At bottom, Jazz was required to do more than point to *some* overlap between the two cases.  Particularly given Jazz's prior success arguing that there was little overlap, Jazz should not get the benefit of the doubt.  *See Modoral Brands Inc. v. Swedish Match N.A. LLC*, No. 21-5013-SB-MRWx, 2022 WL 2188539, at *3-4 (C.D. Cal. Mar. 1, 2022) (denying defendant's motion for stay of trade secrets claims pending appeal of the Markman order in a related patent case despite common underlying factual issues because the claims were not "so intertwined that proceeding with the trade secrets claims would be nearly impossible" and the court was "faced with the prospect of multiple trials anyway").

Despite failing to show sufficient overlap between the two cases to justify a stay of this case, Jazz argues in its renewed motion to stay that such a stay "would serve the interests of judicial economy by streamlining resolution of interrelated issues pending before this Court."  D.I. 147 at 9.  Delaying resolution of a case set for trial indefinitely does not serve judicial economy.  And notably Jazz did not raise any concerns regarding judicial economy when it first moved to stay this trade secret case—despite identical circumstances.  Moreover, Jazz is not asking for a stay only while this Court considers the injunction remand, nor is Jazz asking for a stay only while this Court considers the injunction remand and any associated appeal, a process which in and of itself could take more than a year.  Instead, Jazz is asking this Court to stay this case through the injunction remand and any appeal, through post-trial briefing, this Court's decision on the same, and through the likely appeal.  D.I. 146.  That is not judicial economy; it seeks to impose bald and undue delay and prejudice upon Avadel.

Jazz's case law support for its judicial economy argument does not counsel otherwise. In *American Axle & Manufacturing, Inc. v. Neapco Holdings LLC*, judicial economy was a legitimate concern where the moving party requested a stay of the district court proceedings during the pendency of a writ of certiorari in the Supreme Court involving claims from the same patent-at-issue—a stay of no more than two months. No. 15-1168-LPS, 2021 WL 616992, at *1-2 (D. Del. Feb. 17, 2021). And in *PopSockets*, the court found judicial economy in a one year stay pending *inter partes* review to avoid bifurcation where "underlying factual disputes are intertwined." 2018 WL 4660374, at *2; 35 U.S.C. § 316(a)(11) ("[T]he final determination in an inter partes review [must] be issued not later than 1 year after the date on which the Director notices the institution."). None of the above circumstances are presented here. Instead, Jazz asks for a stay for an indefinite period of time while a case having "wholly different" facts (in Jazz's words) sits on hold. D.I. 53 (Jazz's Opp. to Consolidation Ltr.) at 2. As such, the distinct issues in this case favors denying the requested stay.

**B.    Discovery is Ongoing and a Trial Date Has Been Set**

Courts routinely deny motions to stay where the Court has expended time and resources resolving disputes, discovery is progressing, and a trial date has been set. *See, e.g.*, *Softview LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) (finding that the status of the litigation did not favor a stay, even where the litigation remained at an "early stage," since the parties and the Court had devoted "[s]ubstantial time and resources . . . to scheduling and . . . resol[ving] discovery disputes" and other pending motions); *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054-GMS-MPT, 2013 WL 663535, at *3 (D. Del. Feb. 25, 2013), *report and recommendation adopted*, No. 12-054-GMS-MPT, 2013 WL 1743854 (D. Del. Apr. 22, 2013) (declining to find that status of litigation favors a stay even though "no trial date has

been set" given that "discovery is ongoing, a scheduling order has been issued, with cut off dates for discovery, including expert discovery . . . loom[ing] in the near future").

That is precisely the situation here.  The Court entertained substantial briefing on Jazz's motion for judgment on the pleadings, held oral argument, and denied the motion by way of a thorough opinion rejecting each of Jazz's various arguments.  D.I. 48 at *passim*.  Importantly, and contrary to Jazz's cited cases, this is not a situation in which no discovery has commenced or no trial date has been set.  *Contra IOENGINE*, 2019 WL 3943058, at *5 (granting stay where plaintiff "recent[ly] fil[ed] [] a motion for leave to supplement its complaint and its answer and counterclaims with a newly issued patent" necessitating the discovery process to begin anew); *CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (granting stay where "no trial date ha[d] been set.").  Discovery is actively progressing, contrary to Jazz's assertions.  For example, several depositions have been noticed (D.I. 132), nine third-party subpoenas have been served (*see, e.g.*, D.I. 128, 129, 134), Avadel has provided a thirty-page identification of its trade secrets in response to Jazz's interrogatories, and over 650,000 documents have been produced.  Indeed, in just these last two weeks since Jazz filed its renewed stay motion, the parties have met and conferred, agreed to supplement interrogatory responses, and exchanged several rounds of discovery correspondence.  Moreover, on July 16, 2025, the Court entered Avadel's Proposed Scheduling Order that set discovery deadlines as well as a trial date.  D.I. 149.

Further, contrary to Jazz's contention, Avadel's position regarding the progression of this case has always been consistent.  It sought extensions to the case schedule only where there was no court-ordered case schedule and to preserve party resources while other cases were pending, including the February 2024 patent trial and the August 30, 2025 Federal Circuit appeal, as Jazz

implicitly acknowledges.  D.I. 147 at 10-12.  As such, the progress to date in this case favors denying the requested stay.

### C.    A Stay Would Prejudice Avadel

It is well established that courts are reluctant to stay proceedings where the parties are direct competitors and a stay would present a clear tactical disadvantage to the non-moving party. *FMC Corp.*, 2014 WL 3703629, at *4; *Regeneron Pharms., Inc. v. Amgen Inc*., No. 22-697-RGA-JLH, 2023 WL 1927544, at *8 (D. Del. Feb. 10, 2023), *report and recommendation adopted*, No. 22-697-RGA, 2023 WL 2587809 (D. Del. Mar. 21, 2023) (denying a stay and finding prejudice in "a competitor case involving pharmaceutical products" where plaintiff was "being driven out of the market as a result of [defendant's] conduct"); *Bos. Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011) (finding that the parties' relationship weighed against a stay where the parties were the "only stent manufacturers permitted by law" to market drug-eluting stents).  In such situations, courts have recognized that "delaying adjudication of a dispute between the competing parties then can have outsized consequences to the party asserting [claims for relief]." *FMC Corp.*, 2014 WL 3703629, at *5 (internal citations omitted); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *9 (D. Del. Jan. 11, 2013) ("The prejudice to [competitors]—in terms of the threatened harm . . . and the clear delay that a stay would occasion—strikes the Court as more compelling, immediate and certain when compared to the potential for efficiency gains or simplification of the issues that might result from [resolution of the other action].").

