IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AVADEL CNS PHARMACEUTICALS LLC and AVADEL PHARMACEUTICALS PLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>JAZZ PHARMACEUTICALS, INC. and JAZZ PHARMACEUTICALS IRELAND LIMITED,<br><br>  Defendants. | C.A. No. 22-487 (GBW)<br><br>███████████████████████████<br>██████████<br><br>REDACTED - PUBLIC VERSION |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO STAY PENDING RESOLUTION OF POST-TRIAL MOTIONS AND APPEAL (IF ANY) OF THE JURY'S VERDICT IN C.A. NO. 21-691-GBW**

OF COUNSEL:

F. Dominic Cerrito
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
295 Fifth Avenue
New York, NY 10016
(212) 849-7000

Joseph M. Paunovich
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*
*Jazz Pharmaceuticals, Inc. and*
*Jazz Pharmaceuticals Ireland Limited*

August 4, 2025

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT...........................................................................................................2

    A.    Factor 1:  A Stay Will Greatly Simplify The Issues For Trial And Avoid The Risk Of Inconsistent Results............................................................2

        1.    Avadel's Estoppel Argument Has No Merit................................................3

        2.    Case Law Supports Jazz, Not Avadel ..........................................................4

    B.    Factor 2:  The Stage Of This Case Favors A Stay .....................................................6

    C.    Factor 3:  A Stay Would Not Unduly Prejudice Avadel Or Give Jazz A Tactical Advantage ........................................................................8

III.  CONCLUSION......................................................................................................10

## TABLE OF AUTHORITIES

**Page**

### Cases

*Bos. Sci. Corp. v. Cordis Corp.*,
   777 F. Supp. 2d 783 (D. Del. 2011)......................................................................................8

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
   No. 12-1701, 2015 WL 1284203 (D. Del. Mar. 18, 2015).......................................................6

*Cellectis S.A. v. Precision Biosciences,*
   883 F. Supp. 2d 526 (D. Del. 2012)......................................................................................5

*Chao v. Roy's Constr., Inc.*,
   517 F.3d 180 (3d Cir. 2008).................................................................................................3

*FMC Corp. v. Summit Agro USA, LLC*,
   No. 14-51-LPS, 2014 WL 3703629 (D. Del. July 21, 2014)..............................................5, 8

*ImagineVision.Net, Inc. v. Internet Payment Exchange, Inc.*,
   No. 12-054-GMS-MPT, 2013 WL 663535 (D. Del. Apr. 22, 2013).......................................6

*IOENGINE v. PayPal Holdings, Inc.*,
   No. 8-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019)................................................6

*Liqwd, Inc. v. L'Oreal USA, Inc.*,
   No. 17-14-JFB-SRF, 2018 WL 11189633 (D. Del. Apr. 22, 2013).........................................5

*Minerva Surgical, Inc. v. Hologic, Inc.,*
   No. 18-217-JFB-SRF, 2021 WL 1840645 (D. Del. May 7, 2021).........................................5

*Regeneron Pharms., Inc. v. Amgen Inc.*,
   No. 22-697-RGA-JLH, 2023 WL 1927544 (D. Del. Feb. 10, 2023).......................................8

*SenoRx, Inc. v. Hologic, Inc.*,
   No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013)...........................................8

*Softview LLC v. Apple Inc.*,
   No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012).................................................6

*Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*,
   No. 17-1390-LPS-CJB, 2020 WL 3060458 (D. Del. June 9, 2020)........................................9

I.  **INTRODUCTION**

Avadel lacks any good-faith basis to oppose the stay. As set forth in Jazz's Opening Brief, each factor supports staying this case. Nothing Avadel says in Opposition changes that.

