**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, AND AVADEL PHARMACEUTICALS PLC, | ) ) ) | REDACTED PUBLIC VERSION FILED OCTOBER 21, 2025 |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-487 (GBW) |
| JAZZ PHARMACEUTICALS, INC., AND JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) ) | ██████████████████████ |
| Defendants. | ) ) | |

## <u>NOTICE OF THIRD-PARTY SUBPOENAS TO WILLIAM JAKOBOWSKI</u>

PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiffs Avadel CNS Pharmaceuticals, LLC and Avadel Pharmaceuticals PLC (collectively, "Avadel") will promptly serve a Subpoena to Testify at a Deposition in a Civil Action in a Civil Action on William Jakobowski through counsel of record for Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited at Quinn Emanuel Urquhart & Sullivan, LLP. The Subpoena to Testify at a Deposition specifies that the deposition of William Jakobowski will take place on December 3, 2025 at 9:00 AM at the offices of Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111, before an officer duly authorized to administer oaths, and will be recorded by audiovisual and stenographic means, including stenographic means with real-time display of testimony. This deposition shall continue until concluded in accordance with FEDERAL RULE OF CIVIL PROCEDURE 30. The Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises includes requests for production of documents listed on the subpoena. True and correct copy of the subpoenas are attached hereto as Exhibits A and B.

Dated: October 7, 2025

*Of Counsel*:

Kenneth G. Schuler
Matthew W. Walch
Marc N. Zubick
Alex Grabowski
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700
kenneth.schuler@lw.com
matthew.walch@.w.com
marc.zubick@lw.com
alex.grabowski@lw.com

Herman Yue
Ramya Vallabhaneni
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200
herman.yue@lw.com
ramya.vallabhaneni@lw.com

Kelly Welsh
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200
kelly.welsh@lw.com

Daralyn J. Durie
MORRISON FOERSTER LLP
425 Market Street
San Francisco, CA, 94105-2482
(415) 365-6666
ddurie@mofo.com

MCCARTER & ENGLISH, LLP

/s/ *Alexandra M. Joyce*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Maliheh Zare (#7133)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com
mzare@mccarter.com

*Counsel for Plaintiffs*

Kira A. Davis
Katherine E. McNutt
MORRISON FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA, 90017-3543
(213) 892-5200
kira.davis@mofo.com
kmcnutt@mofo.com

# EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | | |
|---|---|---|
| Avadel CNS Pharmaceuticals, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  22-487-GBW |
| Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                   William Jakobowski

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Latham & Watkins LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 | Date and Time:<br>12/03/2025 9:00 am |
|---|---|

The deposition will be recorded by this method:    Videographic and stenographic

❏ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/07/2025

| CLERK OF COURT | | |
|---|---|---|
| | OR | s/ Alex Grabowski |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
Avadel CNS Pharmaceuticals, LLC, et al.                        , who issues or requests this subpoena, are:
Alex Grabowski, Latham & Watkins LLP, 330 N. Wabash Ave., Ste 2800, Chicago, IL 60611, 312-876-7697,
alex.grabowski@lw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  22-487-GBW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

 **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Delaware

| | |
|---|---|
| Avadel CNS Pharmaceuticals, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited | ) |
| *Defendant* | ) |

Civil Action No.  22-487-GBW

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  William Jakobowski

---
*(Name of person to whom this subpoena is directed)*

☛ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached Schedule A.

| Place: Latham & Watkins LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 | Date and Time:<br><br>11/07/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  10/07/2025

*CLERK OF COURT*

OR

| | |
|---|---|
| _____ | s/ Alex Grabowski |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
Avadel CNS Pharmaceuticals, LLC, et al. , who issues or requests this subpoena, are:
Alex Grabowski, Latham & Watkins LLP, 330 N. Wabash Ave., Ste 2800, Chicago, IL 60611, 312-876-7697, alex.grabowski@lw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  22-487-GBW

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

The words and phrases used in these Requests shall be interpreted in accordance with the definitions set forth in the FEDERAL RULES OF CIVIL PROCEDURE and the Local rules of the United States District Court for the District of Delaware.  In addition, the following terms shall have the meanings set forth below whenever used in any Request.

1.    As used herein, the terms "You" or "Your" means Mr. William Jakobowski and any of your employees, consultants, contractors, associates, agents, or representatives that worked at the direction, behest, or on behalf of Mr. William Jakobowski.

2.    As used herein, the term "Jazz," mean jointly and severally Jazz Pharmaceuticals, Inc. and/or Jazz Pharmaceuticals Ireland Limited, its officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

3.    As used herein, the term "Avadel" means jointly and severally Avadel CNS Pharmaceuticals, LLC and/or Avadel Pharmaceuticals PLC, its officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.  For the avoidance of doubt, the term "Avadel" includes Avadel's predecessor company, "Flamel," which means jointly and severally Flamel Technologies S.A., Flamel Ireland Limited, its officers, directors, managers, employees, divisions, parent companies, subsidiaries, affiliates, predecessors or successors-in-interest, any joint venture to which

1

one or more of them may be a party, consultants, agents, and accountants, including any person who served in any such capacity at any time.

4.    As used herein, the term "document" shall be construed in its broadest sense in light of FEDERAL RULE OF CIVIL PROCEDURE 34 and includes any written, printed, typed, recorded, electronic, or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated, or made, in any form, including, without limitation, letters, calendars, correspondence, email, telegrams, PowerPoint (or other like program) files and/or presentations, memoranda, electronic files, spreadsheets, databases, records, minutes, contracts, agreements, leases, communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, data compilations, worksheets, statistics, speeches, tapes, tape recordings, magnetic, photographic, and any other writings or sound recordings. The term "document" includes each copy, version, or reproduction that is not identical to the original or any other produced copy, and all associated metadata.