A stay would result in the type of prejudice to Avadel that courts routinely rely upon as the basis for rejecting a stay.  There is no dispute that Avadel's and Jazz's oxybate products compete directly for narcolepsy patients.  Ex. I at 575:18-20 ("Q. In your opinion [Mr. Rainey], what's the commercial relationship between Jazz and Avadel? A. They are direct competitors.").  It should

not be overlooked that Jazz previously argued that consolidating the patent and trade secrets cases was inappropriate because it would "*not* facilitate the administration of justice, but rather, will assist Avadel in its strategic goal of delaying resolution of the disputes[.]"  D.I. 53 at 1 (emphasis in original).  That was not Avadel's goal then, and it is not Avadel's goal now.  To the contrary, it is Jazz that wants to delay the progress of all of Avadel's affirmative claims indefinitely.  This Court should reject Jazz's attempts to use "the court in gamesmanship or dilatory tactics."  *Textron Innovations Inc. v. Toro Co.*, No. 05-486-GMS, 2007 WL 7772169, at *1 (D. Del. Apr. 25, 2007).

The fact that Avadel previously agreed to stay the instant case is irrelevant, and Jazz cites to no case law indicating otherwise.  What is relevant to the prejudice inquiry, as Jazz's cited case notes, is Avadel's "demonstrat[ion of] concrete and particularized harm," in that the parties are direct competitors, which "strongly disfavor[s] a stay."  *Am. Axle & Mfg.*, 2021 WL 616992, at *2.  Also relevant, as Jazz's other cited case notes, is Jazz's "dilatory motive" in filing serial stay motions in an effort to gain a "clear tactical []advantage."  *Amsted Rail Co.,* 2023 WL 2864553, at *4.  As stated *supra*, and as Jazz acknowledges, Avadel agreed to stay this case pending both the February 2024 patent trial and the Federal Circuit appeal.  Now that both those cases are resolved and given the distinct factual issues presented in this case, there is simply no reason to further delay this action.

Finally, a stay would prejudice Avadel's opportunity to seek injunctive relief for any ongoing trade secret misuse (including by way of Jazz's ongoing patent prosecution efforts), which likewise would cause undue prejudice to Avadel.  D.I. 2 at Prayer for Relief ¶¶ E, G.  As of March 31, 2025, Jazz still has a "planned trial" of JZP-324 its "oxybate extended-relief formulation."  Jazz Pharms., Inc., Mar. 31, 2025 Quarterly Report (Form 10-Q) (May 7, 2025) https://www.sec.gov/Archives/edgar/data/1232524/000123252425000027/jazz-20250331.htm  at 41 ("We are also pursuing early-stage activities related to the development of JZP324, an

extended-release low sodium, oxybate formulation that we believe could provide a clinically meaningful option for narcolepsy patients."). Should Jazz proceed with its planned trial, Avadel may need to seek injunctive relief to prevent further misappropriation of Avadel's trade secrets. As courts in this district have held, a plaintiff suffers "undue prejudice from a stay" where it "might eliminate [a plaintiff's] opportunity to seek injunctive relief." *Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, No. 17-1390-LPS-CJB, 2020 WL 3060458, at *8 (D. Del. June 9, 2020). For this additional reason, a stay would prejudice Avadel.

## IV.    CONCLUSION

For the foregoing reasons, Avadel respectfully requests the Court deny Jazz's Renewed Motion to Stay this trade secret case.

Dated: July 28, 2025

MᴄCARTER & ENGLISH, LLP

*Of Counsel*:

Kenneth G. Schuler
Marc N. Zubick
Russell Mangas
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
marc.zubick@lw.com
russell.mangas@lw.com
alex.grabowski@lw.com

*/s/ Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

*Counsel for Plaintiffs*

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
Herman.Yue@lw.com

Kelly A. Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
(202) 350-5361
Kelly.welsh@lw.com

Daralyn J. Durie
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA, 94105-2482
(415) 365-6666
ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
P (213) 892-5200
kira.davis@mofo.com
kmcnutt@mofo.com

# EXHIBIT A

| From: | Geoff Kirsner <geoffkirsner@quinnemanuel.com> |
|---|---|
| Sent: | Wednesday, July 26, 2023 8:59 AM |
| To: | Sawyer, Audra (DC); JazzAvadel |
| Cc: | #C-M JAZZ PATENT LITIGATION  - LW TEAM; MoFo-Avadel-Jazz@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; JBlumenfeld@morrisnichols.com; JTigan@morrisnichols.com |
| Subject: | RE: Jazz v. Avadel - Trade Secret Case |

Counsel,

Jazz disagrees that the patent infringement and trade secret cases should be consolidated.  Below is a proposed schedule for the latter.  We are available to meet and confer today before 1 PM ET.

| Event | Date |
|---|---|
| 26(a)(1) Initial Disclosures | Five (5) days from entry of the scheduling order |
| Protective Order Submission Deadline | Within 10 days from entry of the scheduling order |
| ESI Paragraph Three (3) disclosures | Within 30  days from entry of the scheduling order |
| All motions to join other parties, and to amend or supplement the pleadings | November 10, 2023 |
| Substantial Completion of Document Discovery | December 22, 2023 |
| Fact Discovery Cutoff | March 29, 2024 |
| Opening Expert Reports | May 3, 2024 |
| Rebuttal Expert Reports | May 31, 2024 |
| Reply Expert Reports | June 28, 2024 |
| Expert Discovery Cutoff | August 30, 2024 |
| Daubert Motions | November 1, 2024 |
| Case Dispositive Motions served and filed on or before | November 1, 2024 |
| Proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms due | February 28, 2025 |
| Pretrial Conference | March 10, 2025 |
| Jury Trial Begins (5 days) | March 17, 2025 |

Regards,
Geoff

**From:** Audra.Sawyer@lw.com <Audra.Sawyer@lw.com>
**Sent:** Tuesday, July 25, 2023 10:51 PM
**To:** JazzAvadel <jazzavadel@quinnemanuel.com>
**Cc:** jazzpatentlitigation.lwteam@lw.com; MoFo-Avadel-Jazz@mofo.com; DSilver@McCarter.com; ajoyce@mccarter.com; JBlumenfeld@morrisnichols.com; JTigan@morrisnichols.com
**Subject:** RE: Jazz v. Avadel - Trade Secret Case

**[EXTERNAL EMAIL from audra.sawyer@lw.com]**

Counsel,

Please provide your position by close of business tomorrow (Wednesday), and if you disagree please provide your availability to meet and confer on Thursday 7/27.

Thanks,

Audra

**From:** Sawyer, Audra (DC)
**Sent:** Thursday, July 20, 2023 7:47 PM
**To:** JazzAvadel <jazzavadel@quinnemanuel.com>
**Cc:** #C-M JAZZ PATENT LITIGATION - LW TEAM <jazzpatentlitigation.lwteam@lw.com>; MoFo-Avadel-Jazz@mofo.com; Silver, Daniel <DSilver@McCarter.com>; Joyce, Alexandra <ajoyce@mccarter.com>; JBlumenfeld@morrisnichols.com; Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Subject:** Jazz v. Avadel - Trade Secret Case

Counsel,

In light of the Court's decision denying Jazz's motion to dismiss the trade secret case and the existence of overlapping issues, documents, and witnesses between the patent and trade secret cases, Avadel believes that the two cases should be consolidated to, *inter alia*, promote efficiency and to avoid duplication of effort. Please let us know by tomorrow if Jazz agrees, and if not, if you are available to meet and confer on Monday, July 24.