*First*, Avadel does not (because it cannot) even attempt to identify a single non-overlapping fact between this case and the Patent Action that would warrant denying the stay. Avadel studiously avoids responding to this key factor and instead argues that Jazz should be estopped from moving for a stay because Jazz opposed consolidation with the underlying patent case. Critically, however, Avadel's argument overlooks the fact that, despite the cases not being consolidated, Jazz *lost* its motion to preclude Avadel from presenting ***the same evidence and arguments*** from the trade secrets case (literally word-for-word from this Complaint) during trial in the Patent Action. Ex. 16 at 3:25-4:2. In fact, Avadel's lead counsel told the Court at the very beginning of the patent trial "this is an inventorship case" (*id.* at 16:3-5), and tried—but failed— to convince the jury that Jazz "decided to take" Avadel's supposed invention and "said that it was [Jazz's] invention." *Id.* at 56:20-25. The legal import of Avadel's strategic decision to present the same trade secret evidence and arguments in the Patent Action trial, which the jury soundly rejected, is that Avadel's claims in this case will be fully resolved upon entry of a final judgment in the Patent Action.

*Second*, Avadel cannot credibly dispute that the early stage of this litigation favors granting Jazz's requested stay. On the same day that Jazz filed its renewed motion to stay, Avadel proposed a case schedule that sets the close of fact discovery in May 2026—nearly ***eleven months*** after the original stay was lifted—and trial has been scheduled for February 2028. Neither party has scheduled, let alone taken, a deposition. Moreover, Avadel continues to seek extensions and to avoid producing fundamental discovery requested ***years ago*** that should have been provided at the outset of the case—including but not limited to (1) the alleged 2010 Confidential Disclosure

Agreement that underpins Avadel's misappropriation claim; and (2) an identification of Avadel's allegedly misappropriated trade secrets with reasonable particularity.

***Third***, Avadel does not present any valid basis for why a stay would supposedly result in prejudice. Stays were denied in the cases Avadel cites because the moving party was improperly using the non-moving party's technology to gain market share and goodwill, or to otherwise force its competitor off the market. Here, it is the other way around. The jury in the Patent Action found that Avadel is improperly using (*i.e.*, infringing) Jazz's technology. That use is irreparably harming Jazz—and benefiting Avadel—including through Jazz's loss of market share to its direct competitor. Staying this case would have *no* impact on Avadel's ability to continue selling its infringing product—Avadel does not even attempt to claim that it would. Moreover, if Avadel was likely to suffer prejudice, it never would have agreed to the nearly year-long stay that immediately preceded this filing. Avadel acknowledged in the meet and confer on this motion that there were no new circumstances or new prejudice it would suffer from continuing the previously agreed stay—it simply wants the case to move forward. This is not a legitimate or good faith response to the factors courts consider in deciding motions to stay.

## II.   ARGUMENT

### A.   Factor 1: A Stay Will Greatly Simplify The Issues For Trial And Avoid The Risk Of Inconsistent Results

Unable to identify any non-overlapping fact between this case and the Patent Action that would warrant denying Jazz's requested stay (or a different legal conclusion than the Patent Action), Avadel instead argues that Jazz is estopped from requesting a stay because Jazz opposed consolidation with the Patent Action. Avadel's estoppel argument has no merit, but in any event, the lack of consolidation is irrelevant since Avadel cannot dispute that it ultimately presented the same trade secret evidence and arguments during the trial of the Patent Action, and the jury

unequivocally decided those issues against Avadel. This fact proves that a stay will simplify, if not entirely resolve, the issues for trial in this case and avoid inconsistent results.

### 1. Avadel's Estoppel Argument Has No Merit

As a preliminary matter, Avadel does not even attempt to address the factors courts consider in deciding whether a party should be estopped from taking any particular action in a lawsuit. The Third Circuit "instruct[s] that judicial estoppel has three threshold requirements: first, the party in question must have adopted irreconcilably inconsistent positions; second, the party must have adopted these positions in 'bad faith'; and third, there must be a showing that judicial estoppel is tailored to address the harm and that no lesser sanction would be sufficient." *Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n.5 (3d Cir. 2008). Avadel has not (and cannot) meet this burden.