5.    As used herein, the term "communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, voice mail, electronic transmission, including electronic mail, and teleconference.

6.    As used herein, the term "thing" shall be construed in its broadest sense in light of FEDERAL RULE OF CIVIL PROCEDURE 34 and includes any physical article responsive to the request that is not a document and which is in Plaintiff's possession, custody, or control.

7.    As used herein, the term "including" means "including but not limited to."

8.      As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively, and references shall be construed either as singular or plural, as necessary to bring within the scope of these requests any documents or things that might otherwise be construed to be outside their scope.

9.      As used herein, the term "all" means all or any, and the term "any" means all or any.

10.     As used herein, the phrases "regarding" and "refer to" mean all information, facts, and/or documents that directly, indirectly, or in any other way support, negate, bear upon, touch upon, incorporate, affect, include, pertain to, and/or are otherwise connected with the subject matter about which a document request or an Interrogatory is being propounded.

## <u>INSTRUCTIONS</u>

The following instructions are applicable herein:

1.      These Requests are continuing and require supplemental responses under FEDERAL RULE OF CIVIL PROCEDURE 26(e).

2.      If you object to any Request or part of any Request, produce all responsive documents to which your objection does not apply.

3.      All associated documents (e.g., an email and all documents attached to that email) shall be produced together.

4.      You shall produce the original and each non-identical copy of each document, electronically-stored information, or other tangible thing requested herein which is in Your possession, custody, or control, or that of any Your agents, accountants, consultants, associates, contractors, employees, or representatives. If the original or original carbon copy is not in Your possession, custody, or control, or that of Your agents, accountants,

consultants, associates, contractors, employees, or representatives, You shall produce a full, legible copy thereof.

5.    The documents or things requested are to be produced as they are kept in the usual course of business, or they are to be organized and labeled to correspond with the Requests to which they are responsive. If there are no documents or things responsive to any particular Request, so state in writing rather than leave the Request unanswered.

6.    If You come into possession, custody, or control of responsive documents or things between the time of initial production and the time of trial herein, promptly produce the responsive documents and things. If you object to any portion of any Request, identify the portion to which you object, state the basis for the objection, and respond to the remainder.

7.    If You have no documents or things responsive to a particular Request, You shall state that You have no documents or things responsive to that Request.

8.    If, for reasons other than privilege, You refuse to produce documents or withhold documents sought in any Request, state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

9.    If in answering these Requests You claim any ambiguity in either the Request or an applicable definition or instruction, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

10.    In the event that You object to any Request on the ground that it is overbroad and/or unduly burdensome for any reason, respond to that request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically the extent to which You have narrowed that Request for purposes of Your response and the factual basis for your conclusion.

4

11.    If an English translation of any requested document exists, additionally produce the English translation.

12.    Nothing in these Requests or the Definitions set forth above is construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the Definition or Request.

13.    If You object to producing and withhold from production any information, documents, or things requested herein on grounds of attorney-client privilege, work product immunity or otherwise, provide a privilege log detailed enough to enable other parties to assess the applicability of the privilege asserted, and identify each withheld item including the following information:

   a.  the name and capacity of each individual from whom or to whom a document and any attachments were sent (including which persons are lawyers);

   b.  the date of the document and any attachments;

   c.  the type of document;

   d.  the Bates numbers of the documents;

   e.  the nature of the privilege asserted;

   f.  a description of the subject matter in sufficient detail to determine if legal advice was sought or revealed, or if the document constitutes work product.

14.    You shall produce all non-privileged portions of any documents or things that purportedly contain privileged subject matter.

## **DOCUMENT REQUESTS**

1.    All documents and communications between You and any employee, agent, or representative of Avadel relating to any Avadel oxybate formulation(s), Avadel's Micropump® technology, or any potential business relationship between Jazz and Avadel.

2.    All documents and communications concerning your work with, for, at the instruction of, or on behalf of Jazz related to Project Zeta.

3.    All documents that refer or relate to the negotiation, execution, or performance of any Confidential Disclosure Agreement (CDA) between Jazz and Avadel, including but not limited to drafts, executed copies, correspondence regarding terms, and any internal Jazz communications discussing the CDAs.

4.    All documents and communications concerning your work with, for, at the instruction of, or on behalf of Jazz that refer or relate to the receipt, review, analysis, dissemination, storage, or destruction of confidential information or trade secrets received from Avadel.

5.    All documents and communications concerning the research and development of a once-nightly oxybate formulation.

6.    All documents and communications between You and Dr. Leslie Benet regarding Avadel's confidential information, the review or analysis of Avadel's confidential information, and/or the evaluation of any Avadel oxybate formulation(s) or data/information associated therewith.

7.    All documents that refer or relate to any assessment of Avadel as a competitor, commercial threat, or potential acquisition target, including due diligence materials, internal presentations, and market intelligence reports.

8.    All documents summarizing any oral or written conversations or meetings between You and Dr. Leslie Benet regarding the confidential information Avadel provided to Jazz and/or Dr. Benet in 2015 pursuant to the parties' CDA.

9.    All notes, minutes, or calendar entries relating to meetings, calls, or discussions between You and Dr. Leslie Benet regarding the confidential information Avadel provided to Jazz and/or Dr. Benet in 2015 pursuant to the parties' CDA, including any preparatory or follow-up communications.