Thanks,

**Audra Sawyer**

**LATHAM & WATKINS LLP**

555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304

D: +1.202.637.3393

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT B

| | |
|---|---|
| **From:** | Gabriel Brier <gabrielbrier@quinnemanuel.com> |
| **Sent:** | Tuesday, August 15, 2023 6:37 AM |
| **To:** | Silver, Daniel |
| **Cc:** | JazzAvadel; Tigan, Jeremy A.; #C-M JAZZ PATENT LITIGATION  - LW TEAM; MoFo-Avadel-Jazz@mofo.com |
| **Subject:** | Re: Jazz/Avadel -- Patent + Trade Secret Case Consolidation |

Dan,

Jazz had been diligently considering Avadel's request.  But as we explained to you at the beginning of this, Jazz did not see a basis for consolidation and Avadel has yet to provide one.  Also, Jazz has already provided Avadel with a proposed schedule.  Avadel, on the other hand, is seeking to unilaterally approach the Court without ever providing a proposed schedule to Jazz.  Please provide Avadel's portion of the joint letter as soon as possible this morning.

With respect to the depositions, Jazz had to reschedule Mr. Mindus' deposition due to scheduling conflicts, much like Avadel did for Ms. Pound.  We also remind you that Avadel offered Mr. Divis outside the schedule the parties agreed upon.  Trying to create disputes where there is no basis for doing so is not productive.

Regards,

Gabe


On Aug 14, 2023, at 9:41 PM, Silver, Daniel <DSilver@mccarter.com> wrote:

**[EXTERNAL EMAIL from dsilver@mccarter.com]**

Counsel,

In reliance on the representation that we would receive an answer last week, we agreed to extend the deadline for the submission of a proposed schedule in the trade secret case to facilitate the parties' discussions regarding scheduling and consolidation with the patent case.  We also put off two depositions at Jazz's request, in reliance on the representation that Jazz was giving the consolidation issue due consideration.  Thereafter, Jazz unilaterally postponed the deposition of one its remaining damages witnesses, and failed to follow through on its commitment to provide its position by the end of last week.  Accordingly, we understand that the parties are at an impasse on the issue of consolidation and will be submitting our proposed consolidated schedule tomorrow, without further delay.

Thank you and best regards,
Dan

<image001.png>

**Daniel M. Silver | Wilmington Office Managing Partner**
McCarter & English, LLP

Renaissance Centre, 405 N. King Street, 8th Floor | Wilmington, DE 19801

dsilver@mccarter.com | www.mccarter.com | V-Card
T 302.984.6331    M 814.571.1414

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# EXHIBIT C

| | |
|---|---|
| **From:** | Wu, Kevin (Bay Area) |
| **To:** | Avi Grunfeld; Huttinger, Henry; Nicolas Siebert; Brown, Chris (DC); DSilver@McCarter.com; ajoyce@mccarter.com; Durie, Daralyn J.; McGowan, David F.; Okuliar, Alexander; Forrest, Haydn; Devlin, Alan (DC); Conner, Ian (DC); Rathbun, Anna (DC); Greeley, Christine (Bay Area); Triantafyllou, Kimon (DC); #C-M JAZZ PATENT LITIGATION - LW TEAM; MoFo-Avadel-Jazz; #C-M AVADEL ANTITRUST - LW TEAM |
| **Cc:** | Jazz Avadel Antitrust; JazzAvadel; Jack Blumenfeld; Tigan, Jeremy A. |
| **Subject:** | RE: Jazz v. Avadel - No. 22-00941-GBW -- Avadel data productions |
| **Date:** | Tuesday, January 16, 2024 11:55:55 AM |
| **Attachments:** | image001.png |

Will,

Thank you for meeting with us on Wednesday. As you know, we had previously suggested that the parties extend the schedule by 3 months, particularly in light of the patent trial, which falls right in the middle of the period during which antitrust depositions would realistically have to occur. We also noted that this additional time would help to facilitate timely resolution of document-production issues before depositions take place. In response, you proposed – noting that your client hadn't yet agreed to it – the possibility of a 6-week "stay" instead.

Semantics aside, we are amenable to a short pause in antitrust correspondence, meet-and-confers, depositions, and discovery-related filings to account for the parties' mutual focus on the upcoming patent trial. It makes little sense to subject both companies, their external and in-house counsel, and senior businesspeople both to a flurry of antitrust depositions and the patent trial (which will, of course, be demanding in the lead up to, during, and immediately after the trial).

In order for the pause to work, other deadlines in the schedule would obviously have to be extended by at least an equivalent amount of time. To be clear, in pursuing this proposal, we do not agree with any aspect of Jazz's pending motion for a stay. We simply believe that it would be efficient to relieve the parties of depositions in light of the patent trial, which was scheduled after the operative schedule in the antitrust case took effect.

To that end, we would be willing to agree to a 6-week pause, as you suggested. Looking beyond that time, the parties will still have to resolve document and privilege questions before beginning depositions. To accommodate a smooth process in that regard, we believe that the parties should extend remaining deadlines by an additional 8 weeks. As you have pointed out, we do not yet have a trial date and it does not seem efficient to compress what appear to be a host of complicated discovery disputes and up to 100 hours of depositions per side into a period of just a few weeks.

Hence, we suggest a 6-week pause in discovery in the antitrust case, taking effect on January 22, 2024, one day after the parties exchange privilege logs, and to be lifted on March 5, 2024. The parties would still make any supplemental document productions on or around the date of exchanging privilege logs, reflecting documents that had been initially – but incorrectly – withheld as privileged. In addition, the fact discovery cut off would be further extended by 8 weeks to **June 20, 2024**. Initial expert disclosures would be due by **August 2, 2024**; rebuttal expert disclosures due by **September 20, 2024**; and reply expert reports by **October 4, 2024**. The expert discovery cut off would be **November 1, 2024**. To accommodate the holidays, case dispositive motions would be filed on **January 31, 2025**. (Avadel reserves all rights to modify the schedule in the event that the Court decides to hear the parties on the dispute over Jazz's intent to rely on advice of counsel and waive privilege.)

Please let us know at your first convenience this week if your client agrees to this proposal. If so we are happy to draft a stipulation.