*First*, Jazz did not take "irreconcilably inconsistent positions." Avadel requested consolidation of this case with the Patent Action in August 2023, after it launched Lumryz™, and just months before trial in the Patent Action (which occurred in February 2024). *See* D.I. 52. Jazz opposed consolidation because Avadel sought to delay the patent trial until October 2024 (*id.* at Proposed Consolidation Order) and to present its trade secrets Complaint as argument and evidence in the trial of the Patent Action. *See generally* D.I. 53. While the Court denied case consolidation, Avadel told Jazz on the eve of trial that, notwithstanding the Court's denial, it was in fact still intending to present to its trade secrets Complaint as argument and evidence in the patent case. Jazz moved for preclusion. C.A. No. 21-691, D.I. 552 at 1-2. Jazz **lost** that motion. Ex. 16 at 3:25-4:9.

Thus, Avadel was **permitted** to, and did, present the allegations and evidence word-for-word from the Complaint in this case in the Patent Action. D.I. 86 at 4-6. Avadel does not dispute that it took full advantage of that opportunity at the patent trial; nor could it. *See id.* Thus, while

- 3 -

Avadel never even attempts to argue in its Opposition that Jazz took "irreconcilably inconsistent positions," the record clearly shows that Jazz did not.

*Second*, Avadel does not claim, nor could it, that Jazz acted in "bad faith." Avadel pressed for the opportunity, and then chose, to present the same evidence and arguments from this case in the Patent Action. *See* C.A. No. 21-691, D.I. 554 (Avadel opposing Jazz's motion to preclude). Subject to post-trial motions and any appeal, those issues are fully resolved in the Patent Action so their impact on this case is dispositive. Avadel should not get a second bite at the apple, and risk inconsistent judgments, simply because it is unsatisfied with the jury's inventorship decision. *See* D.I. 86 at 6-7.

*Third*, even if the first two estoppel factors were met, Avadel has not even attempted to show that "no lesser sanction would be sufficient." Avadel is just attempting to reach a result in this case that is different than the one reached in the Patent Action, while imposing further burden on Jazz (and the Court). Avadel's actions are beyond inappropriate.

### 2. Case Law Supports Jazz, Not Avadel

Having failed to present any credible estoppel argument, Avadel attempts to distinguish Jazz's cases where stays were granted by noting that, in those cases: (1) the trade secrets and patent claims were part of the same case, and (2) there were co-pending *inter partes* reviews. D.I. 89 at 6, n.3. But Avadel never says why that supposedly matters—they are distinctions without import to the factors considered by courts in granting stays. Indeed, Avadel does not dispute that courts routinely stay trade secrets claims pending resolution of related patent claims. That is what Jazz is asking for here. And Jazz's requested stay would be a much shorter duration than the cases Jazz cites because the parties do not have to adjudicate the patent claims. The jury has already found in Jazz's favor. The only things that remain are post-trial motions and appeal, if any.

Moreover, Avadel's cited cases that denied stays are factually distinguishable. For example, the court in *Cellectis S.A. v. Precision Biosciences* denied a stay pending reexamination because "the strategy of responding to litigation by pursuing reexamination is simply another example of forum-shopping, perfectly legitimate but, nonetheless, a way to postpone a patent holder's day in court," and "discovery … [wa]s nearing completion and the concurrent reexamination [wa]s still in its infancy." 883 F. Supp. 2d 526, 533-34 (D. Del. 2012). The posture of the instant case, where the patent claims are already resolved and a trade secret trial is years in the future, is far different than the posture in *Cellectis*, where the movant was attempting to forestall an imminent patent trial.