10.    All documents and communications concerning Your current relationship with (including any financial interest in) Jazz, including by not limited to any stock You hold in Jazz, financial compensation You have received from Jazz since Your departure from Jazz, and any consulting agreements You have entered into with Jazz (or attorneys representing Jazz) since Your departure from Jazz.

11.    All Communications with counsel for Jazz concerning this litigation (C.A. No. 22- 487-GBW (D. Del.) or related litigations C.A. No. 21-691-GBW (D. Del.), C.A. No. 21-1138-GBW (D. Del.), C.A. No. 21-1594-GBW (D. Del.), C.A. No. 22-941-GBW (D. Del.).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, AND AVADEL PHARMACEUTICALS PLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-487-GBW |
| v. | ) ) ) | |
| JAZZ PHARMACEUTICALS, INC., AND JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, discovery in the above-entitled action ("Action") may involve the disclosure of certain documents, things and information in the possession, custody or control of Plaintiffs Avadel CNS Pharmaceuticals, LLC, and Avadel Pharmaceuticals plc, (collectively, "Avadel"), Defendants Jazz Pharmaceuticals, Inc. and Jazz Pharmaceuticals Ireland Limited ("Defendants" or collectively, "Jazz Pharmaceuticals"), or non-parties that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and as further set forth below;

WHEREAS, the parties, through counsel, stipulate to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information; and

WHEREAS, the parties, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case.

IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT, as follows:

1.      **Scope of Protective Order**.  This Protective Order shall apply to all information, documents and things produced or within the scope of discovery in this Action, including, without limitation, all testimony adduced and documents and things marked as exhibits at depositions, hearings, and at trial, documents or things produced in response to requests for the production of documents and things, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to the Federal Rules of Civil Procedure, correspondence between counsel, as well as hearing or trial transcripts, matters in evidence, and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any THIRD PARTY to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with ¶¶ 2 and 4 of this Protective Order.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any federal procedural rule or District of Delaware local rule, and any supplementary disclosures thereto.

2.      **Definitions**.  The terms "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION" and "THIRD PARTY" or "THIRD PARTIES," as used herein, shall mean the following:

a.      "CONFIDENTIAL INFORMATION" means any tangible thing or oral testimony that contains or reveals what a party or THIRD PARTY considers to be its trade secret, business confidential, or proprietary research, development, commercial, or financial information. It may include, without limitation, documents produced in this action, during formal discovery or otherwise; information of non-parties which the producing or designating party is under an obligation to maintain in confidence; initial

2

disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "CONFIDENTIAL INFORMATION." Information originally designated as "CONFIDENTIAL INFORMATION" shall not retain that status after any ruling by the Court denying such status to it. Each party shall act ii good faith in designating information as "CONFIDENTIAL INFORMATION."

      b.    "HIGHLY CONFIDENTIAL INFORMATION" means all information regarding (i) confidential, highly sensitive, and/or proprietary information pertaining to marketing, sales, revenues, profits, forecasts, or business plans or strategies for any existing products or products in development; (ii) past, current or future products other than sodium oxybate-containing drug products, (iii) past, current or future plans regarding treatment indications for sodium oxybate-containing drug products other than the treatment indications for which FDA approval is or has been sought; and (iv) scientific or technical information relating to, referring to, or concerning Xyrem®, Xywav™, FT218, LUMRYZ™, Drug Master Files ("DMF") related in any way to Xyrem®, XywavTM, FT218 and/or LUMRYZ™, and/or the associated products (including compositions, methods, uses, or processes) that constitute or reflect trade secrets or other proprietary information, including, but not limited to, draft patent applications, invention disclosures, non-public patent filings; confidential research, development, testing and studies relating to drug products, methods, uses or processes; any correspondence or draft correspondence

3

with the FDA regarding FT218 and/or LUMRYZ™; any research, development, testing, analysis and/or studies, including analytical data relating to any chemical materials used to produce a sodium oxybate-containing composition that the producing party reasonably believes the disclosure of which is likely to cause harm to the competitive position of the party producing the information of could be used in patent prosecution by the party receiving the information to the competitive disadvantage of the party producing the information. It may include, without limitation, documents produced in the actions, during formal discovery or otherwise; information of non-parties which the producing or designating party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all drafts, copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such highly confidential information shall also be deemed "HIGHLY CONFIDENTIAL INFORMATION."  Information originally designated as "HIGHLY CONFIDENTIAL INFORMATION" shall not retain that status after any ruling by the Court denying such status to it. Each party shall act in good faith in designating information as "HIGHLY CONFIDENTIAL INFORMATION."

   c. "THIRD PARTY" or "THIRD PARTIES" means any person or entity who is not a named party in this Action.

  3. **THIRD PARTIES under the Protective Order**.   If a THIRD PARTY provides discovery to any party in connection with this Action, and if the THIRD PARTY so elects, then

4

the provisions of this Protective Order shall apply to such discovery and the parties will treat all information that is produced by such THIRD PARTY in accordance with the terms of this Protective Order to the extent it is designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  Under such circumstances, the THIRD PARTY shall have the same rights and obligations under this Protective Order as held by the parties to this Action. Because third parties may be requested to produce documents containing information that a party considers CONFIDENTIAL or HIGHLY CONFIDENTIAL, at the request of any party all documents produced by a third party in this action shall be treated as if designated HIGHLY CONFIDENTIAL under this Protective Order for a period of seven (7) days after production in order to allow the parties time to review the documents and make any appropriate designations hereunder.