Best,

Kevin Wu

**LATHAM & WATKINS LLP**
505 Montgomery Street | Suite 2000 | San Francisco, CA 94111-6538
D: +1.415.395.8158

---

**From:** Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Sent:** Tuesday, January 9, 2024 3:32 PM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Wu, Kevin (Bay Area) <Kevin.Wu@lw.com>; Brown, Chris (DC) <Chris.Brown@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; Durie, Daralyn J. <DDurie@mofo.com>; McGowan, David F. <DMcGowan@mofo.com>; Okuliar, Alexander <AOkuliar@mofo.com>; Forrest, Haydn <HForrest@mofo.com>; Devlin, Alan (DC) <Alan.Devlin@lw.com>; Conner, Ian (DC) <Ian.Conner@lw.com>; Rathbun, Anna (DC) <Anna.Rathbun@lw.com>; Greeley, Christine (Bay Area) <Christine.Greeley@lw.com>; Triantafyllou, Kimon (DC) <Kimon.Triantafyllou@lw.com>; #C-M JAZZ PATENT LITIGATION - LW TEAM <jazzpatentlitigation.lwteam@lw.com>; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; #C-M AVADEL ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW -- Avadel data productions

Henry,

We are trying to get witness availability for the 13 depositions you requested last week, and are talking to our client about Avadel's request for a 3-month extension. Realistically, we are not going to have answers on those tomorrow, though we are working on them, along with the other various issues Avadel raised in its letter. We believe it would be more productive to speak next week, after we have had a couple more days to look into these issues. Are there times next Wednesday that work? If you want to touch base briefly tomorrow, we can do that, but given that most of the issues in the letter seem bound up in deposition/scheduling issues, it seems more efficient just to talk after we've had more time to look into those.

Thank you,

**Avi Grunfeld**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7124 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
avigrunfeld@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Friday, January 5, 2024 3:40 PM
**To:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Kevin.Wu@lw.com; Chris.Brown@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; Durie, Daralyn J. <DDurie@mofo.com>; McGowan, David F. <DMcGowan@mofo.com>; Okuliar, Alexander

<AOkuliar@mofo.com>; Forrest, Haydn <HForrest@mofo.com>; Alan.Devlin@lw.com; Ian.Conner@lw.com; Anna.Rathbun@lw.com; Christine.Greeley@lw.com; Kimon.Triantafyllou@lw.com; jazzpatentlitigation.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; avadelantitrust.lwteam@lw.com

**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>

**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW -- Avadel data productions

[EXTERNAL EMAIL from hhuttinger@mofo.com]

Tuesday at 5 ET works for us.  I will circulate an invite.

Thanks,

Henry

**From:** Nicolas Siebert <nicolassiebert@quinnemanuel.com>
**Sent:** Friday, January 5, 2024 8:29 AM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Kevin.Wu@lw.com; Chris.Brown@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; Durie, Daralyn J. <DDurie@mofo.com>; McGowan, David F. <DMcGowan@mofo.com>; Okuliar, Alexander <AOkuliar@mofo.com>; Forrest, Haydn <HForrest@mofo.com>; Alan.Devlin@lw.com; Ian.Conner@lw.com; Anna.Rathbun@lw.com; Christine.Greeley@lw.com; Kimon.Triantafyllou@lw.com; jazzpatentlitigation.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; avadelantitrust.lwteam@lw.com

**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>

**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW -- Avadel data productions

**External Email**

Hey Henry,

Jazz is not available today or Monday.  We are available on Tuesday, January 8, between 11 AM EST and 2:00 PM EST and after 5:00 PM EST.  We are also available between 1:30 PM and 3:00 PM EST, and after 4:00 PM EST, on Wednesday, January 10.  Please let us know when Avadel is available during one of those windows.

Thanks,

**Nic Siebert**
he/him
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7326 Direct

212-849-7000 Main Office Number
212-849-7100 FAX
nicolassiebert@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Huttinger, Henry <HHuttinger@mofo.com>
**Sent:** Wednesday, January 3, 2024 6:28 PM
**To:** Avi Grunfeld <avigrunfeld@quinnemanuel.com>; Kevin.Wu@lw.com; Chris.Brown@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; Durie, Daralyn J. <DDurie@mofo.com>; McGowan, David F. <DMcGowan@mofo.com>; Okuliar, Alexander <AOkuliar@mofo.com>; Forrest, Haydn <HForrest@mofo.com>; Alan.Devlin@lw.com; Ian.Conner@lw.com; Anna.Rathbun@lw.com; Christine.Greeley@lw.com; Kimon.Triantafyllou@lw.com; jazzpatentlitigation.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; avadelantitrust.lwteam@lw.com
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Subject:** RE: Jazz v. Avadel - No. 22-00941-GBW -- Avadel data productions

**[EXTERNAL EMAIL from hhuttinger@mofo.com]**

Counsel,

Please see the attached correspondence.  Please provide your availability to meet and confer on January 5 or 8.

Thanks,

**Henry Huttinger**
Associate
hhuttinger@mofo.com
T +1 (213) 892-5200
M +1 (213) 587-3631

**ⅢORRISON**
**FOERSTER**

**From:** Avi Grunfeld <avigrunfeld@quinnemanuel.com>
**Sent:** Thursday, December 28, 2023 11:48 AM
**To:** Huttinger, Henry <HHuttinger@mofo.com>; Kevin.Wu@lw.com; Chris.Brown@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; Durie, Daralyn J. <DDurie@mofo.com>; McGowan, David F. <DMcGowan@mofo.com>; Okuliar, Alexander <AOkuliar@mofo.com>; Forrest, Haydn <HForrest@mofo.com>; Alan.Devlin@lw.com; Ian.Conner@lw.com; Anna.Rathbun@lw.com; Christine.Greeley@lw.com; Kimon.Triantafyllou@lw.com; jazzpatentlitigation.lwteam@lw.com; MoFo-Avadel-Jazz <MoFo-Avadel-Jazz@mofo.com>; avadelantitrust.lwteam@lw.com
**Cc:** Jazz Avadel Antitrust <jazzavadelantitrust@quinnemanuel.com>; JazzAvadel <jazzavadel@quinnemanuel.com>; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; Tigan, Jeremy A. <JTigan@morrisnichols.com>
**Subject:** Jazz v. Avadel - No. 22-00941-GBW -- Avadel data productions

**External Email**

---

Counsel,

Avadel previously confirmed that it would identify by Bates number documents produced in the patent matter that are responsive to Jazz's Request for Production No. 43, which seeks "Documents and data identifying, separately for each Revenue Source, at the lowest level of temporal aggregation available (e.g., daily, weekly, monthly), Your gross and net revenues, profits or losses at all levels of measurement, costs of goods sold, forecasted or projected unit sales, marginal costs, fixed selling, general, and administrative costs, and variable selling, general, and administrative costs, and employees involved (and what portion of time) in producing, running, developing, maintaining, or otherwise operating all aspects of your business." (7/14/2023 letter from A. Grunfeld to H. Huttinger at 10). Please confirm that Avadel will identify such responsive documents no later than January 8.

Please also confirm by January 3 that Avadel will produce transactional data relating to the sales of LUMRYZ, which is responsive to Request No. 43, among others.

Thank you,

**Avi Grunfeld**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7124 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
avigrunfeld@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about

# EXHIBIT D

| From: | Geoff Kirsner <geoffkirsner@quinnemanuel.com> |
|---|---|
| Sent: | Thursday, February 1, 2024 10:43 AM |
| To: | Vallabhaneni, Ramya (NY); Jazz v Avadel - Trade Secret; JTigan@morrisnichols.com; Jack Blumenfeld |
| Cc: | #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM; DSilver@McCarter.com; ajoyce@mccarter.com |
| Subject: | RE: Avadel v. Jazz (C.A. No. 22-487) |

| Follow Up Flag: | Follow up |
|---|---|
| Flag Status: | Completed |

Thanks, Ramya. To avoid any confusion, and so that the parties may hit the ground running once the stay lifts, we wanted to clarify our understanding of the status of the outstanding discovery issues and any impact of the stay.