*Minerva Surgical, Inc. v. Hologic, Inc.* is similarly distinguishable. There, the court denied a stay because, "[a]lthough the [actions] involve[d] the same parties, the asserted patents and accused products [we]re different," and "[d]iscovery [wa]s complete, case dispositive motions [we]re fully briefed, and all that remain[ed] in the schedule [wa]s the pretrial conference and the trial." No. 18-217-JFB-SRF, 2021 WL 1840645, at *2-3 (D. Del. May 7, 2021). Likewise, in *Liqwd, Inc. v. L'Oreal USA, Inc.*, the court denied a stay because the PTAB had indicated that the **non-moving** party was likely the true inventor (the opposite of what the jury found in the Patent Action) and the parties in that case had already completed the majority of fact discovery (e.g., including 29 depositions). No. 17-14-JFB-SRF, 2018 WL 11189633, at *3-4 (D. Del. Apr. 22, 2013). Lastly, in *FMC Corp. v. Summit Agro USA, LLC*, the court denied a stay because the question of whether "products were appropriately labeled … to reflect their country of origin" was wholly unrelated to the patent claims. No. 14-51-LPS, 2014 WL 3703629, at *3 (D. Del. July 21, 2014). Here, the evidence and argument Avadel presented in the Patent Action is coextensive with this lawsuit.

### B. Factor 2: The Stage Of This Case Favors A Stay

Avadel argues that a stay should be denied because "discovery is progressing, and a trial date has been set." D.I. 151 at 9. If that were the standard, a stay would never be granted. Tellingly, Avadel does not even attempt to address the cases Jazz cited in its Opening Brief. D.I. 147 at 5. As explained therein, this District routinely grants stays where discovery has progressed but depositions have yet to be taken (*IOENGINE v. PayPal Holdings, Inc.*, No. 8-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019)) and/or where "completing discovery, preparing expert reports, filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice—all lie in the future." *CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, No. 12-1701, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015).[1]

Avadel's claim that discovery is "actively progressing" (D.I. 151 at 10) is also not true, and belied by Avadel's conduct. On the same day that Jazz submitted this renewed motion to stay, Avadel's proposed scheduling order—which was subsequently entered by this Court (D.I. 149)—requested nearly **eleven additional months** of fact discovery and proposed a trial date **more than two years** in the future. D.I. 148, at Ex. A. Avadel did not impose any near-term deadlines or milestones that would be expected if the parties truly had made significant progress in discovery. Instead, Avadel proposed, and the Court adopted, deadlines that nearly double the length of the discovery period, demonstrating that substantial discovery still remains, and significant party (and

---

[1] Avadel's only cases cited for the opposite conclusion are inapposite to the facts of this case. *Softview LLC v. Apple Inc.* declined to stay litigation pending reexamination because "[t]he reexamination proceedings [which commenced a year after litigation began] will likely require several [6.5 to 8] years to reach a final resolution." No. 10-389-LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012). *ImagineVision.Net, Inc. v. Internet Payment Exchange, Inc.* relied on *Softview* for the same proposition and also noted that "letter briefs on case dispositive motions" were only six months away. No. 12-054-GMS-MPT, 2013 WL 663535, at *3-4 (D. Del. Apr. 22, 2013). None of these facts are applicable to the instant case.

Court) resources will be required to advance this case to a trial years in the future. The operative case schedule counsels in favor of a stay.

Moreover, in the weeks since the previous stay was lifted, Jazz has attempted to advance critical case discovery that is fundamental to the orderly completion of fact discovery and resolution of this case to no avail. For example, more than three years after initiating this action, Avadel still has not managed to find or produce the alleged 2010 Confidential Disclosure Agreement ("2010 CDA") that it promised it would during the hearing on the motion for judgment on the pleadings. Ex. 17 at 28:20-29:3. Even more problematic, and despite multiple attempts by Jazz to explain the precise issues that render Avadel's identifications insufficient (*see, e.g.*, Ex. 18 at 6 (July 21, 2025 Email from A. Shifren)), Avadel has still yet to identify the alleged trade secrets that form the basis of this litigation with the level of particularity required by law to allow Jazz to prepare its defense and for the Court to ascertain whether any alleged misappropriation occurred in the first place. *See, e.g., id.* at 3 (July 29, 2025 Email from A. Shifren). Only when threatened with motion practice, did Avadel offer to "endeavor to serve Avadel's supplemental response . . . by the end of August." *Id.* at 2-3 (July 30, 2025 Email from R. Vallabhaneni). Discovery cannot "actively progress" while Avadel continues to delay and withhold discovery.