4.     **Designation**. Each party shall have the right to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to this Protective Order. To the extent that material is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, such material shall only be revealed to or used by limited categories of individuals, as provided for in ,¶¶ 13-14, and shall not be communicated in any manner, either directly or indirectly, to any person or entity except as provided herein. Any copies of such material, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL (consistent with the designation of the originals), and the same terms regarding confidentiality of these materials shall apply as to the originals. The procedures for designating materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL are as follows:

ME1 46357187v.1

a.      **Designation of Documents and Things**.  The producing party shall label or mark each page of each document and thing that constitutes or contains CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL," or otherwise mark or designate in writing the materials as CONFIDENTIAL INFORMATION and subject to the Protective Order when the document or thing is produced to the receiving party. The producing party shall label or mark each page of each document and thing that constitutes or contains HIGHLY CONFIDENTIAL INFORMATION with the legend "HIGHLY CONFIDENTIAL," or otherwise mark or designate in writing the materials as HIGHLY CONFIDENTIAL INFORMATION and subject to the Protective Order when the document or thing is produced to the receiving party.

Anything that cannot be so marked shall be designated by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto. Each page of each document and each thing produced pursuant to discovery in this Action shall also bear a unique identifying number.

Documents and things produced without a legend designating the material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provision of ¶ 9 of this Protective Order. Inspection of documents or things by any party shall be conducted by persons eligible under ¶¶ 13-14 below. Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and,

thereafter, such produced documents and things shall be treated in accordance with any confidentiality designation appearing on the document or thing at the time of its production.

Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege, work-product immunity, or other applicable privilege or immunity from production recognized under the Federal Rules of Evidence. Each such redaction, regardless of size, shall be clearly labeled. This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted based on attorney-client privilege or work-product immunity shall be listed on a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) and exchanged at a mutually agreeable date and time.

b. **Designation of Written Discovery**.  Pleadings, Interrogatories, Requests for Admission, Written Testimony, and any other written discovery which in good faith are deemed by the disclosing party to contain or comprise CONFIDENTIAL INFORMATION will be so identified and marked "CONFIDENTIAL" by that party. Pleadings, Interrogatories, Requests for Admission, Written Testimony, and any other written discovery which in good faith are deemed by the disclosing party to contain or comprise HIGHLY CONFIDENTIAL INFORMATION will be so identified and marked "HIGHLY CONFIDENTIAL" by that party.

c. **Designation of Deposition Transcripts**. Deposition transcripts containing either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice within thirty (30) days following receipt of the official transcripts of the deposition.

All deposition transcripts not previously designated shall be deemed to be, and shall be treated as HIGHLY CONFIDENTIAL for a period of thirty (30) days after receipt of the official transcript of the deposition by the designating party, and the transcript shall not be disclosed during such time by a non-designating party to persons other than those persons qualified to receive such information pursuant to this Protective Order. After thirty (30) days after receipt by the designating party, if a transcript has not been designated, the aforementioned testimony shall no longer be treated as HIGHLY CONFIDENTIAL INFORMATION unless the parties otherwise agree.

The parties agree to mark at least the first page of all copies of deposition transcripts that contain testimony, or that append exhibits, designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL with the legend "CONFIDENTIAL INFORMATION" "HIGHLY CONFIDENTIAL INFORMATION," commensurate with the designation. This paragraph does not limit any party's right to challenge any presumptive designation or preclude a producing party from designating testimony or transcripts as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

d. **Designation of Hearing Testimony or Argument**. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, counsel may ask the Court to designate on the record that the disclosure is subject to confidentiality restrictions.

8

Whenever matter designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under this Order to receive information so designated.

     e.    **Designation of Previously Produced Information and Documents.**  The parties have agreed to permit the use and cross-designation of discovery produced by the parties in the following related actions:  1:21-cv-00691-GBW, 1:21-cv-01138-GBW, 1:21-cv-01594-GBW,  1:22-cv-00941-GBW,  1:22-cv-02159-APM  and  1:23-cv-01819-APM.  The confidentiality of such previously produced information and documents is governed by the protective order filed in the related action pursuant to which they were produced. *See* 1:21-cv-00691-GBW, D.I. 42; 1:21-cv-01138-GBW, D.I. 32; 1:21-cv-01594-GBW; 1:22-cv-00941-GBW, D.I. 36; 1:22-cv-02159-APM, D.I. 22; and 1:23-cv-01819-APM, D.I. 30.

    5.    **Limitations on Attendance at Depositions.**   Counsel for a producing party may request that all persons other than the witness, counsel for the witness (who signs the Undertaking attached as Exhibit A if a non-party witness), the court reporter, and those individuals specified in ¶¶ 13-14, as applicable, leave the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION hereunder. If individuals other than those specified in the previous sentence fail to leave the deposition room during any portion of the deposition that inquires about or discloses what counsel for the producing party believes to be CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL

INFORMATION, counsel for the producing party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION at issue.

6.     **Limitations on Attendance at Hearings or Trial**. Counsel shall confer with the Court regarding any requested procedures to protect the confidentiality of material marked, labeled, or otherwise designated as either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action. Counsel may request that attendance at a hearing or at a trial session in this Action at which material designated CONFIDENTIAL INFORMATION will be used or disclosed be limited for the time period during which either CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be used or disclosed to individuals entitled to have access to such materials under the terms of this Protective Order.