First, Avadel agreed to supplement its responses to Jazz's Interrogatory Nos. 1, 4, 6-7, and 9 by last Friday, January 26. *See* Jan. 15, 2024 Letter from R. Mangas to J. Paunovich at 3-4. We understand that Avadel did not provide supplemental interrogatory responses on that date because the parties had already conceptually agreed that the stay would begin on that day (see below). Accordingly, it is our understanding that Avadel will instead supplement its interrogatory responses on the day the stay lifts—i.e., March 8, 2024.

Second, Jazz awaits Avadel's response to Jazz's January 19, 2024 letter regarding Dr. Thomas Roth's responses to Jazz's subpoena. We will follow up once the stay lifts. Of course, given that Dr. Roth is a third party, any progress Dr. Roth and Jazz can make towards an agreement concerning the scope of his production is particularly welcome. Accordingly, should Dr. Roth be willing to provide a response to Jazz's letter prior to the end of the stay, we are happy to consider it.

Third, Jazz awaits Avadel's response to Jazz's January 23, 2024 letter regarding ongoing discovery disputes between the parties, as well as Avadel's consent to file the joint letter concerning the discovery disputes for which the parties are at an impasse. We will follow up once the stay lifts. However, given the need for Court intervention, we would greatly appreciate Avadel's cooperation moving the disputes along in a timely manner.

Fourth and finally, Jazz understands that the deadlines for Avadel's responses to the following discovery requests are now:

| Discovery Request | Original Deadline | Revised Deadline |
|---|---|---|
| Jazz's 2nd Set of Interrogatories | February 23, 2024 | April 5, 2024 |
| Jazz's 3rd Set of Request for Production | February 26, 2024 | April 8, 2024 |

Best,
Geoff

From: Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
Sent: Tuesday, January 30, 2024 1:21 PM
To: Geoff Kirsner <geoffkirsner@quinnemanuel.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
Cc: AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com
Subject: RE: Avadel v. Jazz (C.A. No. 22-487)

[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]

Geoff:

Given that the Court set a trial date of November 3, 2025 for the antitrust case on January 24, one day after our initial January 23 proposal for a temporary stay in the trade secrets case, we proposed extending the proposed voir dire/jury instructions/verdict forms, pretrial conference and jury trial dates by a few months to avoid unnecessary burden and costs on both parties given the November 2025 antitrust trial.

Avadel agrees that the trade secrets case (22-487) and the antitrust case (22-941) should not be consolidated.

We will get this on file later today.

Regards,
Ramya

**Ramya Sri Vallabhaneni**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Saturday, January 27, 2024 12:54 PM
**To:** Vallabhaneni, Ramya (NY) <Ramya.Vallabhaneni@lw.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Counsel,

Your previous email proposed extending several deadlines but "leaving the proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms deadline of August 8, 2025" (as well as, presumably, the subsequent deadlines, including trial).  Accordingly, we were surprised to see that the draft stipulation proposes extending all deadlines.

That being said, Jazz is fine with Avadel's revisions to the parties' agreement so long as Avadel agrees that the above-captioned trade secrets case and recently stayed antitrust case (22-941) should not be consolidated.  Can you please confirm?  Then you have Jazz's consent to file.

Thanks,
Geoff

---

**From:** Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
**Sent:** Friday, January 26, 2024 11:47 AM
**To:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]

Counsel:

Please see attached for your review the draft stipulation and proposed order to extend time. Please let us know if you have any edits or if we may file.

Regards,
Ramya

**Ramya Sri Vallabhaneni**
*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Wednesday, January 24, 2024 6:07 PM
**To:** Vallabhaneni, Ramya (NY) <Ramya.Vallabhaneni@lw.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Counsel,

Jazz agrees to Avadel's proposed pause and extension.  Please provide a draft stipulation for our review.

Thanks,
Geoff

---

**From:** Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
**Sent:** Tuesday, January 23, 2024 4:39 PM
**To:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Cc:** AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com
**Subject:** Avadel v. Jazz (C.A. No. 22-487)

**[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]**

---

Counsel:

Given that the Court has not yet entered the parties' Proposed Scheduling Order (D.I. 70) and there are no court-ordered deadlines to adhere to, and in light of the upcoming patent trial, Avadel proposes extending the schedule by an additional 8 weeks.  This additional time will enable the parties to facilitate timely resolution of

document-production issues before fact witness depositions take place, and will result in a short pause in discovery correspondence, meet-and-confers, and any discovery-related filings as the parties focus on the upcoming patent trial.

We propose that a 6-week pause take effect on January 26, 2024, and be lifted on March 8, 2024.  Based on the proposed 8-week extension, the substantial completion of document discovery cutoff would be extended to **April 19**.  The fact discovery cutoff would be due on **August 9**; opening expert reports on **October 18**; rebuttal expert reports on **November 22**; and reply expert reports on **December 20**, to accommodate for the holidays.  The expert discovery cutoff would be **March 7, 2025**.  We propose that any Daubert Motions and case dispositive motions are served and filed on or before **May 30, 2025**.  We also propose leaving the proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms deadline of **August 8, 2025**.

Please let us know at your earliest convenience this week if your client agrees to this proposal. If so we are happy to draft a new proposed scheduling order.

Regards,

**Ramya Sri Vallabhaneni**

*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas

New York, NY 10020

Direct Dial: +1.212.906.2931

Email: ramya.vallabhaneni@lw.com

https://www.lw.com

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express

permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT E

| From: | Frank Calvosa <frankcalvosa@quinnemanuel.com> |
|---|---|
| Sent: | Friday, March 15, 2024 4:20 PM |
| To: | Vallabhaneni, Ramya (NY) |
| Cc: | Geoff Kirsner; #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM; dsilver@mccarter.com; ajoyce@mccarter.com; amiller@mccarter.com; Jazz v Avadel - Trade Secret; JTigan@morrisnichols.com; Jack Blumenfeld; #C-M AVADEL ANTITRUST - LW TEAM |
| Subject: | Re: Avadel v. Jazz (C.A. No. 22-487) |

Hi Ramya,

It's unclear if you didn't actually read the Ferring case before citing it or if you just don't know what transpired at the patent trial and what Avadel has alleged in the trade secrets case. Either way, we look forward to discussing Monday at 1. Please also be prepared to explain how Jazz has supposedly "repeatedly and seriously injured Avadel" at that time.

Best,

## Frank Calvosa

*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7569 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
frankcalvosa@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

On Mar 15, 2024, at 4:59 PM, Ramya.Vallabhaneni@lw.com wrote:

[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]

Geoff:

At the outset, we emphasize that Jazz has repeatedly and seriously injured Avadel, and Avadel intends to hold Jazz fully accountable for such misconduct.  The notion that each of the lawsuits concerning that misconduct should be entirely stayed so that Jazz can pursue post-trial motions (and then a potential appeal) in its patent case is both unwarranted and untenable.