Avadel also fails to mention the results of the subpoenas and written discovery that have been exchanged so far. A declaration from subpoenaed third-party Brent Clough affirmatively disproves Avadel's 2010 claims (*see* Ex. 19), which are premised entirely on the existence of an alleged 2010 CDA (which has not been produced as explained above). And Avadel admitted pursuant to Fed. R. Civ. P. 36 and in a supplemental response to a request for admission that it has no evidence that it transmitted any allegedly confidential information to Jazz before Jazz filed its

- 7 -

patents. Ex. 20, at 5. Unless Avadel is successful in overturning the jury verdict, it will be the final nail in the coffin. A stay is therefore the most efficient course of action.

        **C.    Factor 3: A Stay Would Not Unduly Prejudice Avadel Or Give Jazz A Tactical Advantage**

Avadel claims that it would suffer prejudice from continuing to stay this action, but is unable to articulate any specific resulting prejudice. Instead, Avadel relies on cases where courts denied stays because the parties were direct competitors *and*: (1) the moving party was accused of using the non-moving party's technology to gain market share or affect the non-moving-party's goodwill, *see FMC*, 2014 WL 3703629 at *1-2, *4-5; *SenoRx, Inc. v. Hologic, Inc.,* No. 12-173-LPS-CJB, 2013 WL 144255, at *1, *7-8 (D. Del. Jan. 11, 2013); *Bos. Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 786, 789-90 (D. Del. 2011); or (2) the non-moving party otherwise "allege[d] that it is being driven out of the market as a result of [the moving party's] conduct," *Regeneron Pharms., Inc. v. Amgen Inc.*, No. 22-697-RGA-JLH, 2023 WL 1927544, at *1, *8 (D. Del. Feb. 10, 2023).[2] But the opposite is true here. Avadel's use of Jazz's patented technology is irreparably harming Jazz—including by taking Jazz's market share and eroding the price of Jazz's oxybate products. *See* C.A. No. 21-691, D.I. 665 at 3-11. And Avadel will continue infringing Jazz's patent and selling Lumryz™ during the pendency of a stay.

Moreover, a stay would not impact Avadel's ability to seek injunctive relief for any hypothetical, future "trade secret misuse." As a preliminary matter, Avadel's claim that this might occur in connection with a potential trial of Jazz's JZP-324 product (D.I. 151 at 12-13) is based on nothing. ███████████████████████████████████

---

[2] The decisions also considered other factors in their prejudice analysis that are not present here, such as the delay in requesting a stay, the length of reexamination proceedings, and that the non-moving party had previously filed for a preliminary injunction.

█████████████████████████████████ As Avadel is also aware, that product candidate was only in Phase I ████████████████. *See* Ex. 22 at 4. So, even if Jazz were to ████ development of JZP-324, any potential submission of an NDA and potential FDA approval for that product ████████████████ that Avadel's purported concerns about an injunction are baseless and, in any event, Avadel could raise the issue with the Court if the issue were to ever ripen. Additionally, the only case that Avadel cites for this speculative harm is entirely distinguishable. In *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, the court found that the requested stay would result in undue prejudice to the non-moving party because the asserted patents would likely expire during the stay. No. 17-1390-LPS-CJB, 2020 WL 3060458, at *7-8 (D. Del. June 9, 2020). This concern is inapplicable here.