7.     **Proper Use and Disclosure of Designated Information**.  Subject to the limitations and restrictions of this Protective Order and any further order regarding confidentiality that the Court may enter, material marked, labeled or otherwise designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order may be used solely to prepare for and conduct discovery, to prepare for trial and to support or oppose any motion in this Action, and may be used in testimony at trial, offered into evidence at trial and/or hearings on motions subject to such procedures mandated by the Court. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

ME1 46357187v.1

Material designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the receiving parties to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the receiving parties for any purpose other than in connection with this action, including without limitation for any research, development, manufacture, patent prosecution, post-grant review, post-grant patent challenges (e.g., inter partes review or supplemental examination), financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned case).

For the length of this litigation plus one year after a final, non-appealable judgment in this litigation, any person receiving information designated as HIGHLY CONFIDENTIAL INFORMATION under this Order may not engage, formally or informally, directly or indirectly, in any U.S. or foreign patent prosecution (as used herein, "patent prosecution" means drafting and/or amending patent claims, but is not intended to preclude involvement in reexaminations, oppositions, inter partes reviews, or similar post-grant proceedings before the U.S. Patent and Trademark Office or any foreign patent office as long as such individuals are not involved directly or indirectly in drafting or amending patent claims or providing recommendations regarding the drafting or amending of patent claims) for any patents or patent applications that, if issued: i) could be listed in the Orange Book for Xyrem®; ii) could cover once-nightly formulations of sodium oxybate or components thereof; iii) could cover methods of treatment using once-nightly formulations of sodium oxybate; iv) could cover any process, machine, manufacture, or composition of matter related to the distribution of sensitive drugs, including oxybate or v) could cover processes for manufacturing once-nightly formulations of sodium oxybate. The patent

11

prosecution bar in this paragraph shall not apply to patent applications containing claims (either in the application as filed or as amended) that are limited to: (1) methods of treating diseases or conditions other than narcolepsy or any symptoms thereof with administration of sodium oxybate or GHB or a salt thereof; or (2) non-once-nightly formulations containing sodium oxybate or GHB or a salt thereof that could not cover a once-nightly formulation or any components thereof.

For the length of this litigation plus one year after a final, non-appealable judgment in this litigation, any person receiving information designated as HIGHLY CONFIDENTIAL INFORMATION may not be involved, directly or indirectly, in drafting or amending any petition or other correspondence before or involving the FDA or equivalent foreign agency concerning any once-nightly sodium oxybate product. Notwithstanding the foregoing sentence, nothing in this paragraph prevents the person from performing work before the FDA or equivalent foreign agency solely for obtaining or maintaining approval of the Receiving Party's own new drug application provided that no HIGHLY CONFIDENTIAL INFORMATION of the Producing Party is used or disclosed.

Absent written consent of the producing parties or further order of this Court, all persons receiving information designated either CONFIDENTIAL or HIGHLY CONFIDENTIAL are expressly prohibited from using or disclosing such information in connection with any practice before or communication with (post-grant patent challenges, citizens petitions, and other filings) the United States Patent and Trademark Office, the FDA, the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction.

8. **Storage of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION**. The recipient of any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION shall maintain such information in a secure

12

and safe manner and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his/her/its own proprietary information.

9.     **Inadvertent Production of CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION**.  If a party inadvertently produces or provides discovery of any CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after becoming aware of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as the case may be, and should be treated as such in accordance with the provisions of this Protective Order. The producing party will also provide copies of the properly marked information (e.g., documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order). Upon receipt of such notice and properly marked information, the receiving party or parties shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and shall undertake best efforts to correct any disclosure of such information contrary to the redesignation. Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as the case may be, shall not be deemed a violation of this Protective Order.

10.     **Limitations on Advice to Clients**.  It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of designated

13

CONFIDENTIAL INFORMATION and/or HIGHLY CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the producing party.

11.     **Discovery of THIRD PARTY Information**.  A producing party may redact the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a THIRD PARTY that is in its possession where the producing party is under an obligation not to disclose such information, provided that the producing party shall identify the THIRD PARTY to the receiving party and shall not impede discovery by the receiving party from said THIRD PARTY.

12.     **Inadvertent Production of Privileged or Work Product Information**.  When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product protection is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b). For purposes of any analysis under Federal Rule of Evidence 502(b), if the producing party certifies in good faith that the production was inadvertent and reasonable steps were taken to prevent disclosure, then it shall be treated as such.

When making a claim of privilege, the producing party shall include a privilege log entry reflecting the privileged material. Upon receipt of a claim of privilege, the receiving party shall destroy all copies of the privileged material. If the receiving party wishes to contest a claim of privilege, the receiving party shall notify the producing party within seven (7) days. Thereafter, the parties shall meet and confer promptly and, if the parties are unable to resolve the dispute, the

14

parties shall contact the Court's Judicial Administrator to schedule an argument to resolve the dispute pursuant to the Court's Rule 16 Scheduling Order in this case. The receiving party shall not retain a copy of the privileged material for the purposes of challenging the claim, and any challenge shall be based on the privilege log entry provided by the producing party.