We disagree that there is "no basis for Avadel to condition the stay in the trade secrets case on Jazz agreeing not to stay the antitrust case."  Avadel made a good faith offer, and Jazz has provided no basis or support for why such an offer is not acceptable.  Jazz needs to cooperate in good faith to complete both lawsuits in an expeditious manner, *see* FED. R. CIV. P. 1, and its recent posturing is not productive.  We believe our proposal is an appropriate compromise by both sides given the circumstances.

Your email asserts that Jazz believes that the "claims in the trade secrets case are no longer viable," but provides no rationale for that assertion.  We note Avadel's written description and enablement defenses have no bearing on a trade secrets misappropriation case, and Jazz provides no case law suggesting otherwise.  And to the extent that Jazz's statement is directed to correction of inventorship, Jazz is simply incorrect.  Avadel's affirmative defense of improper inventorship in Civ. No. 21-691 does not present the same issues as the correction of inventorship claim in Civ. No. 22-487.  *See, e.g., Ferring B.V. v. Serenity Pharms., LLC*, C.A. No. 17 CIV. 9922 (CM), 2020 WL 6165354, at *7 (S.D.N.Y. Mar. 11, 2020) (finding that a correction of inventorship claim and an affirmative inventorship *defense* present "materially different issues" under a collateral estoppel framework).  Indeed, at Jazz's urging, the Court acknowledged the "disparate legal theories" between the two cases, and held that "the patent cases and the trade secrets case do not share enough common issues of law to justify consolidation under the circumstances."  Civ. No. 21-691, D.I. 381.

In short, Jazz has suggested a stay in Civ. No. 22-487, but has provided no support for its position.  Please immediately provide any such support so Avadel can consider it in connection with its evaluation of your stay request.  We again reiterate Avadel's offer to stay the trade secret case in exchange for Jazz withdrawing its request to stay the antitrust case.

We are available to meet and confer on Monday, 3/18 between 1-3 pm ET, or Tuesday, 3/19 between 12-1 pm ET.

Avadel reserves all rights.

Regards,

**Ramya Sri Vallabhaneni**
*Pronouns: she/her/hers*

**LATHAM & WATKINS** LLP
1271 Avenue of the Americas | New York, NY 10020
D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Friday, March 15, 2024 4:13 PM
**To:** Vallabhaneni, Ramya (NY) <Ramya.Vallabhaneni@lw.com>; #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@mccarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; #C-M AVADEL

ANTITRUST - LW TEAM <avadelantitrust.lwteam@lw.com>
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Ramya,

Having not received a response about meeting and conferring today, can Avadel please either immediately confirm it agrees with Jazz's proposed stay or provide your availability to meet and confer Monday morning?

Thanks,
Geoff

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Thursday, March 14, 2024 6:37 PM
**To:** Ramya.Vallabhaneni@lw.com; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; avadelantitrust.lwteam@lw.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

Ramya,

We are surprised that Avadel will not agree to stay the trade secrets case unless "Jazz agrees to withdraw its request for a stay in the antitrust litigation." In a prior iteration of the joint status report in the patent case, Avadel agreed to stay the trade secret case without condition. That makes sense. There is no basis for Avadel to condition the stay in the trade secrets case on Jazz agreeing not to stay the antitrust case. Both cases should be stayed pending resolution of the jury's verdict in the patent case. Given the jury's findings that Avadel failed to prove that the '488 patent or '782 patent lacked written description or enablement, failed to prove that the '488 patent was invalid for improper inventorship or derivation, and failed to prove that '782 patent was invalid for improper inventorship, Avadel's claims in the trade secrets case are no longer viable. And that leaves aside the information that came to light in the Clough Declaration.

Please confirm immediately that Avadel agrees to stay the trade secrets case pending resolution of the jury's verdict through appeal without conditioning it on the status of the antitrust case.

If you do not agree, please provide your availability to meet and confer tomorrow so that we may raise this issue with the Court. Jazz reserves all rights, including with respect to Rule 11 sanctions.

Regards,
Geoff

---

**From:** Ramya.Vallabhaneni@lw.com <Ramya.Vallabhaneni@lw.com>
**Sent:** Thursday, March 14, 2024 11:09 AM
**To:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>; AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>; avadelantitrust.lwteam@lw.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487)

**[EXTERNAL EMAIL from ramya.vallabhaneni@lw.com]**

Counsel,

We understand that Jazz has proposed staying both the antitrust litigation, Civ. No. 22-941, and the trade secret litigation, Civ. No. 22-487, pending resolution of Avadel's inequitable conduct claim, any motions for judgment as a matter of law, and any appeal(s) in Civ. No. 21-691. Avadel disagrees that the jury verdict in Civ. No. 21-691 compels or warrants a stay of either litigation, but given that Avadel sought consolidation of the trade secrets and patent actions, and in the interests of compromise and efficiency, Avadel is willing to agree to a stay in Civ. No. 22-487 pending resolution of the above-mentioned issues in Civ. No. 21-691 if Jazz agrees to withdraw its request for a stay in the antitrust litigation, Civ. No. 22-941. Please let us know if you agree to Avadel's counter-proposal.

Avadel reserves all rights.

Regards,

**Ramya Sri Vallabhaneni**

*Pronouns: she/her/hers*

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.2931

---

**From:** Geoff Kirsner <geoffkirsner@quinnemanuel.com>
**Sent:** Friday, March 8, 2024 11:38 AM
**To:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; amiller@mccarter.com
**Cc:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>;

JTigan@morrisnichols.com; Jack Blumenfeld <jblumenfeld@morrisnichols.com>
**Subject:** Avadel v. Jazz (C.A. No. 22-487)


Counsel,


We write to inform you that Jazz intends to move to stay proceedings in the above-captioned action pending resolution of Avadel's inequitable conduct claim and the parties' motions for judgment as a matter of law and appeal, if any, in Civ. No. 21-691 in view of the jury's findings that Avadel: (1) failed to prove that the '488 or '782 patents lacked written description or enablement; (2) failed to prove that the '488 patent was invalid for improper inventorship or derivation; and (3) failed to prove that the '782 patent was invalid for improper inventorship.  A stay is warranted because the jury's verdict, if not overturned, renders Avadel's claims in this matter unviable.  Please let us know if you agree to Jazz's proposal for a stay.  If you do not agree, please let us know your availability to meet-and-confer early next week.