Nor can Avadel credibly claim that it would be prejudiced by a stay beyond the duration of the parties' stipulated stay pending resolution of Appeal Nos. 24-2274, 24-2277, and 24-2278. Jazz has consistently sought to stay this action pending final resolution of the jury's verdict regarding the patents' validity. *See, e.g.*, D.I. 85. Jazz agreed to a stay of a more limited duration solely to accommodate Avadel's request for an expedited briefing schedule for its injunction appeal (Ex. 4 at 1-2), and Avadel received the benefit of this bargain in the form of its expedited briefing schedule. The stipulation for a stay of this action pending resolution of Appeal Nos. 24-2274, 24-2277, and 24-2278 was made separate and apart from Jazz's March 2024 motion to stay pending final resolution of the jury's verdict regarding the patents' validity (D.I. 85), which remained pending until the Court denied it as moot.

In sum, each of the factors courts consider in deciding whether to grant a stay strongly favor Jazz. Avadel let this case sit on the sideline of the Patent Action for ***two years*** prior to introducing the evidence of the trade secret dispute in the patent trial and receiving an unfavorable

jury verdict. More than a year later, and after gaining the benefit of a year-long stay so that it could expedite its appeal of the injunction, Avadel is continuing to drag its feet. No depositions have been scheduled nor taken, and Avadel continues to avoid producing foundational discovery essential to Jazz's ability to defend against Avadel's asserted trade secret claims. Avadel's litigation tactics should not be rewarded, and the parties (and the Court) should not be forced to continue expending significant resources litigating Avadel's baseless claims in this case, especially given that those claims will be largely, if not entirely, resolved by resolution of the Patent Action. Avadel would suffer no prejudice from a stay, and Jazz would gain no tactical advantage.

### III.    CONCLUSION

For the foregoing reasons, and those set forth in Jazz's Opening Brief (D.I. 147), the Court should stay this matter pending resolution of the post-trial motions and appeal, if any, of the jury's verdict in Civil Action No. 21-691-GBW.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | /s/ *Cameron P. Clark* |
|  | _____ |
| F. Dominic Cerrito | Jeremy A. Tigan (#5239) |
| Gabriel P. Brier | Cameron P. Clark (#6647) |
| Frank C. Calvosa | 1201 North Market Street |
| QUINN EMANUEL URQUHART | P.O. Box 1347 |
| & SULLIVAN, LLP | Wilmington, DE 19899 |
| 295 Fifth Avenue | (302) 658-9200 |
| New York, NY 10016 | jtigan@morrisnichols.com |
| (212) 849-7000 | cclark@morrisnichols.com |
|  |  |
| Joseph M. Paunovich | *Attorneys for Defendants* |
| QUINN EMANUEL URQUHART | *Jazz Pharmaceuticals, Inc. and* |
| & SULLIVAN, LLP | *Jazz Pharmaceuticals Ireland Limited* |
| 865 South Figueroa Street, 10th Floor |  |
| Los Angeles, CA 90017 |  |
| (213) 443-3000 |  |
|  |  |
| August 4, 2025 |  |

# CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 4, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Daniel M. Silver, Esquire<br>Alexandra M. Joyce, Esquire<br>Maliheh Zare, Esquire<br>MCCARTER & ENGLISH, LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kenneth G. Schuler, Esquire<br>Marc N. Zubick, Esquire<br>Alex Grabowski, Esquire<br>Russell Mangas, Esquire<br>Jaime Zucker, Esquire<br>Matthew W. Walch, Esquire<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL  60611<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Herman H. Yue, Esquire<br>Franco Benyamin, Esquire<br>Ramya Vallabhaneni, Esquire<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY  10020<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Alan J. Devlin, Esquire<br>Ian Conner, Esquire<br>Kelly A. Welsh, Esquire<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C.  20004-1304<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| David F. McGowan, Esquire<br>David F. Kowalski, Esquire<br>MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100<br>San Diego, CA  92130<br>*Attorneys for Defendant* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Rebecca E. Weires, Esquire<br>Tannyr Pasvantis, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Sreet<br>San Francisco, CA  94105<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>Katherine E. McNutt, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Blvd.<br>Los Angeles, CA  90017<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Andrew T. Jones, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L. Street, NW, Suite 900<br>Washington, D.C.  20037<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

          */s/ Cameron P. Clark*

          Cameron P. Clark (#6647)