13. **Access to CONFIDENTIAL INFORMATION**. Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION hereunder, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to the following individuals:

a. Quinn Emanuel Urquhart & Sullivan, LLP and Morris, Nichols, Arsht & Tunnell LLP, litigation counsel of record for Plaintiff Jazz Pharmaceuticals, and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

b. Two (2) in-house counsel for Jazz Pharmaceuticals, to be designated at a later time, and clerical staff (including paralegals) working directly with them (who sign the Undertaking attached as Exhibit A), whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION. Jazz Pharmaceuticals represents that the designated in-house counsel, after receipt of CONFIDENTIAL INFORMATION, and in addition to the other terms of this Protective Order, shall not disclose to the FDA, the U.S. Patent and Trademark Office, or any nonparty, any CONFIDENTIAL INFORMATION. Notwithstanding the foregoing provisions, in-house counsel shall be permitted to advise Jazz Pharmaceuticals regarding legal strategy and the pending

15

litigation; provided, however, that the CONFIDENTIAL INFORMATION is not thereby disclosed.

c.     Latham & Watkins LLP, Morrison & Foerster LLP, and Mccarter & English, LLP, litigation counsel of record for Defendant Avadel, and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION.

d.     Two (2) in-house counsel for Avadel, to be designated at a later time, and clerical staff (including paralegals) working directly with them (who sign the Undertaking attached as Exhibit A), whose duties and responsibilities require access to material designated CONFIDENTIAL INFORMATION. Avadel represents that the designated inhouse counsel, after receipt of CONFIDENTIAL INFORMATION, and in addition to the other terms of this Protective Order, shall not disclose to the FDA, the U.S. Patent and Trademark Office, or any nonparty, any CONFIDENTIAL INFORMATION. Notwithstanding the foregoing provisions, in-house counsel shall be permitted to advise Avadel regarding legal strategy and the pending litigation; provided, however, that the CONFIDENTIAL INFORMATION is not thereby disclosed.

e.     Outside consultants or experts and their staffs retained by the parties or their attorneys for purposes of this action, who are not objected to pursuant to ¶ 14, and who first agree to be bound by the terms of this Protective Order;

f.     The Court before which this Action is pending and their authorized staff court reporters;

g.      Court reporters, videographers, and their respective staffs employed in connection with this action;

h.      Any interpreter and any typist or transcriber used by the interpreter, who first agrees to be bound by the terms of this Protective Order;

i.      Any Third Party Vendors as defined below, who first agree to be bound by the terms of this Protective Order; and

j.      Any other person as to whom the parties agree in writing.

14.     **Access to HIGHLY CONFIDENTIAL INFORMATION**.  Material marked, labeled or otherwise designated HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as HIGHLY CONFIDENTIAL INFORMATION hereunder, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to the persons identified in ¶ 13.a., ¶ 13.c. and ¶ 13.e-j. In addition, one individual eligible to receive CONFIDENTIAL INFORMATION pursuant to ¶ 13.b. and ¶ 13.d. shall be permitted access to HIGHLY CONFIDENTIAL INFORMATION; provided, however, that such individual shall be disclosed to the producing party's outside counsel before any HIGHLY CONFIDENTIAL INFORMATION is shared with such person. For the avoidance of doubt, nothing herein precludes the parties from agreeing in writing to allow additional persons eligible to receive CONFIDENTIAL INFORMATION pursuant to ¶ 13.b. and ¶ 13.d. access to a producing party's HIGHLY CONFIDENTIAL INFORMATION.

15.     **Retention of Experts and Outside Consultants**. Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL shall not be made to any such outside consultant described in ¶ 13.e. for a period of seven (7) days after serving the party providing discovery with

17

a signed Undertaking in the form of the annexed Exhibit A, a list of all cases in which, during the previous five (5) years, the expert or consultant has provided a written expert report or testified at trial or by deposition, and a current curriculum vitae of the outside consultant.

Counsel for the party providing discovery may, within the seven (7) day period, serve a notice of objection if a reasonable basis for such objection exists. If the notice is served, no CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION will be disclosed to such outside consultant. Within seven (7) days after service of the objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to the expert or consultant, the parties shall contact the Court's Judicial Administrator to schedule an argument to resolve the dispute pursuant to the Court's Rule 16 Scheduling Order in this case. Until the dispute is resolved, no CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made. Failure to contact the Court's Judicial Administrator to schedule an argument to resolve the dispute within the seven (7) day period shall operate as a waiver of this objection, unless the parties agree in writing to extend this deadline while meeting and conferring regarding the objection.

16.     **Third Party Vendors**.  Counsel may use the services of THIRD PARTY vendors, contractors or agents ("Third Party Vendors") to provide services such as document review, electronic discovery support, computerized legal support, copying and computer services necessary for document handling, other litigation support services (e.g., graphic design and animation, database entry) and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts

18

of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party or THIRD PARTY, or a party's own attorney work product, all of which may contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

17. **Disclosure to Other Individuals**.  Disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in ¶¶ 13-14, above, as follows:

a.      CONFIDENTIAL INFORMATION may be disclosed to any person not otherwise identified in ¶ 13 above as agreed by the party that designated such information CONFIDENTIAL.

b.      HIGHLY CONFIDENTIAL INFORMATION may be disclosed to any person not otherwise identified in ¶ 14 above as agreed by the party that designated such information HIGHLY CONFIDENTIAL.

c.      Any party may move the Court, in accordance with the procedures set forth in the Court's Rule 16 Scheduling Order for resolution of discovery disputes, for an Order that a person not identified in ¶ 13 or ¶ 14 above be given access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, respectively, after fust signing an Undertaking in the form of Exhibit A attached hereto. Counsel for the moving party shall retain the original of each such signed Undertaking and must include such Undertaking with the parties' motion to the Court.

d.      CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION of a producing party may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing): (i) an individual who either prepared,

19

received or reviewed the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION prior to filing of this Action or previously had access or knowledge of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as demonstrated on the face of the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION itself or by foundation testimony elicited during a deposition or at trial; (ii) a currently employed officer, employee or expert of a producing party, and/or; (iii) a witness designated for the producing party under Federal Rule 30(b)(6) concerning any topic to which the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is relevant. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

18.    **Confidentiality of Party's Own Documents**.  A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

19.    **Inadvertent Disclosure**.  If CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall: (a) within seven (7) days of becoming aware of such disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of the original and all copies of any such CONFIDENTIAL INFORMATION or HIGHLY

20

CONFIDENTIAL INFORMATION and to bind such unauthorized person or party to the terms of this Protective Order; (c) within seven (7) days of becoming aware of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A. The executed Undertaking shall be served upon counsel of record for the producing party within seven (7) days of its execution by the person or party to whom CONFIDENTIAL  INFORMATION or HIGHLY CONFIDENTIAL INFORMATION was disclosed. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief.