Regards,


**Geoff Kirsner**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
212-849-7597 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
geoffkirsner@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT F

Kenneth G. Schuler
Direct Dial: +1.312.876.7659
kenneth.schuler@lw.com

330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: +1.312.876.7700 Fax: +1.312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

August 29, 2024

**HIGHLY CONFIDENTIAL**

Re:    *Jazz Pharmaceuticals, Inc. et al v. Avadel CNS Pharmaceuticals, LLC,*
        C.A. Nos. 21-691, 21-1138, 21-1594 (GBW)

Counsel:

As you are aware, yesterday, Avadel filed its notice of appeal of the District Court's August 27, 2024 injunction order (the "Injunction Order"). After the Federal Circuit dockets the appeal, Avadel intends to seek expedited consideration of the appeal to ensure that it is resolved well in advance of activities that would be impacted by that injunction relating to FDA approval for a potential indication for LUMRYZ for the treatment of idiopathic hypersomnia ("IH"). Such activities would include Avadel seeking FDA approval (which, based on the current pace of the ongoing clinical trial, could start as soon as January 1, 2026) and conducting any new clinical trials (which would start before then).

To that end, Avadel proposes the following schedule for the appeal:
- Avadel's Opening Brief – Sept. 30, 2024
- Jazz's Responsive Brief – Oct. 28, 2024
- Avadel's Reply Brief – Nov. 12, 2024
- Appendix – Nov. 13, 2024
- Oral argument – first available argument calendar

Avadel believes this schedule gives both parties reasonable time to present their arguments. Please let us know Jazz's position on this expedited schedule.

In addition, as Jazz is certainly aware, on July 31, 2024, Avadel publicly announced that the first patient had been dosed in REVITALYZ, a Phase 3 clinical study evaluating LUMRYZ as a potential treatment for IH. *See* https://investors.avadel.com/news-releases/news-release-details/avadel-pharmaceuticals-announces-first-patient-dosed-phase-3. Avadel also announced that "[t]he study will enroll approximately 150 adults who are diagnosed with IH and includes an open label extension portion." *Id*. Avadel's view is that open label extensions are part and parcel of the ongoing IH trial and, therefore, patients who enroll in the ongoing IH trial may continue to

August 29, 2024
Page 2

**LATHAM&WATKINS**LLP

receive treatment pursuant to current or future open label extensions, consistent with the Injunction Order.

If Jazz takes a different view of the scope of the Injunction Order, please let us know within 48 hours. Under such a view, patients currently receiving treatment as part of the ongoing IH trial would be prohibited from continuing treatment during the open label extension period, which would begin as soon as early November, 2024 for the first-enrolled patients. As it is unacceptable to discontinue treatment of the REVITALYZ study participants during the open label extension period, Avadel would be forced to seek to expedite the appeal even more than the above schedule and/or to seek a stay pending appeal if Jazz believes that the Injunction Order prohibits the continued treatment of the REVITALYZ study participants pursuant to the open label extension.

Sincerely,

Kenneth G. Schuler
of LATHAM & WATKINS LLP

# EXHIBIT G

**Gabriel K. Bell**
Direct Dial: +1.202.637.2227
gabriel.bell@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

## LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

September 4, 2024

## **HIGHLY CONFIDENTIAL**

Frank C. Calvosa
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Ave, 22nd Floor
New York, NY 10010
frankcalvosa@quinnemanuel.com

Re: *Jazz Pharmaceuticals, Inc. v. Avadel CNS Pharmaceuticals, LLC*,
Fed. Cir. No. 24-2274

Counsel:

We appreciate the call earlier today regarding Avadel's forthcoming motions asking the Federal Circuit to stay the district court's injunction pending appeal, to issue a temporary stay pending resolution of that stay request, and to expedite consideration of the appellate proceedings.  Avadel agrees not to file those motions today while the parties attempt to reach agreement on certain issues, but may need to file motions with the Federal Circuit to address ongoing harm in the event that the parties cannot find agreement.

Based on today's call, Avadel's understanding is the following:

1. Jazz agrees to the following expedited schedule for Avadel's Federal Circuit appeal (and Jazz does intend to file a response):

   - Avadel's Opening Brief: September 30, 2024

   - Jazz's Responsive Brief: November 7, 2024

   - Avadel's Reply Brief: November 18, 2024

   - Appendix: November 19, 2024

   - Oral argument: December 2024 or January 2025 sitting

2. Jazz agrees to the following expedited schedule for Avadel's Federal Circuit motion for a stay pending appeal (and Jazz does intend to file a response):

   - Jazz's Response: September 11, 2024

**LATHAM & WATKINS** LLP

- Reply by Avadel: September 13, 2024

3. Jazz agrees on the expedited schedules above on the condition that Avadel stays its pending trade secrets case against Jazz. Avadel will agree to such stay pending resolution of this appeal by the Federal Circuit.

4. Jazz opposes a temporary stay pending resolution of Avadel's district court and Federal Circuit motions to stay the injunction pending appeal.

5. In lieu of a temporary stay, Avadel has proposed the following: for the period in which Avadel's motions to stay are pending before the district court and/or Federal Circuit, Jazz will not contend that Avadel's activities for the ongoing clinical trial of Lumryz for IH—including enrolling additional patients in the trial and providing open-label extensions as part of the trial—constitute contempt. In our discussion earlier today, you indicated that Jazz does not agree. We believe that Avadel's proposal is a thoughtful compromise that will allow for input from the court(s) and mitigates the need for emergency motions practice, and again urge Jazz to agree to this proposal. We would appreciate a written response later today.

6. Jazz agrees that the district court's injunction does not enjoin Avadel's application for FDA approval of Lumryz for pediatric patients with narcolepsy, which the FDA is expected to act on shortly, and will not argue that Avadel's maintenance of its request to FDA is in contempt of the injunction. Thus, the parties presumptively will not need to address the pediatric narcolepsy issue in any future court filings.

We would appreciate written confirmation of Jazz's positions by noon ET tomorrow.

Sincerely,

/s/ *Gabriel K. Bell*

Gabriel K. Bell
of LATHAM & WATKINS LLP

# EXHIBIT H

| | |
|---|---|
| **From:** | Welsh, Kelly (DC) |
| **Sent:** | Thursday, July 17, 2025 4:47 PM |
| **To:** | Andrew Shifren; Jazz v Avadel - Trade Secret; JTigan@morrisnichols.com; cclark@morrisnichols.com |
| **Cc:** | #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM; DSilver@McCarter.com; ajoyce@mccarter.com; MoFo-Avadel-Jazz@mofo.com |
| **Subject:** | RE: Avadel v. Jazz (C.A. No. 22-487) - Third Party Subpoenas |

Counsel,

While we do not believe it is appropriate to condition an extension to unrelated subpoena responses on agreement to interrogatory supplementation, Avadel agrees to mutually supplement interrogatories where Avadel will supplement its responses to Jazz Interrogatory Nos. 2, 3, and 8 and Jazz will supplement its responses to Avadel Interrogatory Nos. 1 and 7 by July 28.

Please confirm you will contact us before reaching out to Mike Anderson. As stated previously, we will confirm representation as soon as possible.