20. **Filing Under Seal**.   Any information designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, if filed with the Court in connection with this Action, shall be filed under seal in accordance with the Local Rules or practice of the court in which the information is filed and shall be marked in the caption that the material is being filed under seal such as shown below:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, AND AVADEL PHARMACEUTICALS PLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-487 (GBW) |
| v. | ) ) ) | |
| JAZZ PHARMACEUTICALS, INC., AND JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) ) | **Filed Under Seal** **[Confidential/Highly Confidential Information]** |
| Defendants. | ) ) | |

[Description of Contents]

In addition, any document that is to be filed with the Court and that contains or discloses CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page. Material designated filed under seal shall be maintained in such manner as provided for by the Court. However, the burden of proving that such document should be sealed shall at all times remain on the party that designated the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION contained in the document.

21.    **Challenging Designations**.  The acceptance by any party of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is appropriately designated. Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information. Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not CONFIDENTIAL or HIGHLY CONFIDENTIAL, as the case may be, and the reasons supporting its contention. If the designating party does not agree to remove the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION designation within fourteen (14) days after receipt of such a request, then the party contending that such documents or material are not CONFIDENTIAL or HIGHLY CONFIDENTIAL may request by motion that the Court remove such material from the restrictions of this Protective Order, in accordance with the procedures set forth in the Court's Rule 16 Scheduling Order for resolution of discovery disputes. On such a motion, the party asserting confidentiality shall have the burden

22

of proving that the material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION warrants protection under this Protective Order.

22.   **No Expansion of Federal Rules of Civil Procedure**.  Nothing in this Protective Order shall be construed to be an implied admission or to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the producing party. However, this Protective Order shall not prevent the parties from agreeing that certain categories of documents need not be identified, nor shall it prevent one or more parties from seeking relief from the Court if, e.g., identification of individual documents would be unduly burdensome. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

23.   **New parties to this Action**.  In the event additional parties join or are joined in this Action, they shall not have access to CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective order is agreed to by all parties and entered by the Court.

24.   **Miscellaneous**.  This Protective Order shall not be construed to prevent any of the parties, or any THIRD PARTY, from applying to the Court for relief or further or additional

protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court. The Protective Order shall not preclude the parties from enforcing their rights against any THIRD PARTY not associated with this Action who is believed to be violating their rights.

25.     **Other Proceedings**.    By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this order shall promptly notify that party of the motion in writing so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

26.     **Publicly Available Information**.    This Protective Order shall not apply to any information of the parties which: (a) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; (b) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (c) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees or agents in violation of this Protective Order; or (d) the producing or designating party or parties agree(s), or the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action. The restrictions and obligations set forth herein shall not prohibit discussions

24

of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

27.   **Survival of Obligations under Protective Order**.   With respect to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder. Upon final termination of this Action, each outside litigation firm listed herein for each party may retain one copy of the case file, including pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits, the trial record, legal memoranda, correspondence, expert reports, attorney work product, consultant and expert work product, and exhibits to any of these materials, even if such materials reflect materials designated under this Protective Order.

Within sixty (60) calendar days after final termination of this Action, including all appeals, however, all other copies and samples of material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION and any other summaries, abstracts, excerpts, indices and descriptions of such material, and information derived from such material that are recorded in any tangible form, shall be: (i) assembled and returned (except for any that may be retained by the Court) to the producing party; or, alternatively, (ii) counsel for the receiving party may certify in writing the destruction thereof. Accordingly, upon final termination of this Action, no one other than the each outside litigation firm listed herein per party shall retain any copies or samples of any material designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. As to CONFIDENTIAL INFORMATION or HIGHLY

ME1 46357187v.1

CONFIDENTIAL INFORMATION stored in computer databases or backup tapes or disks, the receiving party shall either (1) delete all such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, (2) restrict access to such material with passwords, or (3) designate the information CONFIDENTIAL or HIGHLY CONFIDENTIAL in a manner reasonably calculated to prevent unauthorized access to the CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

In the event that there are multiple parties, final termination of this Action shall be deemed to occur when the case is terminated and all appeals, or the time for such appeals, has been completed.

The Court retains jurisdiction even after the termination of the Action to enforce this Order and to make such amendments, modifications, deletions and additions to this Order as the Court may deem appropriate.

28. **Waiver or Termination of Order**. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by written stipulation executed by counsel of record for each designating party, or by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further Order of this Court. The termination of employment of any person with access to any CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

29. **Modification of Order; Prior Agreements**. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order supersedes any agreements between the parties

regarding the confidentiality of particular information entered into before the date of this Protective Order.

30. **Section Captions**. The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

31. **Notice**. Notice under this Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Jazz Pharmaceuticals shall be made to F. Dominic Cerrito (nickcerrito@quinnemanuel.com), Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, New York, NY 10010; notice to Avadel shall be made to Kenneth G. Schuler (kenneth.schuler@lw.com), Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 and Daralyn Durie (ddurie@mofo.com), Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105.