Regards,
Kelly


**Kelly A. Welsh**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.350.5361


---

**From:** Andrew Shifren <andrewshifren@quinnemanuel.com>
**Sent:** Thursday, July 17, 2025 12:33 PM
**To:** Welsh, Kelly (DC) <Kelly.Welsh@lw.com>; Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; cclark@morrisnichols.com
**Cc:** #C-M AVADEL V JAZZ - LW TRADE TEAM SECRET - LW TEAM <AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com>; DSilver@McCarter.com; ajoyce@mccarter.com; MoFo-Avadel-Jazz@mofo.com
**Subject:** RE: Avadel v. Jazz (C.A. No. 22-487) - Third Party Subpoenas

Kelly,

Given Avadel's intention to represent Mr. Anderson, Jazz agrees not to contact him for 2 weeks so that you can confirm that it he has retained your firm for responding to the subpoena we served on him more than a year ago.

Regarding Avadel's request for a one-week extension to respond to Jazz's subpoenas to Messrs. Lersch, Lisi, Monteith, Davis, and Roth, Jazz is amenable to this request, so long as Avadel agrees that the parties will provide previously agreed upon interrogatory supplements on July 28.  Before the stay, both parties agreed that Avadel would supplement its responses to Jazz interrogatories 2, 3, and 8, and that Jazz would supplement its responses to Avadel's interrogatories 1 and 7.

Consistent with the schedule before the stay, Jazz plans to respond to Avadel's third set of RFPs and fourth set of interrogatories on Monday July 28 as well.

Best,


**Andrew Shifren**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7181 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
andrewshifren@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Kelly.Welsh@lw.com <Kelly.Welsh@lw.com>
**Sent:** Thursday, July 17, 2025 8:34 AM
**To:** Jazz v Avadel - Trade Secret <jazzvavadel-tradesecret@quinnemanuel.com>; JTigan@morrisnichols.com; cclark@morrisnichols.com
**Cc:** AVADELVJAZZLWTRADETEAMSECRET.LWTEAM@lw.com; DSilver@McCarter.com; ajoyce@mccarter.com; MoFo-Avadel-Jazz@mofo.com
**Subject:** Avadel v. Jazz (C.A. No. 22-487) - Third Party Subpoenas

**[EXTERNAL EMAIL from kelly.welsh@lw.com]**

---

Counsel,

Given the need to confer with numerous third parties and the passage of time since Jazz originally served subpoenas for Keenan Lersch, Steve Lisi, David Monteith, Gregg Davis, and Tom Roth, we request a one-week extension until July 24, 2025 to serve responses and objections to these subpoenas.

Additionally, we anticipate representing Mike Anderson in reference to Jazz's subpoena and will confirm that as soon as possible. While we confirm, we request that you not contact Mr. Anderson directly.

Please let us know if Jazz consents to this one-week extension.

Regards,
Kelly


**Kelly A. Welsh**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5361

Email: kelly.welsh@lw.com
https://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT I

1

2                        IN THE UNITED STATES DISTRICT COURT

3                        IN AND FOR THE DISTRICT OF DELAWARE

4
     JAZZ PHARMACEUTICALS, INC.,              )
5             Plaintiffs,                     )     C.A. No.
     v.                                       )     21-691-GBW
6                                             )
     AVADEL CNS PHARMACEUTICALS, LLC,         )
7             Defendant                       )
     -------------------------------          )
8                                             )     C.A. No.
     JAZZ PHARMACEUTICALS, INC., et al.,      )     21-1138-GBW
9             Plaintiffs,                     )
     v.                                       )
10                                            )
     AVADEL CNS PHARMACEUTICALS, LLC,         )
11   Defendant.                               )
     -------------------------------          )
12                                            )
     JAZZ PHARMACEUTICALS, INC., et al.,      )
13            Plaintiffs,                     )     C.A. No.
     v.                                       )     21-1594-GBW
14                                            )
     AVADEL CNS PHARMACEUTICALS, LLC,         )
15            Defendant.                       )

16

17                               - - - -

18                          Wilmington, Delaware
                            Tuesday, February 27, 2024
19                          Trial Day 2

20                               - - - -

21

22     BEFORE:   HONORABLE GREGORY B. WILLIAMS
                 UNITED STATES DISTRICT COURT JUDGE
23
                                 - - - -
24

25
                                Michele L. Rolfe, RPR, CRR

1

     APPEARANCES:

2

3              MORRIS, NICHOLS, ARSHT & TUNNELL LLP
               BY: JEREMY A. TIGAN, ESQ.
4
                         -and-
5
               QUINN EMANUEL URQUHART & SULLIVAN, LLP
6              BY:  ADAM J. DICLEMENTE, ESQ.
                    NICHOLAS CERRITO, ESQ.
7                   FRANK C. CALVOSA, ESQ.
                    JOSEPH PAUNOVICH, ESQ.
8                        The Plaintiff

9

10             MCCARTER & ENGLISH, LLP
               BY: ALEXANDRA M. JOYCE, ESQ.
11
                         -and-
12
               LATHAM & WATKINS LLP
13             BY: KENNETH G. SCHULER, ESQ.
                    MARC N. ZUBICK, ESQ.
14                  ALEX GRABOWSKI, ESQ.

15                            For Defendant

16

17

18

19

20

21

22

23

24

25

DIRECT EXAMINATION - MARK RAINEY

1  Q.      And what did you determine about the relevance of the

2  Project Zeta in negotiations to the reasonable royalty rate?

3  A.      Yeah, it didn't establish a royalty rate for the

4  patents-in-suit, you know, not comparable.

5  Q.      And if you heard or know, when did those Project Zeta

6  negotiations occur?

7  A.      Those occurred in 2018, so about 5 years prior to the

8  date of the hypothetical negotiation.

9  Q.      And in that negotiation, what was the proposed

10 relationship between Jazz and Avadel as opposed to their

11 relation in a hypothetical negotiation?

12 A.      Yeah, as we just heard Mr. Divis testify, it was more

13 of a partnership that they were considered in Project Zeta,

14 whereas, a hypothetical negotiation, the two companies would

15 be viewing each other as competitors; they'd be selling

16 competing products if a license were granted.

17 Q.      Okay.  Let me ask you about competing products.

18         In your opinion, what's the commercial

19 relationship between Jazz and Avadel?

20 A.      They are direct competitors.

21 Q.      And what are the facts that led you to conclude that?

22 A.      You know, information from Avadel, third parties, you

23 know, information we've heard testimony about the past

24 couple of days as well is all the type of information we've

25 considered.

## <u>CERTIFICATE OF SERVICE</u>

PLEASE TAKE NOTICE that on July 28, 2025 true and correct copies of the foregoing

document were served on the following counsel in the manner indicated:

<u>**BY EMAIL:**</u>
Jeremy Tigan
Cameron P. Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jtigan@morrisnichols.com
cclark@morrisnichols.com

Joseph M. Paunovich
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Josephpaunovich@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Krista Rycroft
Allison Silber
Andrew Shifren
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evanangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
kristarycroft@quinnemanuel.com
allisonsilber@quinnemanuel.com
andrewshifren@quinnemanuel.com

*Attorneys for Defendants*

ME1\55204321.v1

Dated: July 28, 2025

/s/ Alexandra M. Joyce
Alexandra M. Joyce (#6423)