32. Order Applicable Upon Filing with the Court. Upon filing this Protective Order with the Court, the parties agree to treat it as "So Ordered," subject to any future modifications by agreement of the parties or by the Court.

| | |
|---|---|
| McCARTER &ENGLISH, LLP | MORRIS, NICHOLAS, ARSHT & TUNNELL LLP |
| */s/ Alexandra M. Joyce*_____ | */s/ Jeremy A. Tigan*_____ |
| Daniel M. Silver (#4758) | Jack B. Blumenfeld  (#1014) |
| Alexandra M. Joyce (#6423) | Jeremy A. Tigan (#5239) |
| Renaissance Centre | 1201 North Market Street |
| 405 N. King Street, 8th Floor | P.O. Box 1347 |
| Wilmington, Delaware 19801 | Wilmington, Delaware 19899 |
| (302) 984-6300 | (302) 658-9200 |
| dsilver@mccarter.com | jblumenfeld@morrisnichols.com |
| ajoyce@mccarter.com | jtigan@morrisnichols.com |

OF COUNSEL:

Kenneth G. Schuler
Marc N. Zubick
Alex Grabowski
Sarah W. Wang
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700

Herman Yue
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1200

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000
Ddurie@mofo.com

Kira A. Davis
Katherine E. McNutt
MORRISON & FOERSTER LLP 707 Wilshire
Blvd., Suite 6000
Los Angeles, CA 90017
(213) 892-5200
kiradavis@mofo.com
kmcnutt@mofo.com

*Attorneys for Plaintiffs Avadel*
*Pharmaceuticals plc, and Avadel CNS*
*Pharmaceuticals LLC*

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
QUINN EMANUEL URQUHART &
SULLNAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Attorneys for Defendants*
*Jazz Pharmaceuticals, Inc. and Jazz*
*Pharmaceuticals Ireland Limited*

October 13, 2023

It is SO ORDERED this ___ day of October 2023.

_____
The Honorable Gregory B. Williams
United States District Judge

28

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AVADEL CNS PHARMACEUTICALS, LLC, AND AVADEL PHARMACEUTICALS PLC, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-487-GBW |
| v. | ) ) ) | |
| JAZZ PHARMACEUTICALS, INC., AND JAZZ PHARMACEUTICALS IRELAND LIMITED, | ) ) ) | |
| Defendants. | ) ) | |

**UNDERTAKING OF** _____

I, _____ , declare under penalty of perjury that:

    1.    My present address is _____.

    2.    My present employer is _____, and the address

of my present employer is _____.

    3.    My present occupation is _____.

    4.    I have received a copy of the Protective Order in this Action. I have carefully read

and understand the provisions of the Protective Order. Specifically, I understand

that I am obligated, under order of the Court, to hold in confidence and not

disclose the contents of anything marked CONFIDENTIAL or HIGHLY

CONFIDENTIAL to anyone other than the persons permitted by paragraphs 13-

14 of the Protective Order. I further understand that I am not to disclose to anyone

other than the persons permitted by paragraph 13 of the Protective Order any

words, substances, copy, summary, abstract, excerpt, index, or description of any

CONFIDENTIAL INFORMATION disclosed to me, and that I am not to disclose

to anyone other than the persons permitted by paragraph 14 of the Protective

Order any words, substances, copy, summary, abstract, excerpt, index, or

description of any HIGHLY CONFIDENTIAL INFORMATION disclosed to me.

5.      I will comply with all provisions of the Protective Order and hereby submit to the

jurisdiction of the United States District Court for the District of Delaware for the

purpose of the enforcement of the Protective Order in this Action.

6.      I will destroy or return all CONFIDENTIAL INFORMATION and HIGHLY

CONFIDENTIAL INFORMATION that comes into my possession, and all

documents and things that I have prepared relating thereto, to counsel for the

party by whom I am employed or retained or from whom I received such material

at the termination of this action or at any time when requested to do so. I

acknowledge that return or destruction of such materials shall not relieve me from

any of the continuing obligations imposed upon me by the Protective Order.

7.      I understand that if I violate the provisions of the Protective Order, I will be

subject to sanctions by the Court and that one or more of the parties may seek

other remedies against me. I hereby submit to the jurisdiction of this Court for the

purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury of the laws of the United States (28 U.S.C. § 1746) that

the foregoing is true and correct.


Dated:_____          _____

                                                                                       Signature


ME1 46357187v.1

<u>**CERTIFICATE OF SERVICE**</u>

PLEASE TAKE NOTICE that on October 7, 2025 true and correct copies of the foregoing

document were served on the following counsel in the manner indicated:

<u>**BY EMAIL:**</u>
Jeremy Tigan
Cameron P. Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jtigan@morrisnichols.com
cclark@morrisnichols.com

Joseph M. Paunovich
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Josephpaunovich@quinnemanuel.com

F. Dominic Cerrito
Eric C. Stops
Evangeline Shih
Andrew S. Chalson
Gabriel P. Brier
Frank C. Calvosa
Krista Rycroft
Allison Silber
Andrew Shifren
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
nickcerrito@quinnemanuel.com
ericstops@quinnemanuel.com
evanangelineshih@quinnemanuel.com
andrewchalson@quinnemanuel.com
gabrielbrier@quinnemanuel.com
gabrielbrier@quinnemanuel.com
frankcalvosa@quinnemanuel.com
kristarycroft@quinnemanuel.com
allisonsilber@quinnemanuel.com
andrewshifren@quinnemanuel.com

*Attorneys for Defendants*

ME1\55204321.v1

Dated: October 7, 2025

/s/ Alexandra M. Joyce
Alexandra M. Joyce (#6423)

ME1\55204321.v1